UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:22-cv-81883- RAR

BRITTANY ROBERSON, REBECCA
FREEMAN, BIANCA VINAS, and
TIFFANY KING, individually and on
behalf of others similarly situated,

      Plaintiff,

v.

HEALTH CAREER INSTITUTE LLC (dba
HCI COLLEGE LLC and HCI ACQUISITION LLC),
and FLORIAN EDUCATION INVESTORS LLC,

      Defendant (s).

_____/

## DEFENDANT HEALTH CAREER INSTITUTE LLC (dba HCI COLLEGE LLC and HCI ACQUISITIONS LLC) ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, HEALTH CAREER INSTITUTE LLC (dba HCI COLLEGE LLC and HCI ACQUISITIONS LLC), ("Defendant"), by and through its undersigned attorneys, hereby files its Answer and Defenses to Plaintiff's Complaint [ECF 1] and states as follows:

### FIRST DEFENSE AND ANSWER

### OVERVIEW

1.      Defendant denies the allegations of paragraph 1.

2.      Defendant admits it offers an Associate of Science in Nursing program at its West Palm Beach campus. Defendant's website speaks for itself. To the extent a response is required; Defendant denies the remaining allegations of paragraph 2.

3.      Defendant denies the allegation of paragraph 3.

1

4.     Defendant admits that students have obtained loans to pay for its nursing program.  Defendant otherwise denies the allegations of paragraph 4.

5.     Defendant admits the allegations of paragraph 5.

6.     Defendant denies the allegations of paragraph 6.

7.     Defendant admits it received BON approval to offer a new nursing program on the West Palm Beach Campus.  Defendant denies the remaining allegations of paragraph 7.

8.     Defendant denies the allegations of paragraph 8.

9.     Defendant admits the old program was terminated in or about August, 2019.  Defendant otherwise denies the allegations of paragraph 9.

10.    Defendant admits HCI enrolled students in the new program on or about September 1, 2019.  Defendant has no obligation to respond to the second sentence of paragraph 10 as it is an assertion of law, rather than a factual allegation.  Notwithstanding Defendant admits that it disclosed there were no graduate exam results to report for the new program but otherwise denies the remaining allegations of paragraph 10.

11.    Defendant denies the allegations of paragraph 11.

12.    Defendant denies the allegations of paragraph 12.

13.    Defendant denies the allegations of paragraph 13.

14.    Defendant denies the first sentence of paragraph 14.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in subparts 1 through c; therefore, denied. Moreover, the Court should strike from the pleadings the excerpted hearsay postings from unidentified individuals; these are unnecessary surplusage, misleading and needlessly included at the pleadings stage.

15.    Defendant denies the allegation of paragraph 15.

16.     Defendant denies that Plaintiffs Freeman and Roberson were told they would graduate.   Defendant admits approximately 100 students were in core nursing courses.

17.     Defendant denies the allegations of paragraph 17, as phrased.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraphs 18; therefore, denied. Moreover, Plaintiffs' adjectives are mere hyperbole at this point, and therefore surplusage, and should be stricken.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 19; therefore, denied.

20.     Defendant denies the allegations of paragraph 20, including all subparts.

21.     Defendant admits that Plaintiffs seek to hold Defendant liable for the violations identified in paragraph 21, however, Defendant denies Plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

22.     Defendant admits this Court has subject matter jurisdiction over Plaintiffs' federal ECOA and TITLE VI claims.    Defendant denies this Court has supplemental jurisdiction over Plaintiffs' state law claims as they appear to arise from disparate, discrete facts.

23.     Defendant, HCI admits it is subject to personal jurisdiction in Florida.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of as they pertain to Florian. It should be noted that Defendant, Florian, is filing contemporaneously a Motion to Dismiss for lack of personal jurisdiction.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24; therefore, denied.

25.     Defendant admits venue is appropriate; otherwise the allegations of paragraph 25 are denied.

## PARTIES

26.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26; therefore, denied.

27.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27; therefore, denied.

28.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28; therefore, denied.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29; therefore, denied.

30.    Defendant admits the first five sentences of paragraph 30.   Defendant's annual report speaks for itself.  To the extent a response is deemed necessary, denied.

31.    Defendant, neither admits nor denies any allegations directed to Florian; Florian is separately filing a Motion to Dismiss based on a lack of personal jurisdiction.

32.    Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, admitted.

33.    Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 33.

## BACKGROUND

34.    Defendant generally admits there are two categories of nursing professions with a bachelor's degree or less.  Defendant denies the remaining allegations of paragraph 33.

35.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 35.

36.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 36.

37.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 37.

38.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 38.

39.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 39.

40.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 40.

41.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 41.

42.     Defendant has no obligation to respond to the allegations of this paragraph and all subparts as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 42.

43.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 43.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44; therefore, denied

45.     Defendant denies HCI was exploitive or expensive but admits it is a for-profit institution.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of allegations of paragraph 45; therefore, denied.

46.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 46.

47.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 47.

48.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 48.

49.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 49.

50.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 50.

51.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 51.

52.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 52.

53.     Defendant has no obligation to respond to the allegations of this paragraph and all subparts as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 53.

54.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 54.

55.     Defendant admits the allegations of paragraph 55.

56.     Defendant has no obligation to respond to the allegations of this paragraph and all subparts as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 56.

57.     Defendant denies the allegations of paragraph 57.

58.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 58.

59.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 59.

60.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 60.

61.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 61.

62.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 62.

63.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 63.

64.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 64.

65.     Defendant has no obligation to respond to the allegations of this paragraph and all subparts as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 65.

66.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant denies the allegations of paragraph 66.

67.     Defendant admits paragraph 67.

68.     Defendant admits paragraph 68.

69.     Defendant admits paragraph 69.

70.     Defendant denies the allegations of paragraph 70. Moreover, inclusion of unverified charts not supported by an approved or agreed upon methodology or expert testimony is surplusage at this point, and should be stricken.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71; therefore, denied. Moreover, inclusion of unverified charts not supported by an approved or agreed upon methodology or expert testimony is surplusage at this point, and should be stricken.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 related to national averages; therefore, denied.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 related to national averages; therefore, denied.

74.     Defendant admits the allegations of paragraph 74.

75.     Defendant admits the allegations of paragraph 75.

76.     Defendant admits the allegations of paragraph 76.

77.     Defendant admits it filed an action with the Florida Depart of Administrative Hearings.   The contents of action's filings speak for themselves.   To the extent a response is deemed necessary, denied.

78.     Defendant admits the allegations of paragraph 78.

79.     HCI's application speaks for itself.  To the extent a response is deemed necessary, denied.

80.      HCI's application speaks for itself.   To the extent a response is deemed necessary, denied.

81.     Defendant admits the allegations of paragraph 81.

82.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82; therefore, denied

83.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained of paragraph 83; therefore, denied.

84.     Defendant denies the allegations of paragraph 84.

85.     Defendant denies the allegations of paragraph 85.

86.     Defendant admits HCI is accredited by the ACCSC.   Defendant admits they did not receive accreditation for ACEN.   Defendant's annual reports speak for themselves.  To the extent a response is deemed necessary, denied.

87.     Defendant denies the allegations of paragraph 87 as phrased. Defendant admits HCI's "old" RN program has been terminated on August 26, 2019.

88.     Defendant denies the allegations of paragraph 88 as phrased.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88, footnote 11 as to what BON records show; therefore, denied

89.     Defendant denies the allegations of paragraph 89.

90.     HCI's college catalogs speak for themselves.  To an extent a response is deemed necessary, denied.

91.     Defendant admits that it advertised the RN program as a professional nursing program that prepares students for employment at RNs.   Defendant denies the remaining allegations of paragraph 91.

92.     Defendant generally admits the allegations of paragraph 92.

93.     Defendant admits that it advertises its program as having no wait list.  Defendant denies the remaining allegations of paragraph 93.

94.     Defendant denies the allegations of paragraph 94.

95.     Defendant denies the allegations of paragraph 95.

96.     Defendant denies the allegations of paragraph 96.

97.     Defendant denies the allegations of paragraph 97.

98.     Defendant denies the allegations of paragraph 98.

99.     Defendant denies the allegations of paragraph 99.

100.     Defendant admits the allegations of paragraph 100 as relates to the date students enrolled; otherwise Denied.

101.     Defendant admits the named Plaintiffs entered into a contractual relationship as part of the enrollment agreement.   Defendant denies the existence of an ascertainable and certifiable class but admits that any purported class member necessarily would have entered into an enrollment agreement.

102.     The contents of the enrollment agreements speak for themselves.  To the extent a response is deemed necessary, denied.

103.     The contents of the enrollment agreements speak for themselves. To the extent a response is deemed necessary, denied. Defendant denies the existence of an ascertainable and certifiable class.

104.    The contents of the enrollment agreements speak for themselves.  To the extent a response is deemed necessary, denied. Defendant denies the existence of an ascertainable and certifiable class.

105.    Defendant denies the allegations of paragraph 105.

106.    The contents of the enrollment agreements speak for themselves.  To the extent a response is deemed necessary, denied. Defendant denies the existence of an ascertainable and certifiable class.

107.    Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, denied.

108.    The contents of the enrollment agreements speak for themselves.  To the extent a response is deemed necessary, denied. Defendant denies the existence of an ascertainable and certifiable class.

109.    The contents of the enrollment agreements speak for themselves.  To the extent a response is deemed necessary, denied. Defendant denies the existence of an ascertainable and certifiable class.

110.    The contents of the enrollment agreements speak for themselves.  To the extent a response is deemed necessary, denied. Defendant denies the existence of an ascertainable and certifiable class.

111.    The contents of the college catalog speak for themselves.   To the extent a response is deemed necessary, denied. Defendant denies the existence of an ascertainable and certifiable class.

112.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, denied.

113.     The contents of the college catalog speak for themselves.   To the extent a response is deemed necessary, denied.

114.     Defendant denies the allegations of paragraph 114. Defendant denies the existence of an ascertainable and certifiable class.

115.     Defendant admits the allegations of paragraph 115.

116.     Defendant denies the allegations of paragraph 116.

117.     Defendant denies that it enters into retail installment contracts as that term is defined by Florida law.

118.     Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law.  To an extent a response is deemed necessary, denied.

119.     Defendant is filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts, but admits that HCI does not hold a license to offer retail installment contracts.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of whether Tuition Options is licensed; therefore, denied.

120.     Defendant admits that they have been in a business relationship with Tuition Options but denies they entered into retail installment contracts.

121.     Exhibit A speaks for itself.  To the extent a response is deemed necessary, denied.

122.     Defendant denies the allegations of paragraph 122.

123.     Defendant denies the allegations of 123.

124.     Defendant denies the allegations of paragraph 124.

125.    The contracts referenced speak for themselves.    To the extent a response is deemed necessary, denied.

126.    The contents of the newsletter speaks for themselves. To the extent a response is deemed necessary, denied.

127.    Defendant denies the allegations of paragraph 127.

128.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 128; therefore, denied.

129.    Defendant admits the allegations of paragraph 129.

130.    Defendant admits the Plaintiff enrolled between February 2020 and January of 2021.  Defendant has no obligation to respond to the remaining allegations of this paragraph as they are assertions of law, rather than factual allegations.  Denied

131.    The document speaks for itself.  To the extent a response is deemed necessary, denied.

132.    The document speaks for itself. To the extent a response is deemed necessary, denied.

133.    The document speaks for itself. To the extent a response is deemed necessary, denied.

134.    The document speaks for itself. To the extent a response is deemed necessary, denied.

135.    Defendant admits they provided students with Form 609a disclosures. The document speaks for itself. To the extent a response is deemed necessary, denied.

136.     The document speaks for itself. To the extent a response is deemed necessary, denied.

14

137.    The document speaks for itself. To the extent a response is deemed necessary, denied.

138.    The document speaks for itself. To the extent a response is deemed necessary, denied.

139.    Defendant denies the allegation of paragraph 139.

140.    Defendant denies the allegation of paragraph 140.

141.    Defendant denies the allegation of paragraph 141.

142.    Defendant denies the allegation of paragraph 142.

143.    Defendant denies the allegation of paragraph 143.

144.    Defendant denies the allegation of paragraph 144.

145.    Defendant denies the allegation of paragraph 145.

146.    Defendant denies the allegation of paragraph 146.

147.    Defendant denies the allegation of paragraph 147.

148.    Defendant denies the allegation of paragraph 148.

149.    Defendant admits its clinical relationship with a Cleveland Clinic medical center ended, otherwise denied.

150.    Defendant admits its clinical relationship with a Cleveland Clinic medical center ended, otherwise denied.

151.    Defendant denies the allegation of paragraph 151.

152.    Defendant denies the allegation of paragraph 152.

153.    Defendant denies the allegations of paragraph 153.

154.    Defendant denies the allegations of paragraph 154.

155.    The contents of the email speak for themselves. To the extent an answer is deemed necessary, admitted an email was sent.

156.    The contents of the email speak for themselves. To the extent an answer is deemed necessary, denied.

157.    Defendant denies the allegation of paragraph 157.

158.    Defendant denies the allegation of paragraph 158.

**Allegations of Imposition of Unfair and Arbitrary Requirements on Nursing Students**

159.    Defendant denies the allegation of paragraph 159.

160.    Defendant denies the allegation of paragraph 160.

161.    Defendant denies the allegation of paragraph 161.

162.    Defendant denies the allegations of paragraph 162.

163.    Defendant admits they utilized the ATI Comprehensive Predictor.    Defendant denies the remaining allegations of paragraph 163.

164.    ATI's website speaks for itself.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to ATI's website, therefore denied.

165.    Defendant admits students had to pass predictor exams, otherwise denied as phrased.

166.    The email speaks for itself.    Defendant lacks knowledge or information sufficient to form a belief as to the existence or truth of the contents of the email, therefore denied.

167.    Defendant denies the allegations of paragraph 167.

168.    Defendant denies the allegations of paragraph 168.

169.    Defendant denies the allegations of paragraph 169.

170.    Defendant denies the allegations of paragraph 170.

171.    Defendant denies the allegations of paragraph 171.

172.    Defendant denies the allegation that they pressured students to split the final semester.

173.    Defendant denies the allegations of paragraph 173.

174.    Defendant lacks knowledge or information sufficient to form a belief as to the existence or truth of the allegations; therefore denied.

175.    Defendant lacks knowledge or information sufficient to form a belief as to the existence or truth of the contents of the ATI's website or the alleged purchase price.   Defendant admits they charge approximately the alleged amount for the course.

176.    The contents of the college catalogs and enrollment agreements speak for themselves. To the extent an answer is deemed necessary, denied

177.    Defendant denies the allegations of paragraph 177.

178.    Defendant admits it utilized the HESI.   Defendant denies the remaining allegations of paragraph 178.

179.    Defendant denies the allegations of paragraph 179.

180.     Defendant denies the allegations of paragraph 180.

181.    Denied as phrased.

182.    Denied as phrased.

183.    Defendant denies the allegations of paragraph 183.

184.    Admitted.

185.    Defendant denies the allegations of paragraph 185.

186.    Defendant denies the allegations of paragraph 186.

187.    Defendant denies the allegation of paragraph 187.

188.    Defendant denies the allegation of paragraph 188.

189.    Defendant denies the allegation of paragraph 189.

190.    Defendant denies the allegation of paragraph 190.

191.    Defendant denies the allegation of paragraph 191.

192.    Defendant has no obligation to respond to the allegations of this paragraph which assert a violation of Florida law and therefore an assertion of law.  To an extent a response is deemed necessary, denied.  Defendant denies the remaining allegations of paragraph 192.

193.    Defendant denies the allegations of paragraph 193.

194.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 194; therefore, denied.

195.    Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 195; therefore, denied.

196.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 196; therefore, denied.

197.    Defendant denies the allegations of paragraph 197.

198.    Defendant denies the allegations of paragraph 198.

199.    Defendant denies the allegations of paragraph 199.

**FACTUAL ALLEGATIONS CONCERNING NAMED PLAINTIFFS**

Brittany Roberson

200.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 200; therefore, denied.

201.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 201; therefore, denied.

202.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 202; therefore, denied,

203.    Defendant admits the allegations of paragraph 203.

204.    Exhibit B speaks for itself.   To the extent a response is deemed necessary, admitted that the document attached conforms to the allegations of the paragraph.

205.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 205; therefore, denied,

206.    Exhibit B speaks for itself.   To the extent a response is deemed necessary, admitted that the document attached conforms to the allegations of the paragraph.

207.    Exhibit B speaks for itself.   To the extent a response is deemed necessary, admitted that the document attached conforms to the allegations of the paragraph.

208.    Exhibit B speaks for itself.   To the extent a response is deemed necessary, admitted that the document attached conforms to the allegations of the paragraph.

209.    Defendant admits it provided Ms. Roberson with a CIE Form 609a.  The form speaks for itself.  To the extent a response is deemed necessary, denied.

210.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 210; therefore, denied

211.     Defendant denies the allegations of paragraph 211.

212.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 212; therefore, denied.

213.    Defendant admits the allegations of paragraph 213.

214.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, therefore denied.

215.     Defendant denies the allegations of paragraph 215.

216.     Defendant denies the allegations of paragraph 216.

217.     Defendant denies the allegations of paragraph 217.

218.     Defendant admits the allegations of paragraph 218.

219.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the independent purchase price of the VATI; therefore denied. Defendant denies the remaining allegations of paragraph 219.

220.     Defendant denies the allegations of paragraph 220.

221.     Defendant denies the allegations of paragraph 221

222.     Defendant denies the allegations of paragraph 222.

223.     Defendant admits the allegations of paragraph 223.

224.     Defendant admits the allegations of paragraph 224.

225.     Defendant denies the allegations of paragraph 225.

226.     Defendant admits the allegations of paragraph 226.

227.     Defendant admits the exam was the HESI exam, otherwise the allegations are denied.

228.     Defendant denies the allegations of paragraph 228.

229.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 229; therefore, denied

230.     Defendant denies the allegations of paragraph 230.

231.     Defendant admits the allegations of paragraph 231.

232.     Defendant admits Ms. Roberson's score did not meet HCI benchmark; otherwise denied.

233.     Defendant admits the allegations of paragraph 233.

234.     Defendant admits the allegations of paragraph 234.

235.     Defendant admits the allegations of paragraph 235.

236.     Defendant denies the allegations of paragraph 236.

237.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 237; therefore, denied.

238.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 238; therefore, denied.

239.     Denied as phrased.

240.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 240; therefore, denied.

Rebecca Freeman

241.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 241; therefore, denied.

242.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 242; therefore, denied.

243.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 243; therefore, denied.

244.     Admitted.

245.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 245 related to Ms. Freeman's motives or IRSC's nursing program, therefore denied.   The remaining allegations of paragraph 245 are denied.

246.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 246 related to Ms. Freeman's feelings, therefore denied. Defendant admits it presents itself as accommodating to "working people." Defendant denied the remaining allegation of paragraph 246.

247.  Defendant denies the allegations of paragraph 247.

248.  Defendant denies the allegations of paragraph 248.

249.  Defendant denies the allegations of paragraph 249.

250.  Defendant denies the allegations of paragraph 250.

251.  Exhibit C speaks for itself.   To the extent a response is deemed necessary, admitted that the document attached conforms to the allegations of the paragraph.

252.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 252; therefore denied.

253.  Exhibit C speaks for itself.   To the extent a response is deemed necessary, admitted that the document attached conforms to the allegations of the paragraph.

254.  Exhibit C speaks for itself.   To the extent a response is deemed necessary, admitted that the document attached conforms to the allegations of the paragraph.

255.  Exhibit C speaks for itself.   To the extent a response is deemed necessary, admitted that the document attached conforms to the allegations of the paragraph.

256.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 256; therefore, denied.

257.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 257; therefore, denied.

258.    Defendant denies the allegations in paragraph 258.

259.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 259; therefore, denied.

260.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 260; therefore denied.

261.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 261; therefore denied.

262.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 262; therefore denied.

263.    Upon information and belief, Defendant admits the allegations in paragraph 263.

264.    Defendant denies the allegations of paragraph 264.

265.    Defendant denies the allegations of paragraph 265.

266.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 266; therefore, denied.

267.    Defendant denies the allegations of paragraph 267.

268.    Defendant denies the allegations of paragraph 268.

269.    Defendant denies the allegations of paragraph 269.

270.    Defendant denies the allegations of paragraph 270.

271.    Defendant denies the allegations of paragraph 271.

272.    Defendant admits the allegations of paragraph 272.

273.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the independent purchase price of the VATI; therefore denied. Defendant denies the remaining allegations of paragraph 273.

274.     Defendant denies the allegations of paragraph 274.

275.     Defendant denies the allegations of paragraph 275.

276.     Defendant denies the allegations of paragraph 276.

277.     Defendant admits the allegations of paragraph 277.

278.     Defendant admits the allegations of paragraph 278.

279.     Defendant admits the allegations of paragraph 279.

280.     Defendant admits the exam was the HESI exam; otherwise denied.

281.     Defendant denies the allegations of paragraph 281.

282.     Defendant denies the allegations of paragraph 282.

283.     Defendant is unaware of the meaning of this allegation, and specifically unaware of whether Ms. Freeman was advised as to the test score requirements; therefore these allegations are denied.

284.     Defendant admits the allegations of paragraph 284.

285.     Defendant denies the allegations of paragraph 285.

286.     Defendant admits Ms. Freeman was not given an opportunity to retake the HESI, otherwise denied.

287.     Defendant admits the allegations of paragraph 287.

288.     Defendant admits the subject appeal was denied; otherwise denied.

289.     Defendant denies the allegations of paragraph 289.

290.     Defendant denies the allegations of paragraph 290.

291.    Defendant denies the remaining allegations of paragraph 291.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of footnote 16 as to LPN equivalency; therefore, denied.   The contents of Defendant's website speaks for itself, however to the extent a response is deemed necessary, admitted the website contains that statement.

292.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 292; therefore, denied.

293.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 293; therefore, denied.

Bianca Vinas

294.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 294; therefore, denied

295.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 295; therefore, denied

296.    The agreement referenced speaks for itself, otherwise denied.

297.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 297; therefore, denied

298.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 298; therefore, denied.

299.    Defendant denies the allegations of paragraph 299.

300.    Defendant denies the allegations of paragraph 300.

301.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 301; therefore, denied.

302.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 302; therefore, denied.

303.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 303; therefore, denied.

304.     Defendant denies the allegations of paragraph 304.

305.     Defendant denies the allegations of paragraph 305.

306.     Defendant denies the allegations of paragraph 306.

307.     Defendant denies the allegations of paragraph 307.

308.     Defendant denies the allegations of paragraph 308.

309.     Defendant denies the allegations of paragraph 309.

310.     Defendant denies the allegations of paragraph 310.

311.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 311; therefore, denied.

312.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 312; therefore, denied.

313.     Defendant admits that Ms. Vinas left HCI at 2021 and did not return.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 313; therefore, denied

314.     Defendant denies the allegations of paragraph 314.

315.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 315; therefore, denied.

Tiffany King

316.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 316; therefore, denied.

317.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 317; therefore, denied.

318.    Any such agreement referenced would speak for itself, otherwise denied.

319.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 319; therefore, denied.

320.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 320; therefore, denied.

321.    Defendant denies the allegations of paragraph 321.

322.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 322; therefore, denied.

323.    Defendant admits the allegations of paragraph 323.

324.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 324; therefore, denied.

325.    Defendant denies the allegations of paragraph 325.

326.    Defendant denies the allegations of paragraph 326.

327.    Defendant denies the allegations of paragraph 327.

328.    Defendant denies the allegations of paragraph 328.

329.    Defendant denies the allegations of paragraph 329.

330.    Defendant denies the allegations of paragraph 330.

331.    Defendant denies the allegations of paragraph 331.

332.    Defendant denies the allegations of paragraph 332.

333.   Defendant denies the allegations of paragraph 333.

334.   Defendant denies the allegations of paragraph 334.

335.   Defendant denies the allegations of paragraph 335.

336.   Defendant denies the allegations of paragraph 336.

337.   Defendant admits Plaintiff re-enrolled.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 337; therefore, denied

338.   Defendant denies the allegations of paragraph 338.

339.   Defendant denies the allegations of paragraph 339.

340.   Defendant denies the allegations of paragraph 340.

341.   Defendant denies the allegations of paragraph 341.

342.   Defendant admits Plaintiff did not appeal again.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 342; therefore, denied

343.   Defendant admits that Plaintiff was not permitted to graduate but denies the remaining allegations of paragraph 343.

344.   Defendant denies the allegations of paragraph 344.

345.   Defendant denies the allegations of paragraph 345.

346.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 346 ; therefore, denied

347.   Defendant admits Ms. King paid tuition and did not become an RN through graduating from HCI.

**CLASS ACTION ALLEGATIONS**

348.    Defendant admits that Plaintiffs seek an order certifying the class described in paragraph 348 but denies they are entitled to such relief.

349.    Defendant has no obligation to respond to this paragraph which merely reserves the right to modify or amend the proposed claim.

**B. Numerosity**

350.    Defendant denies the allegations of paragraph 350 with respect to numerosity. The contents of the 2020 report speak for itself.  To the extent a response is deemed necessary, denied.

**C. Commonality and Predominance**

351.    Defendant denies the allegations of common law and fact described in paragraph 351, including all subparts.

352.    Defendant denies the allegations of paragraph 352.

**D. Typicality**

353.    Defendant denies the allegations of paragraph 353.

354.    Defendant denies Roberson, Freeman and King are members of any ascertainable and certifiable class or subclass and therefore denies the allegations of paragraph 354.

355.    Defendant denies the allegation that Roberson and King are members of any ascertainable and certifiable class or subclass and therefore denies the allegations of paragraph 355.

356.    Defendant denies the allegations of paragraph 356.

357.    The documents referenced speak for themselves. To the extent a response is deemed necessary, denied.

358.     The documents referenced speak for themselves. To the extent a response is deemed necessary, denied.

359.     Defendant admits that HCI did not posses a license to offer retail installment contracts, otherwise denied.

360.     Defendant denies the allegations of paragraph 360.

**E. Superiority**

361.     Defendant denies the allegations of paragraph 361.

**F. Adequacy of Representation**

362.     Defendant denies the allegations of paragraph 362.

363.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 363; therefore, denied.

## CAUSES OF ACTION

**Count 1: Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq. Based on Deceptive Omissions and Unfair Trade Practices- "New" Program**

364.     Defendant has no obligation to respond to the second sentence of paragraph 364 as it is an assertion of law, rather than a factual allegation.  To the extent a response is deemed necessary, Defendant admits it was involved in trade or commerce.

365.     Defendant denies the allegations of paragraph 365 and all subparts.

366.     Defendant denies the allegations of paragraph 366.

367.     Defendant denies the allegations of paragraph 367

**Count 2: Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq. Based on Deceptive Omissions and Unfair Trade Practices- Grading and Advancement.**

Counts 368 to 372 are subject to a motion to dismiss filed contemporaneous with this answer.

**Count 3: Violation of the Florida Deceptive and Unfair Trade Practices Act §501-201 et seq. Based on Deceptive Omissions and Unfair Trade Practices-Misrepresentation of Educational Services Provided.**

373.    Defendant has no obligation to respond to the second sentence of paragraph 364 as it is an assertion of law, rather than a factual allegation.  To the extent a response is deemed necessary, Defendant admits it was involved in trade or commerce.

374.    Defendant denies the allegations of paragraph 374 and all subparts.

375.    Defendant denies the allegations of paragraph 375.

376.    Defendant denies the allegations of paragraph 376.

**Count 4: Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq. Based on Deceptive Omissions and Unfair Trade Practices-Unauthorized Retail Installment Contracts**

Counts 377 to 380 are subject to a motion to dismiss filed contemporaneous with this answer.

**Count 5: Breach of Contract-Grading and Advancement**

381.  Defendant admits that any proposed class members would have to have entered into an enrollment agreement with Defendant to be a member of the purported classes and subclasses but denies the existence of a class or subclass.   The parties' individual agreements speak for themselves and to the extent all parties and class members have not provided written agreements, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 381; therefore, denied unless otherwise admitted above.

382. Defendant has no obligation to respond to the allegations of this paragraph as they

are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, Defendant admits an enrollment agreement is a contract between a student and Defendant.

383. The nursing college catalog speaks for itself.   To the extent a response is deemed necessary, denied.

384. Defendant have no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, denied.

385.   Defendant denies the allegations of paragraph 385.

386.   Defendant denies the allegations of paragraph 386.

387.   Defendant denies the allegations of paragraph 387.

**Count 6: Breach of Contract-Clinical Placement**

388.  Defendant admits that any proposed class members would have to have entered into an enrollment agreement with Defendant to be a member of the purported classes and subclasses but denies the existence of a class or subclass.   The parties' individual agreements speak for themselves and to the extent all parties and class members have not provided written agreements, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 388; therefore, denied unless otherwise admitted above.

389. The Enrollment agreement speaks for itself.   The parties' individual agreements speak for themselves and to the extent all parties and class members have not provided written agreements, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 388; therefore, denied unless otherwise admitted above.

390. Defendant has no obligation to respond to the allegations of this paragraph as they

are assertions of law, rather than factual allegations. To the extent a response is deemed necessary, Defendant admits an enrollment agreement is a contract between a student and Defendant.

391. The college catalog speaks for itself. To the extent a response is deemed necessary, Plaintiffs have not identified which nursing college catalog is being referenced, therefore denied.

392. Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations. To the extent a response is deemed necessary, denied.

393. Defendant's college catalog and website speak for themselves. As to the remainder of the allegation, Defendant has no obligation to respond to the allegations of this paragraph which are assertions of law, rather than factual allegation. To the extent a response is deemed necessary, denied.

394. Defendant denies the allegations of paragraph 394.

395. Defendant denies the allegations of paragraph 395.

396. Defendant denies the allegations of paragraph 396.

<b>Count 7:  Unjust Enrichment</b>

Counts 397 to 400 are subject to a motion to dismiss filed contemporaneous herewith.

**Count 8: Violation of the Equal Credit Opportunity Act, 15 U.S.C. §1691, et seq**.

401. Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations. To the extent a response is deemed necessary denied.

402. Defendant has no obligation to respond to the allegations of this paragraph as they

are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary denied.

403.   Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary denied.

404.   Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary denied.

405.   Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary denied.

407.   Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary denied.

408.   Defendant denies the allegations of paragraph 408.

409.   Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary denied.

410.  Defendant denies the allegations of paragraph 410

411.  Defendant denies the allegations of paragraph 411.

412.  Defendant denies the allegations of paragraph 412.

**Count 9: Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d et seq**.

413.  Defendant has no obligation to respond to the allegations of this paragraph as they

are assertions of law, rather than factual allegations. To the extent a response is deemed necessary denied.

414. Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations. To the extent a response is deemed necessary denied.

415. Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations. To the extent a response is deemed necessary denied.

416. Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations. To the extent a response is deemed necessary denied.

417. Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations. To the extent a response is deemed necessary denied.

418. Defendant has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations. To the extent a response is deemed necessary denied.

419. Defendant denies the allegations of paragraph 419.

420. Defendant denies the allegations of paragraph 420.

421. Defendant denies the allegations of paragraph 421.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiffs are entitled to judgment or to any relief sought in the WHEREFORE clause, including all subparts.  Judgment should be entered in Defendant's favor and the Complaint should be dismissed with prejudice.

## JURY TRIAL DEMAND

Defendant hereby demands a trial by jury of all issues so triable as a right by jury

## OTHER DEFENSES

Without assuming any burden of proof or burden of persuasion not required by law, Defendant asserts the following Defenses.

### First Defense

HCI followed appropriate state, administrative agency and applicable federal law and guidelines in seeking and obtaining a new NCLEX code, with the approval of the FBON in order to achieve and maintain its accredited status for the benefit of all its students and graduates, and not for any allegedly improper purpose as set forth in the Complaint. Programmatic accreditation, made possible by the school's application for and receipt of the new NCLEX code, allows HCI's students to apply for and receive financial aid, attain clinical placements and be eligible to work as RNs upon graduation. As a result, HCI is accredited by the ACCSC, licensed by the  Commission of independent Education under the Florida DOE, all of whom have oversight, and this is a result of the new curriculum that was approved such that the NCLEX code could reflect the school's accredited status.

### Second Defense

Defendant asserts Plaintiff lacks standing to assert certain of these claims, and the Court therefore lacks subject matter jurisdiction over those claims. The three elements of a consumer claim under FDUTPA are: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *See Marrache v. Bacardi U.S.A., Inc.,* 17 F.4th 1084, 1097 (11th Cir. 2021).  Florida courts consider actual damages, the third element of a FDUTPA claim, to be a "term of art," which does not include "consequential damages." *See Diversified Mgmt. Sols., Inc. v. Control Sys. Research, Inc.,* No. 15-81062-CIV, 2016 WL 4256916, at *5 (S.D. Fla. May 16, 2016) (citations and internal quotation marks omitted).   Plaintiffs have not suffered actual damages and therefore, do not have standing to bring any FDUTPA claims.

### Third Defense

Defendant asserts Injury, if any, allegedly suffered by Plaintiff did not result from and was not proximately caused by any wrongful conduct on the part of Defendant.

### Fourth Defense

Defendant asserts at all times material herein, Defendant's actions were both reasonable and in compliance with the applicable laws, rules, and regulations.

### Fifth Defense

Defendant asserts Plaintiffs are not entitled to class certification with respect to any claim.

### Sixth Defense

Defendant asserts Plaintiffs have not adequately identified proposed classes and subclasses with respect to FDUPTA.

### Seventh Defense

Defendants asserts they are entitled to a set off for any claimed damages for loan amounts which have not been repaid and for which repayment has not been sought or repayment provisions enforced.

### Eighth Defense

Defendant asserts that Plaintiffs are not entitled to injunctive relief under FUDTPA.

### Ninth Defense

Defendant asserts that Plaintiffs have failed a state a claim upon which relief can be granted.

### Tenth Defense

Defendant asserts that Plaintiffs fail to sufficiently identify the specific protected category or categories upon which they base their ECOA claim.

### Eleventh Defense

Defendant asserts that Plaintiffs fail to sufficiently allege and cannot establish that any aspects of the credit transactions at issue were discriminatory based on race or membership in any other protected category under the ECOA.

### Twelfth Defense

Defendant asserts that Plaintiffs fail to sufficiently allege and cannot establish a *prima facie* case of disparate treatment based on race or any other protected category under the ECOA.

### Thirteenth Defense

Defendant asserts that Plaintiffs fail to sufficiently allege and cannot establish a *prima facie* case of disparate impact based on race or any other protected category under the ECOA.

### Fourteenth Defense

Defendant asserts that Plaintiffs fail to sufficiently identify and cannot establish the existence of any specific and clearly delineated practice or policy that caused a disparate impact based on race or any other protected category under the ECOA.

**Fifteenth Defense**

Defendant asserts that Plaintiffs fail to sufficiently identify and cannot establish a sufficiently substantial statistical disparity between the group of persons in the alleged protected race category (or any other protected category under the ECOA) and persons outside of the alleged protected category or categories.

**Sixteenth Defense**

Defendant asserts that Plaintiffs fail to sufficiently allege and cannot establish a causal connection between any policy or practice of Defendant and the alleged disparate impact under the ECOA.

**Seventeenth Defense**

Defendant asserts that Plaintiffs fail to sufficiently state a claim for "reverse redlining" based on race and/or membership any other protected category under the ECOA and/or Title VI.

**Eighteenth Defense**

Defendant asserts that Plaintiffs fail to sufficiently allege and cannot establish that any loan was given on unfair or unfavorable terms under the ECOA.

**Nineteenth Defense**

Defendant asserts that Plaintiffs fail to sufficiently allege and cannot show that Defendant intentionally targeted Plaintiffs for unfair loans based on race or membership in any other protected category under the ECOA.

### Twentieth Defense

Defendant asserts that Plaintiffs fail to identify any similarly situated persons outside of the alleged protected race category under the ECOA that Plaintiffs allege were treated more favorably than the Roberson, King, or any other persons in the alleged protected race category, and cannot establish that Roberson, King, or any other persons in the alleged protected race category were treated any less favorably than anyone outside of the alleged protected race category.

### Twenty-First Defense

Defendant asserts that Plaintiffs fail to sufficiently allege and cannot show that Defendant took any adverse action against Roberson or King under the ECOA.

### Twenty-Second Defense

Defendant asserts that there is no private right of action to enforce any alleged disparate impact based on membership in the alleged protected race category or any other protected category under Title VI.

### Twenty-Third Defense

Defendant asserts that Plaintiffs fail to sufficiently allege and cannot establish a *prima facie* case of disparate treatment based on race or any other protected category under Title VI.

### Twenty-Fourth Defense

Defendant asserts that Plaintiffs fail to sufficiently allege and cannot show that a facially neutral policy was implemented because of its adverse effects on an identifiable protected group based on race.

### Twenty-Fifth Defense

Defendant asserts that Plaintiffs fail to sufficiently allege and cannot show that Defendant had actual notice of the alleged discrimination based on their race or any other protected category.

### Twenty-Sixth Defense

Defendant asserts that Plaintiffs fail to sufficiently identify the specific protected category or categories upon which they base their Title VI claim.

### Twenty-Seventh

Defendant asserts that Plaintiffs fail to sufficiently allege and cannot establish that Defendant intentionally discriminated against Roberson, King, or any other persons in the alleged protected race category on the basis of their race, Black, or their membership in any other protected category under Title VI, nor that Defendant had any racially discriminatory animus toward Roberson, King or anyone else in the protected race category, in connection with applications, admissions, enrollment, loans, exams, program and graduation requirements, clinical and classroom experience, or in any other way related to the provision of educational services.

### Twenty-Eighth Defense

Defendant asserts that Plaintiffs fail to sufficiently allege and cannot establish that Defendant targeted Roberson, King, or any other persons in the alleged protected race category on the basis of their race, or their membership in any other protected category under Title VI.

**Twenty-Ninth Defense**

Defendant asserts that Plaintiffs fail to sufficiently identify the "predatory product" that they allege Defendant targeted Black people with under Title VI and cannot establish the existence of any such "predatory product," and therefore fail to state a claim for "reverse redlining" under Title VI.

**Thirtieth Defense**

Defendant assert that Plaintiffs fail to identify any similarly situated persons outside of the protected race category, Black, that they claim were treated more favorably than Roberson or King under Title VI with respect to applications, admissions, enrollment, loans, exams, program and graduation requirements, clinical and classroom experience, or in any other way related to the provision of educational services.

**Thirty-First Defense**

Defendant assert that Plaintiffs cannot show that Roberson, King, or any other persons in the alleged protected race category, Black, were treated any less favorably than similarly situated persons outside of the protected race category with respect to applications, admissions, enrollment, loans, exams, program and graduation requirements, clinical and classroom experience, or in any other way related to the provision of educational services.

**Thirty-Second Defense**

Defendant asserts that all decisions made regarding Roberson or King, or which affected Roberson or King, relating in any way to loans or the provision of educational services were made in good faith and based on reasonable and legitimate factors which were not discriminatory and none of which could have been considered pretext.

**Thirty-Third Defense**

Defendant assert that Plaintiffs have failed to exhaust administrative procedures, contractual remedies, conditions precedent, and federal, state and local remedies before bringing this action, warranting dismissal of the Complaint.

**Thirty-Fourth Defense**

Defendant asserts that it has reasonable internal procedures for investigating complaints of discrimination and exercised reasonable care to prevent and correct alleged discrimination.

**Thirty-Fifth Defense**

Defendant asserts that Plaintiffs have unreasonably failed to avail themselves of the internal procedures for investigation and resolution of discrimination complaints.

**Thirty-Sixth Defense**

Defendant asserts that it they took prompt and effective remedial measures.

**Thirty-Seventh Defense**

Defendant asserts that Plaintiffs fail to sufficiently allege and cannot establish a *prima facie* predatory lending case for discrimination based on race or any other protected category under the Equal Opportunity Credit Act ("ECOA").

**<u>Thirty-Eighth Defense</u>**

Defendant lacks sufficient knowledge of all facts and evidence surrounding the varied incidents described in the complaint and are, therefore, unable to ascertain at this time any additional defenses which it may have.  Therefore, Defendant expressly reserves the right to amend this Answer to assert such other additional defenses as may become apparent subsequent to the filing of this Answer, whether in discovery, at trial, or otherwise.

**WHEREFORE**, Defendant, has answered Plaintiff's Complaint, paragraph by paragraph, having denied each and every allegation that might impute liability, and having asserted certain defenses, and reserving the right to amend its answers or assert additional defenses as warranted.

Dated:  January 31st, 2023

> By: **KUBICKI DRAPER**
> 110 East Broward Boulevard, Suite 1400
> Ft. Lauderdale, Florida 33301
> Direct Line: (954) 713-2323
> MJC-KD@kubickidraper.com
> BF-KD@kubickidraper.com
>
> BY: /S/ *Michael J. Carney*
> MICHAEL J. CARNEY
> Florida Bar No. 44326
> BARBARA FOX
> Florida Bar No. 155608

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by through Florida's e-filing portal this 31ST day of January 2023 to: Eric A. Schmidt Esq. 769 Centre Street, Suite 166 Jamaica Plain, MA 02130, eschmidt@ppsl.org. Rebecca C. Eisenbrey Esq. 769 Centre Street, Suite 166 Jamaica Plain, MA 02130, reisenbrey@ppsl.org. Nicole Casey Mayer Esq. 769 Centre Street, Suite 166 Jamaica Plain, MA 02130, Nicole@mayerlawflorida.com.

By: **KUBICKI DRAPER**
110 East Broward Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
Direct Line: (954) 713-2323
MJC-KD@kubickidraper.com
BF-KD@kubickidraper.com

BY: /S/ *Michael J. Carney*
MICHAEL J. CARNEY
Florida Bar No. 44326
BARBARA FOX
Florida Bar No. 155608