UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:22-cv-81883- RAR

BRITTANY ROBERSON, REBECCA
FREEMAN, BIANCA VINAS, and
TIFFANY KING, individually and on
behalf of others similarly situated,

    Plaintiff,

v.

HEALTH CAREER INSTITUTE LLC (dba
HCI COLLEGE LLC and HCI ACQUISITION LLC),
and FLORIAN EDUCATION INVESTORS LLC,

    Defendant (s).
_____/

### DEFENDANT FLORIAN EDUCATION INVESTORS LLC MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Defendant, FLORIAN EDUCATION INVESTORS LLC ("Florian"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(2), files this Motion to Dismiss Plaintiffs' Complaint against it for Lack of Personal Jurisdiction, and in support thereof state as follows:

**I.**     **INTRODUCTION**

Plaintiffs filed a Complaint against Defendants, HEALTH CAREER INSTITUTE LLC ("HCI") and FLORIAN, alleging nine different counts premised on the operation of HCI's nursing program, its enrollment contracts and college catalogs, as well as the offering and collection on loans purportedly issued by HCI, including the allegation that these loans were offered in an allegedly discriminatory manner. *See* Complaint, D.E. 1. Specially, the complaint

alleges claims for violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") Counts 1-4; Breach of Contract, Counts 5-6; Unjust Enrichment- Count 7; Violation of the Equal Credit Opportunity Act- Count 8; and Violation of the Civil Rights Act- Count 9.

As alleged in the Complaint, Plaintiffs are individuals who were enrolled in an Associate of Science in Nursing program in HCI's West Palm Beach campus ("RN program"). Underlying Plaintiffs' complaint is the allegation that Plaintiffs entered into enrollment agreements which governed the obligations between HCI and Plaintiffs. The majority if not all of the allegations of the complaint are directed at actions taken by HCI with respect the Plaintiffs' enrollment in the RN program. With respect to Florian, the complaint's allegations are minimal and appear to be premised solely on imputed liability for the acts of HCI.

. The entirety of Plaintiffs' claims against Florian should be dismissed because there is no basis for a court in Florida to exercise personal jurisdiction over a nonresident of the State of Florida under the facts alleged. Plaintiffs have failed to allege sufficient material facts to establish personal jurisdiction over Florian, a nonresident of Florida, under any provision of the Florida long-arm statute. Moreover, Plaintiffs' allegations are devoid of any facts to satisfy the due process requirements of the Fourteenth Amendment to the United States Constitution, and are also devoid of any facts which would establish sufficient minimum contacts with the State of Florida. As such, Plaintiffs' complaint against Florian must be dismissed.

**II.      STATEMENT OF FACTS**

**A. Factual Allegations Surrounding Personal Jurisdiction**

In its complaint Plaintiff alleges:

> Defendants are subject to personal jurisdiction in this Court because they are authorized to transact and do transact business in Florida and because they maintain registered agents for service of process in Florida. Furthermore, Defendants regularly do business and solicit business in Florida, engage in persistent course of conduct in Florida and derive substantial revenue from their business in Florida.

The complaint alleges that Florian is a Delaware corporation with its principal place of business in Darien, Connecticut and that Florian is a managing member of Defendant HCI. [DE 1, ¶23]. The complaint further alleges that Florian's CEO is listed in its SEC filings as Steven W. Hart and that in its annual reports to the Board of Nursing, Florian has reported its owner to be "Steve Hart." [DE 1, ¶30-31]. Plaintiffs' Complaint further states that under "statement of legal control," HCI's college catalog identifies HCI as a subsidiary of Florian. [DE 1, ¶33].

## MEMORANDUM OF LAW

Plaintiffs' Complaint should be dismissed because this Court lacks both general and/or specific personal jurisdiction over Florian, a non-resident corporation. As admitted in the complaint, Florian is a nonresident Limited Liability Company organized under the laws of Delaware with its principal place of business in Connecticut. As will be discussed, this Court does not have jurisdiction of Florian under the laws of Florida and, in any event, Florian has insufficient minimum contacts with the State of Florida to be haled into any forum within the State.

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(2), a party may assert as a defense a court's lack of personal jurisdiction through a motion. A court must "dismiss an action against a defendant over which it has no personal jurisdiction." *Smith v. Trans-Siberian Orchestra*, 689 F.

Supp. 2d 1310, 1312 (M.D. Fla. 2010) (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999)); *see also Roca Labs, Inc. v. Boogie Media, LLC*, No. 8:12-cv-2231-T-33EAJ, 2013 WL 2025806, at *1 (M.D. Fla. May 14, 2013). In determining whether there are grounds for a motion to dismiss for lack of personal jurisdiction, a court must accept the facts in the plaintiff's complaint as true. *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). The plaintiff bears the burden of pleading sufficient material facts to form a basis for personal jurisdiction, after which the burden shifts to the defendant to challenge the plaintiff's allegations by affidavits or other pleadings. *Future Technology Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000); *Cable/Home Communication Corp.*, 902 F.2d at 855; *see also L.O.T.I. Group Prods. v. Lund*, 907 F. Supp. 1528, 1530 (S.D. Fla. 1995) (noting that a "plaintiff seeking to subject a nonresident defendant to jurisdiction of the court must do more than allege facts that show a *possibility* of jurisdiction" (emphasis in original)). If the defendant sufficiently challenges the plaintiff's assertion, then the plaintiff must affirmatively support its jurisdictional allegations and may not merely rely upon the factual allegations set forth in the complaint. *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 586 (M.D. Fla. 1991).

Courts in the Eleventh Circuit follow a two-step analysis when deciding whether personal jurisdiction exists over a non-resident defendant. *See Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir.1996). First, the court must determine whether the state's long-arm statute (in this case Florida) provides a basis for personal jurisdiction over the defendant. *Id*. Second, if the state's long-arm statute provides a basis for personal jurisdiction, the court must then determine whether "minimum contacts" exist to satisfy the Due Process Clause of the

Fourteenth Amendment such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice" as set forth in *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *Id*. (citations omitted). *See Crowe v. Paragon Relocation Res., Inc.*, 506 F. Supp. 2d 1113, 1118–19 (N.D. Fla. 2007); *Backer Elecs., Inc. v. Pentar Sys., Inc.*, 219 F. Supp. 2d 1260, 1261 (M.D. Fla. 2002); *Meterlogic, Inc. v. Copier Sols., Inc.*, 126 F. Supp. 2d 1346, 1352 (S.D. Fla. 2000); *Venetian Salami Co. v. J.S. Parthenais*, 554 So. 2d 499 (Fla. 1989). Only if both prongs of the analysis are satisfied, may a federal court exercise personal jurisdiction over a nonresident defendant such as Florian. *Robinson v. Fiarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996).

Where a nonresident defendant challenges and/or refutes a plaintiff's allegations of personal jurisdiction, the plaintiff bears the burden of proving jurisdiction by affidavits, testimony, or other documents. *L.O.T.I Group Prod.*, 907 F. Supp. at 1528 (quoting *Voorhees v. Cilcorp, Inc.*, 837 F. Supp. 395, 398 (M.D. Fla. 1993)); *see also Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) ("It goes without saying that, where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present."). Mere reliance on the factual allegations in the Complaint and self-serving affidavits by a plaintiff are insufficient to make the requisite showing. *Prentice v. Prentice Colour, Inc.,* 779 F. Supp. 578, 583 (M.D. Fla. 1991) (holding that once the defendant has made a prima facie showing that the long-arm statute does not apply, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint").

**B. Florida's Long Arm Statute Does Not Reach Defendants.**

The Florida long-arm statute provides two alternative bases for the exercise of personal jurisdiction: specific or general jurisdiction. *See* Fla. Stat. § 48.193; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Pathman v. Grey Flannel Auctions, Inc.*, 741 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010); *Custom Fab, Inc. v. Kirkland*, No. 6:13–cv–1511–Orl–31DAB, 2014 WL 260090, at *3–5 (M.D. Fla. Jan. 23, 2014). In other words, this Court may exercise jurisdiction over Defendants <u>only</u> if there is specific or personal jurisdiction pursuant to the provisions of Florida's long-arm statute. "General jurisdiction arises from the defendant's contacts with the forum that are not directly related to the cause of action being litigated, while specific jurisdiction is found on a party's activities in the forum that are related to the cause of action in the complaint." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1361 n.3 (11th Cir. 2006) (citations omitted). Florida's long-arm statute provides, in pertinent part:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2. Committing a tortious act within this state.
> * * *
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
> a. The defendant was engaged in solicitation or service activities within this state;
> ***

> 7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
>
> * * *
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Section 48.193, Fla. Stat.

Accordingly, Defendants may be subject to **specific** personal jurisdiction in Florida for causes of action that arise from, *inter alia*, their business activities in Florida, alleged tortious acts committed within Florida or tortious acts committed outside of Florida that caused injury within Florida if Defendants were engaged in certain activities within Florida at the time. *Id.* § 48.193(1)(a). Alternatively, Defendants may be subject to **general** personal jurisdiction in Florida if they engage in substantial (not isolated) activity in Florida. § 48.193(2). "Because the reach of Florida's long arm statute is a question of Florida law, federal courts are required to construe the long arm statute as would the Florida Supreme Court." *Meterlogic, Inc.*, 126 F. Supp. 2d at 1352. Furthermore, "Florida's long-arm statute is to be strictly construed." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996).

General personal jurisdiction is grounded on the defendant's substantial or "continuous and systematic" contacts with the forum, regardless of whether those contacts are related to the cause of action. *See Prentice v. Prentice Colour, Inc.,* 779 F. Supp. 578, 583–84 (M.D. Fla. 1991). On the other hand, specific personal jurisdiction is exercised when the suit arises out of or is related to a party's single or isolated contacts with the forum. Id. Florida's long arm statute requires more activities or contacts to confer personal jurisdiction over a foreign defendant than those demanded by the due process clause. *Id.*

Here, Plaintiffs have failed to articulate a specific basis for applying Florida's long-arm statute, either under general or specific jurisdiction, to Florian and make no mention of the statue at all. Rather, by way of paragraph 23 of the complaint, Plaintiffs seem to allege specific jurisdiction based on (1)(a)1, based on the allegation of "transact[ing] business in Florida" and because they "transaction business in Florida" and "maintain registered agents for service of process in Florida."

As an initial matter, this allegation is improper as it indiscriminatingly lumps both Defendants together and fails to establish personal jurisdiction over each individual Defendant. *See Flava Works, Inc. v. Roje on Holiday Inc.*, 1:10-CV-23834, 2012 WL 1535684, at *5 (S.D. Fla. May 1, 2012)( improper for Plaintiff to indiscriminately lumps all of Defendants together as it must establish personal jurisdiction over each individual defendant based on that defendant's activities in and contacts with Florida); *see also Castillo v. Allegro Resort Mktg.*, 603 Fed. Appx. 913, 916 (11th Cir. 2015)(conclusory allegations are insufficient to establish a prima facie case of jurisdiction).

In any event, it appears Plaintiff is trying to allege specific jurisdiction by way of the allegation of paragraph 23 of Complaint since. although it does not track the statutory language, it nonetheless seems to suggest specific jurisdiction under section 48.193 (1)(a)1, which provides specific jurisdiction arising from the "operating, conducting, engaging in, or carrying on a business venture in this state or having an office or agency in this state."

While Florian does not concede that such pro forma allegations are sufficient to establish a prima facie case of general jurisdiction, Florian has attached the declaration of Steven W. Hart on its behalf, which completely refutes the complaint's allegations of Florian transacting

business in Florida, soliciting business in Florida or having an office or agency in the state. [See Exhibit "A"]. To the extent that the complaint can be construed as one alleging general jurisdiction under subsection 2 of the long arm statute, Mr. Hart's declaration overcomes same.

Moreover, because general jurisdiction is held to a "stricter standard," than specific jurisdiction, Plaintiffs failure to prove the transaction of business in relation to specific jurisdiction necessarily means that they cannot prove general jurisdiction based on the same allegations. *See Kadylak v. Royal Caribbean Cruise, Ltd.*, 14-24149-CIV, 2016 WL 7536430, at *2 (S.D. Fla. Feb. 24, 2016)(general jurisdiction requires a defendant must be "essentially at home in the forum state). Thus, under well-established law, Plaintiffs now bear the burden of establishing personal jurisdiction by competent evidence. Florian respectfully submits that they cannot.

Further, it cannot be emphasized enough that all the actions identified in the complaint were alleged to have been undertaken by HCI, not Florian. As the complaint recognizes, Florian and HCI are two separate corporate entities. Accordingly, should any act in the complaint be construed as one establishing jurisdiction, such acts only inure to HCI. To the extent Plaintiffs are attempting to establish jurisdiction based on some sort of agency relation between HCI and Florian, under allegations of Florian being a "managing member", a parent company or joint participation by Steven Hart, it fails. Under Florida's long arm statute, the relationship of parent-subsidiary alone is insufficient to confer personal jurisdiction over the foreign parent corporation in the forum in which the subsidiary acts. *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir.2000). It is well-settled in Florida that a company's status as parent, "without more, is ineffective to establish long-arm jurisdiction." *See Lee-Bolton v. Koppers Inc.*,

1:10CV253/MCR/GRJ, 2013 WL 11522040, at *4 (N.D. Fla. Sept. 9, 2013); *Enic, PLC v. F.F. South & Co.*, 870 So. 2d 888, 891 (Fla. 5th DCA 2004)(ownership of a resident subsidiary corporation by an out-of-state parent corporation, without more, has been repeatedly deemed insufficient to meet the requirements of section 48.193; *see also Greystone Tribeca Acquisition, L.L.C. v. Ronstrom*, 863 So. 2d 473, 476 (Fla. 2d DCA 2004) (holding that out-of-state parent corporation's resident subsidiary which was the owner, operator, and licensee of a nursing home located within the state did not constitute activity sufficient to grant personal jurisdiction over parent corporation, even though parent corporation was disclosed on state licensure filings); *Capital One Fin. Corp. v. Miller*, 709 So. 2d 639, 640 (Fla. 2d DCA 1998) (finding foreign holding company's ownership of subsidiary within the state insufficient to satisfy the long-arm statute); *Walt Disney Co. v. Nelson*, 677 So. 2d 400, 403 (Fla. 5th DCA 1996) (holding parent corporation's ownership of a subsidiary which conducted business in the state, without more, insufficient to establish long-arm jurisdiction); *Qualley v. Int'l Air Serv. Co.*, 595 So. 2d 194, 196 (Fla. 3d DCA 1992) (holding requirements of section 48.193 were not met for parent corporation which owned a subsidiary actively involved in business in Florida, even though parent corporation also performed certain accounting and payroll functions for its subsidiary). Likewise, Plaintiffs' allegations that Steve Hart was both a principal or director at both HCI and Florian, is alone insufficient to satisfy the long-arm statute. *See Unitedhealthcare of Florida, Inc. v. Am. Renal Associates Holdings, Inc.*, 16-81180-CIV, 2017 WL 1832436, at *7 (S.D. Fla. May 8, 2017)(overlap of board of directors and the officers of parent and subsidiary, does not destroy the parties' legal identifies for jurisdictional purpose).

Jurisdiction can be exercised over the parent where "a parent corporation exerts such extensive operational control over a subsidiary that the subsidiary is no more than an agent existing to serve only the parent's needs." *Gadea v. Star Cruises, Ltd.*, 949 So. 2d 1143 (Fla. 3d DCA 2007). Operational control has also been referenced as the day-to-day control of the internal affairs or basic operations of the subsidiary. *See Yellow Pages Photos, Inc. v. Ziplocal, LP*, 8:12-CV-755-T-26TBM, 2012 WL 5830590, at *3–4 (M.D. Fla. Nov. 16, 2012); *Enic*, 870 So. 2d at 891–92 (*citing Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175 (9th Cir.), *cert. denied*, 449 U.S. 1062, 101 S.Ct. 785, 66 L.Ed.2d 604 (1980)). The amount of control exercised by the parent must be high and very significant." *Id.*; *citing Enic*, 870 So. 2d at 891. What is required for jurisdiction based on agency is not some merely control but "operational control" by the parent over the subsidiary. *State v. Am. Tobacco Co.*, 707 So. 2d 851, 856 (Fla. 4th DCA 1998); *see also Gen. Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1344 (S.D. Fla. 2002), *aff'd sub nom. Gen. Cigar Holdings v. Altadis, S.A.,* 54 Fed. Appx. 492 (11th Cir. 2002)(plaintiff must show that the subsidiary is merely an agent through which the parent company conducts business, "or that the subsidiary's separate corporate status is formal only and without any semblance of individual identity). As long as the subsidiary maintains a "semblance" of independence from the parent, the agency relationship **will not** be established. *Id*. (emphasis added).

It appears that Plaintiffs are attempting to allege the required operational control by the conclusory allegation that Florian is a "managing member" of HCI. However, as discussed above such conclusory allegation is insufficient to confer personal jurisdiction by this Court over Florian. In addition, the declaration of Steven W. Hart, makes it clear that Florian has no

operation control over HCI and that it at least has a "semblance" of independence. Accordingly, Plaintiffs now have the burden to prove jurisdiction by competent evidence. Florian respectfully submits that they cannot.

## CONCLUSION

For the foregoing reasons, FLORIAN EDUCATION INVESTORS LLC. respectfully requests that this Motion to Dismiss be granted, and that Plaintiff's Complaint against it be dismissed for lack of personal jurisdiction.

By: **KUBICKI DRAPER**
110 East Broward Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
Direct Line: (954) 713-2323
MJC-KD@kubickidraper.com
BF-KD@kubickidraper.com

BY: /S/ *Michael J. Carney*
MICHAEL J. CARNEY
Florida Bar No. 44326
BARBARA FOX
Florida Bar No. 155608

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by through Florida's e-filing portal this 31ST day of January 2023 to: Eric A. Schmidt Esq. 769 Centre Street, Suite 166 Jamaica Plain, MA 02130, eschmidt@ppsl.org. Rebecca C. Eisenbrey Esq. 769 Centre Street, Suite 166 Jamaica Plain, MA 02130, reisenbrey@ppsl.org. Nicole Casey Mayer Esq. 769 Centre Street, Suite 166 Jamaica Plain, MA 02130, Nicole@mayerlawflorida.com.

By: **KUBICKI DRAPER**
110 East Broward Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
Direct Line: (954) 713-2323
MJC-KD@kubickidraper.com
BF-KD@kubickidraper.com

BY: /S/ *Michael J. Carney*
MICHAEL J. CARNEY
Florida Bar No. 44326
BARBARA FOX
Florida Bar No. 155608

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 1:22-cv-81883- RAR

BRITTANY ROBERSON, REBECCA
FREEMAN, BIANCA VINAS, and
TIFFANY KING, individually and on
behalf of others similarly situated,

    Plaintiff,

v.

HEALTH CAREER INSTITUTE LLC (dba
HCI COLLEGE LLC and HCI ACQUISITION LLC),
and FLORIAN EDUCATION INVESTORS LLC,

    Defendant(s).
_____/

## DECLARATION OF STEVEN W. HART IN SUPPORT OF FLORIAN EDUCATION INVESTORS, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

My name is STEVEN W. HART, I am over the age of 18, competent to testify, and I have personal knowledge of the matters stated herein.

1. I am currently the Chief Executive Officer of Florian Education Investors LLC ("Florian").
2. I am authorized to make this declaration on behalf of Florian.
3. Florian is a Limited Liability Company incorporated in Delaware and maintains a business office in Connecticut.
4. I am also a Chairman of Health Career Institute LLC.
5. My roles in HCI and Florian are independent of each other.
6. HCI and Florian do not share staff or employees.

**Exhibit A**

7. Florian does not own or lease property in Florida, has no bank account in Florida, does not maintain an office in Florida and does not provide goods or services to anyone in Florida.

8. While Florian may have some individual investors in Florida, Florian as a corporate entity does not itself conduct any business in Florida. As such, it does not derive any revenue from the conduct of any business in Florida.

9. Florian does not have any employees in Florida nor does it maintain a registered agent in Florida.

10. HCI is wholly owned by Florian but is a separate legal entity.

11. Pedro C. De Guzman, is the President and Chief Executive Officer of HCI.

12. Although in my role as Chairman of HCI I can direct Mr. De Guzman, Florian does not direct or otherwise control Mr. De Guzman in his role as President and Chief Executive Officer of HCI.

13. Rather, Florian leaves decisions as to HCI's policy, day-to day activities and institutional operations to Mr. De Guzman's direction pursuant to Authorization Guidelines.

14. Likewise, HCI's finances are directed by HCI's Chief Financial Officer and Florian cannot make transactions with its bank accounts.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 31, 2023.

_____
STEVEN W. HART