UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 1:22-cv-81883- RAR

BRITTANY ROBERSON, REBECCA
FREEMAN, BIANCA VINAS, and
TIFFANY KING, individually and on
behalf of others similarly situated,

  Plaintiff,

v.

HEALTH CAREER INSTITUTE LLC (dba
HCI COLLEGE LLC and HCI ACQUISITION LLC),
and FLORIAN EDUCATION INVESTORS LLC,

  Defendant(s).
_____/

## DEFENDANT'S HEALTH CAREER INSTITUTE LLC (dba HCI COLLEGE LLC and HCI ACQUISITION LLC), PARTIAL MOTION TO DISMISS

Defendant, HEALTH CAREER INSTITUTE LLC (dba HCI COLLEGE LLC and HCI ACQUISITION LLC), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12 (b)(6), hereby files its partial motion to dismiss Count 2, Count 4 and Count 7 of Plaintiffs' Complaint with incorporated memorandum of law and in support thereof state as follows:

  1. On December 2, 2022, Plaintiffs filed the Complaint in this case. [D.E. 1].

  2. The Complaint alleges nine separate causes of action.

  3. Pertinent to this motion, Plaintiffs allege Count 2-Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. Based on Deceptive Omissions and Unfair Trade Practices-Grading and Advancement. This allegation asserts that Defendant violated the FDUTPA when it "changed the standards for passage without notice and

in violation of the enrollment agreement in order to force students to retake, and pay again for, courses." [DE 1, paragraph 370].

4. Similarly, Count 5, which is a claim for Breach of Contract, also references the enrollment agreement and it requirements for passage. [DE 1, paragraph 381]. Paragraph 385 of Count 5 further provides that "Defendants breached their contract with Plaintiffs and Class Members by making arbitrary and capricious changes to the testing and grading requirements."

5. Count 4 of the Complaint alleges a Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq. Based on Deceptive Omissions and Unfair Trade Practices-Unauthorized Retail Installment Contracts. Plaintiffs allege violation of the FDUTPA by Defendants purported offering of retail installment contracts without first obtaining the required license and collected on those allegedly illegal retail installment contracts. [D.E. 1, paragraph 378]. Plaintiffs further allege that these violations caused Plaintiffs and Proposed Class Members damages "equal the amounts they paid pursuant to the illegal contracts," and "any amounts they purportedly owe on such contracts and any associated fees." [D.E. 1, paragraph 380].

6. Plaintiffs' Complaint also contains Count 7: Unjust Enrichment. This count alleges that Plaintiffs and Subclass members conferred a benefit on HCI when they paid $4,000 to enroll the required Capstone course. Plaintiffs further allege that HCI knowingly and voluntarily accepted and retained this benefit (presumably the $4000), and that HCI provided Plaintiffs and Subclass with little more than access to a VATI program available for purchas directly for $525. Plaintiffs alleged it would be inequitable for HCI to retain the entire difference between the direct cost of the VATI and the amount charged for the Capstone course.

## MEMORANDUM OF LAW

A.   **Legal Standard.**

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and a demand for the relief sought." Fed. R. Civ. P. 8(a). When the complaint does not comply with the pleading requirements or otherwise fails to state a claim for relief that is plausible on tis face, defendant may seek dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Durr v. City of Deltona*, 616CV225ORL40GJK, 2017 WL 397578, at *2 (M.D. Fla. Jan. 30, 2017). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Epoch Int'l Partners, LLP v. Bigfoot Inc.,* 587 F. Supp. 3d 1214, 1218 (S.D. Fla. 2022)

B.   **Count 2 of Plaintiffs' Complaint must be dismissed.**

Count 2 of Plaintiffs' Complaint must be dismissed as it is nothing more than a breach of contract action disguised as one for Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Specifically, Plaintiffs allege that Defendant violated FDUTPA when it "changed the standards for passage without notice and in violation of the enrollment agreement in order to force students to retake, and pay again for, courses." While Florida law permits a FDUTPA

claim to travel with a breach of contract claim, the FDUTPA claim must challenge acts underlying or "giving rise" to the breach and not "rely solely on a violation of the agreement as a basis for assertion of a FDUTPA claim." See *Kenneth F. Hacke's & Associates, Inc. v. GE Capital Information Tech. Solutions, Inc.,* 744 F. Supp. 2d 1305, 1312 (S.D. Fla. 2010) (citing *Rebman v. Follett Higher Educ. Grp., Inc.* 575 F. Supp. 2d 1272, 1279 (M.D. Fla. 2008)). Therefore, in order to assert a proper FDUTPA claim, Plaintiffs must allege that the acts underlying the breach of contract claim are unfair or deceptive. *See Rebman,* 575 F. Supp. 2d at 1279.

Here, other than conclusory allegations of the existence of deceptive acts or practices, all Plaintiffs have alleged is that Defendant changed the standards for passage without notice and in n violation of the enrollment agreement. Thus, in Count 2, Plaintiffs have relied solely on the violation of the enrollment agreement as the basis of the FDUTPA claim, rendering it nothing more than a breach of contract action. Almost identical allegations underlie the breach of contract action contained in Count 5, demonstrating that Count 2 is nothing more than a breach of contract claim which Plaintiffs have attempted to mold into one for FDUTPA with conclusory allegations of unfairness and deception. As such, Plaintiffs have failed to allege a cause of action under FDUTPA, Count 2, requiring dismissal of Count II.

C.     **Count 4 of the Complaint must be dismissed.**

As set forth above, Count 4 of the Complaint is one for FDUTPA premised on the offering and collecting on illegal retail installment contracts. FDUTPA provides for a civil cause of action for "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." § 501.204(1), Fla. Stat. (2005); *Smith v. 2001 S. Dixie Highway, Inc.,* 872 So.2d 992, 993 (Fla. 4th DCA 2004). *See City*

*First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. 4th DCA 2008).  The three elements of a consumer claim under FDUTPA are: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages."  *See Marrache v. Bacardi U.S.A., Inc.,* 17 F.4th 1084, 1097 (11th Cir. 2021).  Florida courts consider actual damages, the third element of a FDUTPA claim, to be a "term of art," which does not include "consequential damages." *See Diversified Mgmt. Sols., Inc. v. Control Sys. Research, Inc.*, No. 15-81062-CIV, 2016 WL 4256916, at *5 (S.D. Fla. May 16, 2016) (citations and internal quotation marks omitted).  Likewise, a plaintiff must plead sufficient facts showing that the unfair or deceptive practice that Defendant allegedly committed actually resulted in damage.  *Kais v. Mansiana Ocean Residences, LLC*, 08-21492-CIV-MORENO, 2009 WL 825763, at *1 (S.D. Fla. Mar. 26, 2009).  Causation between the deceptive act or trade practice and the damages must be direct rather than remote or speculative.  *Flexiteek Americas, Inc. v. Plasteak, Inc.*, 12-60215-CIV, 2013 WL 6233175, at *5 (S.D. Fla. Dec. 2, 2013), aff'd, 603 Fed. Appx. 994 (Fed. Cir. 2015).

Here, Count 4 is insufficiently pleaded under FDUTPA as it is devoid of factual content that allows this Court to draw the reasonable inference that the Defendant is liable for the alleged damages.  Rather, Count 4 alleges only that solely by virtue of the contract being issued without the allegedly required licensure, the Plaintiffs were damaged.  This assertion is nothing more than a mere recitation of the elements of the cause of action, devoid of any factual predicate supporting the claim that Plaintiffs were damaged as a result of the failure on Defendant's part to acquire the alleged license.  In other words, Plaintiff fails to connect the Defendant's purported failure to obtain a license to any damage that could have been incurred.  Moreover, Plaintiffs' purported damages are not actual but rather speculative as all the Complaint allege is that their damage "equals the amounts they paid pursuant to the illegal contracts."  Such per se allegation,

without more, does not demonstrate that plaintiff did not obtain the benefit of its bargain or the existence of actual damages. *See Rollins, Inc. v. Heller*, 454 So. 2d 580, 585 (Fla. 3d DCA 1984)( "The measure of actual damages is the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties. [citations omitted] A notable exception to the rule may exist when the product is rendered valueless as a result of the defect—then the purchase price is the appropriate measure of actual damages."). Accordingly, Count 4 of Plaintiffs' Complaint should be dismissed.

D.     **Count 7 of the Complaint must be dismissed.**

Count 7 of the Complaint, clothed as one for unjust enrichment, alleges that Plaintiffs and Subclass members conferred a benefit on HCI when they paid $4,000 to enroll the required Capstone course which provided them with little more than access to a VATI program available for purchase directly for $525. As an initial matter, Plaintiffs cannot claim unjust enrichment when they received what they bargained for by appealing to the court's powers in equity. *Zarrella v. Pacific Life Ins. Co.*, 755 F. Supp. 2d 1218 (Fla. S.D. 2010) (because the contract governed disputes between the parties, the equitable remedy of unjust enrichment is not available); *Moynet v. Courois*, 8 so. 3d 377, 379 (2009) (an unjust enrichment claim cannot stand where the parties get what they bargained for). Unjust enrichment "is a noncontractual obligation that is treated procedurally as if it were a contract." *See Procacci v. Harllee*, 95 So. 3d 997, 999 (Fla. 2d DCA 2012). In Florida, a claim for unjust enrichment is an equitable claim based on a legal fiction which implies a contract as a matter of law even though the parties to such an implied contract never indicated by deed or word that an agreement existed between them. *Tooltrend, Inc. v. CMT Utensili, SRL,* 198 F.3d 802, 805 (11th. Cir.1999). Such a contract

implied in law, also known as a quasi contract, is established "where it is deemed unjust for one party to have received a benefit without having to pay compensation for it. 14th & Heinberg, LLC v. Terhaar & Cronley Gen. Contractors, Inc., 43 So. 3d 877, 880 (Fla. 1st DCA 2010).

Moreover, to prevail on a cause of action for unjust enrichment, a party must demonstrate that the plaintiff has conferred a benefit, with the knowledge of the defendant and that under the circumstances would be unfair to retain without the benefit of paying fair value. *See Commerce Partnership 8098 Limited Partnership v. Equity Contracting Company, Inc.*, 693 So. 2d 383 (Fla. 4th DCA 1997).

Here, Plaintiffs have alleged in essence that they paid too much for a product they claim is worth less. However, this does not amount to unjust enrichment under Florida law. As discussed, the essence of a cause of action for unjust enrichment that a defendant has received a benefit for which it has not paid fair market value. Quite simply, this is not what Plaintiffs pled. As such their claim for unjust enrichment fails as a matter of law. Accordingly, despite Plaintiffs clever attempt at pleading, they have failed to allege that Defendants received a benefit they did not pay for, Count 7 must be dismissed.

## CONCLUSION

WHEREFORE, Defendants, HEALTH CAREER INSTITUTE LLC (dba HCI COLLEGE LLC and HCI ACQUISITION LLC), respectfully moves this Court to dismiss Counts 2, 4, and 7 of Plaintiffs' Complaint.

Respectfully submitted,

KUBICKI DRAPER
Counsel for Defendant

BY: /S/ Michael J. Carney
MICHAEL J. CARNEY

Florida Bar No. 44326<br>
BARBARA FOX<br>
Florida Bar No. 155608

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by through Florida's e-filing portal this 31ST day of January, 2023 to: Eric A. Schmidt Esq. 769 Centre Street, Suite 166 Jamaica Plain, MA 02130, eschmidt@ppsl.org. Rebecca C. Eisenbrey Esq. 769 Centre Street, Suite 166 Jamaica Plain, MA 02130, reisenbrey@ppsl.org. Nicole Casey Mayer Esq. 769 Centre Street, Suite 166 Jamaica Plain, MA 02130, Nicole@mayerlawflorida.com.

By: **KUBICKI DRAPER**
110 East Broward Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
Direct Line: (954) 713-2323
MJC-KD@kubickidraper.com
BF-KD@kubickidraper.com

BY: /S/ Michael J. Carney
MICHAEL J. CARNEY
Florida Bar No. 44326
BARBARA FOX
Florida Bar No. 155608