UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:22-cv-81883- RAR

BRITTANY ROBERSON, REBECCA
FREEMAN, BIANCA VIÑAS, TIFFANY
KING, and TRESHA THOMPSON,
individually and on behalf of others
similarly situated,

Plaintiffs,

v.

HEALTH CAREER INSTITUTE LLC (dba
HCI COLLEGE LLC and HCI ACQUISITION LLC),
FLORIAN EDUCATION INVESTORS LLC, and
STEVEN W. HART,

Defendants.
_____/

## DEFENDANTS' MOTION TO STAY THE ISSUANCE OF CERTAIN SUBPOENAS PENDING RULING ON MOTION TO DISMISS[1]

Defendants, HEALTH CAREER INSTITUTE LLC ("HCI") FLORIAN EDUCATION INVESTORS LLC ("Florian"), and STEVEN W. HART ("Hart"), by and through undersigned counsel, and pursuant to S.D. Fla. Local Rule 7.1, file this Motion to Stay the Issuance of Subpoenas pending a ruling on Motion to Dismiss Amended Complaint [DE 46], and in support hereof state as follows:

## INTRODUCTION

---

[1] By filing this Motion, the parties are not waiving any ground to contest jurisdiction or any of the other grounds raised in their motions to dismiss. Defendant STEVEN HART will file a motion to dismiss based on personal jurisdiction as well as the failure to state a cause of action prior to the deadline for same.

1

HCI College provides Associate of Science in Nursing programs at its West Palm Beach and Fort Lauderdale campuses ("ADN Programs"). DE 40, ¶¶1-2,42. HCI College obtained approval from the Florida Board of Nursing ("BON") to operate its ADN Programs. DE 40, ¶¶51,82,89,96.

Plaintiffs, former students of HCI College's ADN Programs, DE 40,¶¶37-41, have filed a ten Count Amended Complaint alleging: Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201, et. seq. ("FDUTPA") violations relating to educational services provided in HCI College's ADN Programs (Counts 1,2,3,6 and 7); Breach of Contract based on HCI College's enrollment agreements and catalog relating to requirements and clinical placements in the ADN Programs (Counts 4 and 5); Unjust Enrichment based on alleged payments to HCI for a course required in HCI College's ADN Programs (Count 8); Equal Credit Opportunity Act, 15 U.S.C. §1691, et. seq. ("ECOA") violation for HCI allegedly targeting HCI College's ADN Programs to individuals based on race and extending credit for an illusory program (Count 9); and Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d, et. seq. ("Title VI") violation for intentional discrimination against Black people in connection with making federal student loans for enrollment in HCI College's ADN Program or for provision of educational services by HCI and targeting Black people with their predatory product (Count 10). DE 40,¶¶460-528.

Plaintiffs filed a Notice of Intent to Serve Subpoenas on March 9, 2023 indicating their intent to serve six subpoenas in this case, including: (1) the Florida Board of Nursing, (2) Florida Commission for Independent Education, (3) Florida Office of Financial Regulation, (4) HCI's accreditor, the Accrediting Commission of Career Schools and Colleges, (5) the Accreditation Commission for Education in Nursing, and (6) the Florida Department of Revenue. [See Notice of Intent with attached subpoenas, attached as Exhibit 1].

Because of the wide ranging nature of the Amended Complaint, it is currently unknown whether or how the Court's ruling might affect the relevancy of these discovery efforts, leaving the undersigned unaware which of these referenced subpoenas, or other discovery requests, may be objectionable based on how the Court rules. Accordingly, Defendants request that the Court enter an Order staying the discovery on this case, including the issuance of these Subpoenas until there is clarity on which Counts survive the Motion to Dismiss.

## **MEMORANDUM OF LAW**

"[D]istrict courts are entitled to broad discretion in managing pretrial discovery in managing matters." *Perez v. Miami–Dade Cty*., 297 F.3d 1255, 1263 (11th Cir. 2002). We "emphasize[ ] the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." *Id*. Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility. Motions to dismiss for failure to state a claim "present a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court has any need for discovery before the court rules on the motion." *Chudasama v. Mazda Motor Corp*., 123 F.3d 1353, 1367 (11th Cir. 1997) (citation omitted). Indeed, motions to dismiss should, ideally, "be resolved before discovery begins." *Id*. Accordingly, it is within the Court's sound discretion to grant the instant motion. *Strozier v. Walmart, Inc*., 2022 WL 4110157 (N.D. Fla. Sept 8, 2022); *Moore v. Potter*, 141 Fed. Appx. 803, 807-08 (11th Cir. 2005) (unpublished opinion)(finding no error in the District Court's order staying discovery pending resolution of a motion to dismiss for failure to state a claim for relief).

Defendants recognize that they must demonstrate good cause and reasonableness, and

3

toward that end rest on the arguments set forth in the Motions to Dismiss which demonstrate the Amended Complaint fails to state a viable cause of action as to any Defendant. "[C]ourts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the entire action.' " *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), aff'd, 87 F. App'x 713 (11th Cir. 2003) (quoting *Association Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716 (S.D.N.Y. Mar.16, 1999)). "While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. 651, 652–53 (M.D. Fla. Sept. 2, 1997). The Court also "must balance the harm produced by delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery." *Rubinstein v. Keshet Inter Vivos Tr.*, 2018 WL 3730868, at *2 (S.D. Fla. Apr. 27, 2018) (quoting *Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008)). As set forth in the Motions Dismiss, Plaintiffs have failed to assert any viable cause of action in the Amended Complaint. Thus, Defendants seek a stay until the Court rules on the Motions.

Second, with regard to Florian and Hart, "a court has broad discretion to stay merits discovery and limit discovery to jurisdictional issues pending the resolution of a dispositive motion based on lack of personal jurisdiction." *Wachovia Financial Services, Inc. v. Birdman*, 2010 WL 2966551 (S.D. Fla. May 6, 2010). The Eleventh Circuit Court of Appeals has acknowledged that motions to dismiss for lack of personal jurisdiction may require limited discovery before a meaningful ruling can be made. *Chudasama*, 123 F. 3d at 1367. However, "general discovery" should be stayed until such time as the court rules on a motion to dismiss for

lack of personal jurisdiction. *See Abercrombie & Fitch Stores, Inc. v. Texas Fixture Installers*, 2010 WL 2465185 at 2 (M.D. Fla. Jun. 9, 2010); *see also Gleneagle*, 602 So. 2d 1282, 1284 (Fla. 1992) (discovery conducted during pendency of a motion to dismiss for lack of personal jurisdiction should not address merits of a case or be broad, onerous or expansive).

Facially, these subpoenas appear to relate to the merits of Plaintiffs' claims, not jurisdictional issues. Personal jurisdiction is a threshold issue that must be determined prior to merits discovery. *See Wachovia Fin. Servs. Inc. v. Birdman*, 2010 WL 2966551 (S.D. Fla. May 6, 2010) ("Discovery on the merits of Plaintiff's claims against the [Defendants] is unduly burdensome and will not assist the Court in determining the threshold issue of personal jurisdiction over the [Defendants]."). The Motions to Dismiss filed on behalf of Florian and Hart present a threshold issue for this Court that must be resolved before merits discovery should be permitted. Florian and Hart are entitled to a stay on all merits discovery including, but not limited to, the instant Notice of Intent to Serve Subpoenas, until the Court rules upon the Motions to Dismiss filed on behalf of Florian and Hart.

## CONCLUSION

WHEREFORE, Defendants, HEALTH CAREER INSTITUTE LLC (dba HCI COLLEGE LLC and HCI ACQUISITION LLC), FLORIAN EDUCATION INVESTORS LLC, and STEVEN HART respectfully request this Court grant this Motion to Stay the Issuance of Subpoenas, and enter an Order as set forth herein, and for any alternative relief the Court deems appropriate.

### Certificate of Good Faith Conference

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with counsel for Plaintiffs, who object to this motion.

**KUBICKI DRAPER**
110 East Broward Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
Direct Line: (954) 713-2323
MJC-KD@kubickidraper.com
BF-KD@kubickidraper.com

BY: /S/ *Michael J. Carney*
MICHAEL J. CARNEY
Florida Bar No. 44326