UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:22-cv-81883- RAR

BRITTANY ROBERSON, REBECCA
FREEMAN, BIANCA VIÑAS, TIFFANY
KING, and TRESHA THOMPSON,
individually and on behalf of others
similarly situated,

    Plaintiffs,

v.

HEALTH CAREER INSTITUTE LLC (dba
HCI COLLEGE LLC and HCI ACQUISITION LLC),
FLORIAN EDUCATION INVESTORS LLC, and
STEVEN W. HART,

    Defendant(s)

## **CONFIDENTIALITY STIPULATION**

The Parties to this action recognize that discovery requests have been made which call upon the party to whom the request is directed to divulge information that the party considers confidential. In order to expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and to facilitate the preservation of the confidentiality of the material deemed worthy of protection:

**IT IS HEREBY STIPULATED AND AGREED** by all the Parties, through their respective undersigned counsel, that:

1.    This Stipulation governs the handling of all information contained in documents, deposition testimony, deposition exhibits, answers to interrogatories, requests for admissions, and other written, recorded or graphic matter produced or obtained by any party during all the

1

proceedings in this action. Any party may designate as confidential, as well as code for and redact, any documents produced, prior to the execution of this Stipulation and such document(s) shall be subject to the Stipulation. The designating party shall identify each such document to be designated as confidential by the date produced, manner of production, Bates number, description of the document, or other identifying characteristic. This Stipulation does not restrict a party's use of material that they obtain from any third party, subject to any further agreement. However, any attorney may designate third party production as confidential if so stamped or specified in writing and the other party is advised of such designation.

2.  A party producing discovery material or other party may designate all or any portion of such discovery material as "Confidential", indicating that such material contains information that is sensitive financial and business information, proprietary information, trade secrets, personal information regarding non-parties and information that is personal and private, or otherwise confidential, to be treated in accordance with the provisions of this Stipulation (as "Confidential Material"). The designation of confidential may be made by stamping or affixing "Confidential" onto any document (in such a manner as will not interfere with the legibility thereof), by specifying in writing that the material is confidential by sending a written communication to counsel for the other party or parties so designating such material, on the record at a deposition or other proceeding, or by any other reasonable means agreed to by the Parties in writing. A producing party may further code and/or redact all or any part of such discovery material, and any such coded or redacted material shall be treated as Confidential Material pursuant to the provisions of this Stipulation.

3.  A producing party must use reasonable care to limit any Confidentiality designation to specific material. The producing party must designate for protection only those parts of material,

documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

4. Confidential Material shall not be used for any purpose other than for the defense or prosecution of this action in accordance with the provisions of this stipulation and shall not be discussed or disclosed to any person except as specifically agreed in this Stipulation.

5. Confidential Material shall not be disclosed to or discussed with any person except:

a. The Parties, the undersigned counsel for the Parties, and the employees of such counsel (including legal assistant, paralegals, court reporters and other persons employed and supervised by such counsel);

b. Designated experts or paid and retained consultants specifically hired by a party or parties to this action for the purpose of giving advice or testimony in this action provided that said Confidential Material may not be disclosed to such designated experts or paid and retained consultants for any other purpose whatsoever;

c. Any person who is deposed or testified during such person's deposition or testimony and preparation therefore and at no other time and only such information as is necessary for the preparation of the taking of the deposition;

d. The Court;

e. Other persons only upon written consent of the party or parties whose Confidential Material is to be reviewed or as duly ordered by the Court;

f. Nothing herein shall preclude any party from using document(s) at trial;

g. Nothing herein shall preclude any party from producing documents to any federal or state regulators in connection with a regulatory or investigative action in the

        event of a subpoena or similar formal request. That said, absent a specific subpoena or similar formal request, and notice to Defendants, Confidential Material shall not be informally produced to the CFPB, which previously filed a Notice in this matter;

    h.    Nothing herein shall preclude any party from moving for any other restrictions on disclosure it deems necessary.

Each person referred to in subparagraphs 5(b),(c), and (e) of this Stipulation, who is given access to a party or the Parties' Confidential Material shall sign a statement that he/she has read a copy of this Stipulation and agrees to be bound by its provisions or instructions shall be provided on the record during a deposition.

    6.    In the event that counsel for any party determines to file or submit to the Court any Confidential Material or any papers containing or making reference to such material or information, such documents shall be filed in accordance with the Court's orders regarding confidential materials or information and if none is provided, the party shall file only in sealed envelopes on which shall be endorsed the caption of the appropriate action and a statement substantially in the following form:

### CONFIDENTIAL

This envelope contains confidential documents that are subject to a Confidentiality Stipulation governing the use of confidential discovery material. The envelope shall not be opened or the contents thereof displayed or revealed except by order of the Court.

    7.    Promptly upon conclusion of this action and any appeals thereof, all Confidential Material supplied by any party and all copies, summaries or other compilations thereof shall be returned to the party which produced such material or such Confidential Material shall be certified to have been destroyed; provided, however, that the parties and their counsel may retain copies of

briefs and other papers filed with the Court which contain or constitute Confidential Material, so long as such briefs and other papers are maintained in accordance with the provisions hereof.

8. Any Confidential Material that is inadvertently produced without notice or identification as to its confidential nature provided in paragraph 2 of this Stipulation, may so be designated by the producing party or any party within a reasonable period following discovery that the Confidential Material has been produced without such designation.

9. This Stipulation is without prejudice to the right of any party to seek relief from or modification of any provision contained herein by appropriate motion.

So stipulated on behalf of the respective parties on June 26, 2023.

By: /S/ *Michael J. Carney*
MICHAEL J. CARNEY (FBN 44326)
BARBARA FOX (FBN 155608)
MJC-KD@kubickidraper.com
BF-KD@kubickidraper.com
**KUBICKI DRAPER**
110 East Broward Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
Direct Line: (954) 713-2323
Attorneys for Defendants

By: /S/ *Nicole Mayer*
NICOLE C. MAYER
Florida Bar No. 012035
Nicole@MayerLawFlorida.com
**Mayer Law PLLC**
171 Dommerich Drive
Maitland, Florida 32751
(352) 494-3657

REBECCA EISENBREY
(*pro hac vice*)
ERIC SCHMIDT
(*pro hac vice*)
VICTORIA ROYTENBURG
(*pro hac vice*)
**Project on Predatory Student Lending**
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
(617) 390-2669
Attorneys for Plaintiffs