UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:22-cv-81883- RAR

BRITTANY ROBERSON, REBECCA
FREEMAN, BIANCA VIÑAS, TIFFANY
KING, and TRESHA THOMPSON,
individually and on behalf of others similarly
situated,

      Plaintiffs,

v.

HEALTH CAREER INSTITUTE LLC (dba
HCI COLLEGE LLC and HCI ACQUISITION LLC),
FLORIAN EDUCATION INVESTORS LLC, and
STEVEN W. HART,

      Defendants.

_____/

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY

Defendants, HEALTH CAREER INSTITUTE LLC (dba HCI COLLEGE LLC and HCI ACQUISITION LLC) ("HCI"), FLORIAN EDUCATION INVESTORS LLC ("FLORIAN") and STEVEN HART ("HART") by and through undersigned counsel, file this Response to Plaintiffs' Motion to Compel Deposition Testimony [DE 91], and states as follows:

In response to Plaintiff's Motion to Compel, Defendants hereby incorporate by reference the assertions and arguments made in their Motion to Define the Scope of Financial Discovery [DE 89]. However, Defendants by this response will address specific arguments made by Plaintiffs in their motion to compel.

To start, the issue before this Court involves a disagreement as to the proper scope of financial discovery. With respect to HCI, the parties disagreed as to the interpretation of the

1

topic regarding financial information and agreed to have the Magistrate Judge determine the proper scope of discovery with the understanding that they would return for additional limited discovery once this Court determined same.  Despite this agreement, the Plaintiffs seek the imposition of sanctions for alleged delay due to the failure to answer limited discovery.  To be clear, despite the dispute which is the subject of Plaintiffs' motion to compel, HCI's corporate representatives were deposed for over 14 hours in total for over 30 areas of inquiry, many with multiple subtopics for which there was simply no doubt that the deponents were prepared, candid and provided full and complete answers, including many which went to the finances, such as how much employees were paid.  Further, the questions which were objected to were extremely limited in scope.   Under these circumstances, Defendants should not be sanctioned.

       As set forth in its motion, its HCI's contention that to the extent financial discovery is warranted in connection with the allegation that Plaintiffs are entitled to punitive damages, Plaintiffs are entitled nothing more than net worth discovery not an unfettered fishing expedition into all of HCI's finances.   Plaintiffs' assertion in its motion to compel that the use of HCI's revenue is relevant to Plaintiffs' claims, the gravamen of which is that Defendants grossly overcharge for a subpar product, is without merit.  HCI's profits are not dispositive of whether that HCI overcharges for a subpar product.  And in fact, it is Plaintiffs position in their complaints [DE 40, 93], that HCI's product was completely valueless so that it was worth nothing.   Thus, according to the allegations of Plaintiffs' complaint all of HCI's profits, if any and no matter how small, are unearned  so that detailed information as to same is simply not relevant.

       Further, there is simply merit to Plaintiffs' assertion that the financial relations between HCI and Florian is relevant to the Court's jurisdiction as the Court has already

2

determined this at that issue and had done so at the time of the depositions.  Moreover, as Plaintiffs conceded, an individual is liable for FDUTPA violations only if it possesses authority to control deceptive actions or practices and cites *see also Fed. Trade Comm'n v. Student Aid Ctr.*, Inc., 281F. Supp. 3d 1324, 1336 (S.D. Fla. 2016).  Thus, there is simply no connection between the financial relationship of the parties and Florian's ability to control HCI with respect to the allegedly deceptive acts (individual is liable for FDUTPA violations if it possessed the authority to control deceptive acts or practices).  And regardless, Plaintiffs were allowed unfettered questioning of both HCI and Hart with respect to the relationship between the parties as well as their involvement in the allegedly deceptive acts.

With respect to Hart and Florian, Plaintiff has not identified any reason why Hart, who was deposed in his individual capacity, was required to disclose his personal financial information or that of Florian, as he was not deposed in his capacity as a corporate representative, particularly when neither are subject to punitive damages.

Dated: September 5, 2023                                    Respectfully submitted,

BY: /S/ Michael J. Carney
MICHAEL J. CARNEY (Florida Bar No. 44326)
MJC-KD@kubickidraper.com
BARBARA FOX (Florida Bar No. 155608)
BF-KD@kubickidraper.com
**KUBICKI DRAPER**
110 East Broward Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
Telephone: (954) 713-2323
Attorneys for Defendants