UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:22-cv-81883- RAR

BRITTANY ROBERSON, REBECCA
FREEMAN, BIANCA VINAS, and
TIFFANY KING,  and TRESHA
THOMPSON individually and on
behalf of others similarly situated,

      Plaintiff,

v.

HEALTH CAREER INSTITUTE LLC (dba
HCI COLLEGE LLC and HCI ACQUISITION LLC),
FLORIAN EDUCATION INVESTORS LLC, and STEVEN
W. HART,

      Defendant (s).

_____/

## DEFENDANT'S, HEALTH CAREER INSTITUTE LLC, PARTIAL ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

      Defendant, HEALTH CAREER INSTITUTE LLC (dba HCI COLLEGE LLC and HCI ACQUISITIONS LLC) ("HCI"), by and through its undersigned counsel, hereby files its Partial Answer and Defenses to Plaintiffs' Second Amended Complaint [ECF No. 93] as follows:

      1.     In response to paragraph numbered 1 of the Second Amended Complaint ("SAC"), HCI denies the allegations contained therein.

      2.     In response to paragraph numbered 2 of the SAC, HCI admits that it offers an Associate of Science in Nursing degree program at its West Palm Beach and Fort Lauderdale campuses. HCI denies the allegations contained in footnote 1 in paragraph numbered 2.

      3.     In response to paragraph numbered 3 of the SAC, HCI denies the allegations contained therein.

1

4.      In response to paragraph numbered 4 of the SAC, HCI admits that Plaintiffs are quoting words that appear on the websites referenced in footnotes 2 and 3 to paragraph numbered 4, but denies the remaining allegations contained therein, denies that Plaintiffs have any cognizable claims, and denies that Plaintiffs are entitled to any relief.

5.      In response to paragraph numbered 5 of the SAC, HCI denies the allegations contained therein, denies Plaintiffs have any cognizable claims, and denies that Plaintiffs are entitled to any relief.

6.      In response to paragraph numbered 6 of the SAC, HCI denies the allegations contained therein, denies Plaintiffs have any cognizable claims, and denies that Plaintiffs are entitled to any relief.

7.      In response to paragraph numbered 7 of the SAC, HCI avers that the Florida Board of Nursing issued notices of intent to place an Associate of Science in Nursing degree program at its West Palm Beach campus on probation and denies the remaining allegations contained in paragraph numbered 7.

8.      In response to paragraph numbered 8 of the SAC, HCI denies the allegations contained therein, denies Plaintiffs have any cognizable claims, and denies that Plaintiffs are entitled to any relief.

9.      In response to paragraph numbered 9 of the SAC, HCI denies the allegations contained therein, denies Plaintiffs have any cognizable claims, and denies that Plaintiffs are entitled to any relief.

10.      In response to paragraph numbered 10 of the SAC, HCI denies the allegations contained therein, denies Plaintiffs have any cognizable claims, and denies that Plaintiffs are entitled to any relief.

11.     In response to paragraph numbered 11 of the SAC, HCI avers that the Florida Board of Nursing issued a notice of intent to terminate an Associate of Science in Nursing degree program at its West Palm Beach campus stating it would become effective upon filing with the clerk of the Department of Health and denies the remaining allegations contained in paragraph numbered 11.

12.     In response to paragraph numbered 12 of the SAC, HCI denies the allegations contained therein.

13.     In response to paragraph numbered 13 of the SAC, HCI denies the allegations contained therein.

14.     In response to paragraph numbered 14 of the SAC, HCI denies the allegations contained therein.

15.     In response to paragraph numbered 15 of the SAC, HCI denies the allegations contained therein.

16.     In response to paragraph numbered 16 of the SAC, HCI denies the allegations contained therein.

17.     In response to paragraph numbered 17 of the SAC, HCI denies the allegations contained therein.

18.     In response to paragraph numbered 18 of the SAC, HCI avers that the Student Enrollment Agreement attached [ECF No. 93-5] with the first name "Brittany" and last name "Roberson" typed thereon includes the words "Anticipated End Date" and typed numbers "12/18/2021".  HCI denies the remaining allegations contained in paragraph numbered 18.

19.     In response to paragraph numbered 19 of the SAC, HCI avers that the Student Enrollment Agreement attached [ECF No. 93-6] with the first name "Rebecca" and last name

"May Freeman" typed thereon includes the words "Anticipated End Date" and typed numbers "12/18/2021". HCI denies the remaining allegations contained in paragraph numbered 19.

20.    In response to paragraph numbered 20 of the SAC, HCI is without sufficient knowledge as to the truth or falsity of the allegations contained therein as phrased and therefore denies said allegations.

21.    In response to paragraph numbered 21 of the SAC, HCI is without sufficient knowledge as to the truth or falsity of the allegations contained therein as phrased and therefore denies said allegations.

22.    In response to paragraph numbered 22 of the SAC, HCI is without sufficient knowledge as to the truth or falsity of the allegations contained therein as phrased and therefore denies said allegations.

23.    In response to paragraph numbered 23 of the SAC, HCI denies the allegations contained therein.

24.    In response to paragraph numbered 24 of the SAC, HCI is without sufficient knowledge as to the truth or falsity of the allegations contained therein as phrased and therefore denies said allegations.

25.    In response to paragraph numbered 25 of the SAC, HCI denies the allegations contained therein.

26.    In response to paragraph numbered 26 of the SAC, HCI denies the allegations contained therein.

27.    In response to paragraph numbered 27 of the SAC, HCI denies the allegations contained therein including all subparts.

28.     In response to paragraph numbered 28 of the SAC, HCI admits that Plaintiffs are attempting to bring this action against HCI and is attempting to hold HCI liable under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), for breach of contract, under the Equal Credit Opportunity Act ("ECOA"), and under Title VI of the Civil Rights Act of 1964 ("Title VI"). HCI denies that Plaintiffs are entitled to any relief and otherwise deny the existence of those acts and the allegations of paragraph 28.

29.     In response to paragraph numbered 29 of the SAC, HCI admits this Court has subject matter jurisdiction over Plaintiffs' federal ECOA and Title VI claims. HCI denies that this Court has supplemental jurisdiction over Plaintiffs' state law claims as they appear to arise from disparate, discrete facts.

30.     In response to paragraph numbered 30 of the SAC, HCI admits the allegations contained therein.

31.     In response to paragraph numbered 31 of the SAC, HCI admits that Plaintiffs are attempting to establish jurisdiction over Florian and that this Court has ruled on the issue of jurisdiction. Nonetheless, HCI denies that Plaintiffs have cognizable claims and denies that they are entitled to any relief.

32.     In response to paragraph numbered 32 of the SAC, UCC financing statement speaks for itself and Plaintiffs' interpretation of same calls for a legal conclusion and therefore, HCI is not required to respond to this allegation. To the extent a response is required, HCI denies the allegations of paragraph 32.

33.     In response to paragraph numbered 33 of the SAC, HCI admits the allegations contained therein.

34.     In response to paragraph numbered 34 of the SAC, HCI is not required to respond to paragraph 34 as it calls for a legal conclusion.  To the extent a response is required, HCI denies same.

35.     In response to paragraph numbered 35 of the SAC, HCI admits that Plaintiffs are quoting words from HCI catalogs and denies the remaining allegations contained therein.

36.     In response to paragraph numbered 36 of the SAC, HCI denies the allegations contained therein as phrased.

37.     In response to paragraph numbered 37 of the SAC, HCI admits that Florian investors receive newsletters, reports and presentations and denies the remaining allegations contained therein.

38.     In response to paragraph numbered 38 of the SAC, HCI is without sufficient knowledge as to the truth or falsity of the allegations contained therein as phrased and therefore denies said allegations.

39.     In response to paragraph numbered 39 of the SAC, HCI is without sufficient knowledge as to the truth or falsity of the allegations contained therein as phrased and therefore denies said allegations.

40.     In response to paragraph numbered 40 of the SAC, HCI admits the allegations contained therein.

41.     In response to paragraph numbered 41 of the SAC, HCI admits that Plaintiffs are attempting to establish jurisdiction over Hart and that this Court has ruled on the issue of jurisdiction. Nonetheless, HCI denies that Plaintiffs have cognizable claims, denies that they are entitled to any relief and denies the remaining allegations contained therein.

42.    In response to paragraph numbered 42 of the SAC, HCI admits the Court has diversity jurisdiction pursuant to 28 U.S.C. §§1332(a)(1) and (d) and denies the remaining allegations contained therein, denies that Plaintiffs have any cognizable claims and denies that Plaintiffs are entitled to any relief.

43.    In response to paragraph numbered 43 of the SAC, HCI admits that Plaintiffs are attempting to establish venue in this district. Nonetheless, HCI denies that this district has proper venue over this matter, as it denies that Plaintiffs have any cognizable claim and denies that Plaintiff is entitled to any relief.

44.    In response to paragraph numbered 44 of the SAC, HCI avers that Roberson was enrolled in the Associate of Science in Nursing degree program at its West Palm Beach campus, is without sufficient knowledge as to the truth or falsity of Roberson's residency and denies the remaining allegations contained therein.

45.    In response to paragraph numbered 45 of the SAC, HCI avers that Freeman was enrolled in the Associate of Science in Nursing degree program at its West Palm Beach campus, is without sufficient knowledge as to the truth or falsity of Freeman's residency and denies the remaining allegations contained therein.

46.    In response to paragraph numbered 46 of the SAC, HCI avers that Vinas was enrolled in the Associate of Science in Nursing degree program at its West Palm Beach campus, is without sufficient knowledge as to the truth or falsity of Vinas's residency and denies the remaining allegations contained therein.

47.    In response to paragraph numbered 47 of the SAC, HCI avers that King was enrolled in the Associate of Science in Nursing degree program at its West Palm Beach campus,

is without sufficient knowledge as to the truth or falsity of King's residency and denies the remaining allegations contained therein.

48.     In response to paragraph numbered 48 of the SAC, HCI avers that Thompson was enrolled in the Associate of Science in Nursing degree program at its Fort Lauderdale campus, is without sufficient knowledge as to the truth or falsity of Thompson's residency and denies the remaining allegations contained therein.

49.     In response to paragraph numbered 49 of the SAC, HCI admits the first five sentences in paragraph 49.  HCI admits that Plaintiffs are quoting words in Annual Reports to the BON, but denies that that Steve Hart owns the school.

50.     In response to paragraph numbered 50 of the SAC, HCI is without sufficient knowledge as to the truth or falsity of whether Florian is a Delaware corporation with its principal place of business in Darien, Connecticut. HCI admits that Florian is the managing member of HCI.

51.     In response to paragraph numbered 51 of the SAC, HCI not required to respond to paragraph 51 as it calls for a legal conclusion. To the extent that an answer is required, HCI denies the allegation of paragraph 51.

52.     In response to paragraph numbered 52 of the SAC, HCI is without sufficient knowledge as to the truth or falsity of the allegations contained therein.

53.     In response to paragraph numbered 53 of the SAC, HCI is without sufficient knowledge as to the truth or falsity of the allegations contained therein.

54.     In response to paragraph numbered 54 of the SAC, HCI admits that Plaintiffs are quoting words from HCI catalogs and denies the remaining allegations contained therein as phrased.

55.      In response to paragraph numbered 55 of the SAC, HCI admits the allegations contained therein.

56.      In response to paragraph numbered 56 of the SAC, HCI admits that Hart sits on HCI's Executive Committee with the company's CEO and CFO, but denies the remaining allegations contained therein.

57.      In response to paragraph numbered 57 of the SAC, HCI is without sufficient knowledge as to the truth or falsity of the allegations contained therein and therefore denies said allegations.

58.      In response to paragraph numbered 58 of the SAC, HCI is without sufficient knowledge as to the truth or falsity of the allegations contained therein and therefore denies said allegations.

59.      In response to paragraph numbered 59 of the SAC, HCI generally admits there are two categories of nursing professions with a bachelor's degree or less and denies the remaining allegations of paragraph 59.

60.      In response to paragraph numbered 60 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 60.

61.      In response to paragraph numbered 61 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 61.

62.     In response to paragraph numbered 62 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 62.

63.     In response to paragraph numbered 63 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 63.

64.     In response to paragraph numbered 64 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 64.

65.     In response to paragraph numbered 65 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 65.

66.     In response to paragraph numbered 66 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 66.

67.     In response to paragraph numbered 67 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual

allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 67.

68.     In response to paragraph numbered 68 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 68.

69.     In response to paragraph numbered 69 of the SAC, HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69; therefore, denied.

70.     In response to paragraph numbered 70 of the SAC, HCI denies HCI was exploitive or expensive but admits it is a for-profit institution.   HCI lacks knowledge or information sufficient to form a belief as to the truth of the remainder of allegations of paragraph 70; therefore, denied.

71.     In response to paragraph numbered 71 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 71.

72.     In response to paragraph numbered 72 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 72.

73.     In response to paragraph numbered 73 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual

allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 73.

74.     In response to paragraph numbered 74 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 74.

75.     In response to paragraph numbered 75 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 75.

76.     In response to paragraph numbered 76 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 76.

77.     In response to paragraph numbered 77 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 77.

78.     In response to paragraph numbered 78 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 78.

79.      In response to paragraph numbered 79 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 79 and any subpart.

80.      In response to paragraph numbered 80 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 80.

81.      In response to paragraph numbered 81 of the SAC, HCI admits the allegations contained therein.

82.      In response to paragraph numbered 82 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 82 and all subparts.

83.      In response to paragraph numbered 83 of the SAC, HCI admits the existence of Form 609a.

84.      In response to paragraph numbered 84 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 84.

85.      In response to paragraph numbered 85 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual

allegations.    To the extent a response is deemed necessary, HCI denies the allegations of paragraph 85.

86.    In response to paragraph numbered 86 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.    To the extent a response is deemed necessary, HCI denies the allegations of paragraph 86.

87.    In response to paragraph numbered 87 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.    To the extent a response is deemed necessary, HCI denies the allegations of paragraph 87.

88.    In response to paragraph numbered 88 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.    To the extent a response is deemed necessary, HCI denies the allegations of paragraph 88.

89.    In response to paragraph numbered 89 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.    To the extent a response is deemed necessary, HCI denies the allegations of paragraph 89.

90.    In response to paragraph numbered 90 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.    To the extent a response is deemed necessary, HCI denies the allegations of paragraph 90.

91.     In response to paragraph numbered 91 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 91.

92.     In response to paragraph numbered 92 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.   To the extent a response is deemed necessary, HCI denies the allegations of paragraph 92.

93.     In response to paragraph numbered 93 of the SAC, HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

94.     In response to paragraph numbered 94 of the SAC, HCI admits that Florian acquired HCI, but states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 94.

95.     In response to paragraph numbered 95 of the SAC, HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95.

96.     In response to paragraph numbered 96 of the SAC, HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96.

97.     In response to paragraph numbered 97 of the SAC, HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

98.     In response to paragraph numbered 98 of the SAC, HCI admits the allegations contained therein.

99.     In response to paragraph numbered 99 of the SAC, HCI denies the allegations contained therein.

100.    In response to paragraph numbered 100 of the SAC, HCI admits the allegations contained therein.

101.    In response to paragraph numbered 101 of the SAC, HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

102.    In response to paragraph numbered 102 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as Plaintiffs are asserting a legal conclusion to be derived from the referenced documents; therefore, the allegations of paragraph 102 are denied.

103.    In response to paragraph numbered 103 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as Plaintiffs are asserting a legal conclusion to be derived from the referenced documents, therefore, the allegations of paragraph 103 are denied.

104.    In response to paragraph numbered 104 of the SAC, HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

105.    In response to paragraph numbered 105 of the SAC, HCI denies the allegations contained therein.

106.    In response to paragraph numbered 106 of the SAC, HCI admits the allegations contained therein.

107.    In response to paragraph numbered 107 of the SAC, HCI denies the allegations contained therein.

108.    In response to paragraph numbered 108 of the SAC, HCI denies the allegations contained therein.

109.    In response to paragraph numbered 109 of the SAC, HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 109 related to national averages; therefore, denied.  Moreover, inclusion of unverified charts not supported

by an approved or agreed upon methodology or expert testimony is surplusage at this point, and should be stricken.

110.    In response to paragraph numbered 110 of the SAC, HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 110 related to national averages; therefore, denied.

111.    In response to paragraph numbered 111 of the SAC, HCI denies the allegations contained therein as phrased.

112.    In response to paragraph numbered 112 of the SAC, HCI admits that it was not on probationary status in 2017 and is without sufficient knowledge as to the truth or falsity of the remaining allegations as phrased.

113.    In response to paragraph numbered 113 of the SAC, HCI admits the allegations contained therein.

114.    In response to paragraph numbered 114 of the SAC, HCI admits the BON issued a notice of intent and denies the remaining allegations contained therein.

115.    In response to paragraph numbered 115 of the SAC, HCI admits it filed an action with the Florida Department of Administrative Hearings but denies the remaining allegations of paragraph 115 as phrased.

116.    In response to paragraph numbered 116 of the SAC, HCI denies the allegations contained therein.

117.    In response to paragraph numbered 117 of the SAC, HCI denies the allegations contained therein.

118.     In response to paragraph numbered 118 of the SAC, HCI admits that it applied to operate a program at its West Palm Beach campus in or about May 2018 and denies the remaining allegations contained therein.

119.     In response to paragraph numbered 119 of the SAC, HCI denies the allegations contained therein.

120.     In response to paragraph numbered 120 of the SAC, HCI denies the allegations contained therein.

121.     In response to paragraph numbered 121 of the SAC, HCI admits the allegations contained therein.

122.     In response to paragraph numbered 122 of the SAC, HCI admits that HCI withdrew its action pending in the Florida Department of Administrative Hearings and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 122; therefore, denied.

123.     In response to paragraph numbered 123 of the SAC, HCI admits the BON issued a notice of intent in or about March 2019 as to program with NCLEX code 70755, but denies the remaining allegations contained therein.

124.     In response to paragraph numbered 124 of the SAC, HCI denies the allegations contained therein as phrased.

125.     In response to paragraph numbered 125 of the SAC, HCI admits the allegations contained therein.

126.     In response to paragraph numbered 126 of the SAC, HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 126 as phrased.

127.    In response to paragraph numbered 127 of the SAC, HCI admits HCI is accredited by the ACCSC.  HCI admits they did not receive accreditation for ACEN.   HCI's annual reports speak for themselves.  To the extent a response is deemed necessary, denied.

128.    In response to paragraph numbered 128 of the SAC, HCI denies the allegations of paragraph 128 as phrased and avers that the program with NCLEX code 70755 terminated on or about August 26, 2019.

129.    In response to paragraph numbered 129 of the SAC, HCI denies the allegations of paragraph 129 as phrased.  HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 129, footnote 15 as to what BON records show; therefore, denied.

130.    In response to paragraph numbered 130 of the SAC, HCI denies the allegations of paragraph 130.

131.    In response to paragraph numbered 131 of the SAC, HCI denies the allegations of paragraph 131 as phrased.

132.    In response to paragraph numbered 132 of the SAC, HCI admits that HCI asked for an extension to obtain programmatic accreditation.

133.    In response to paragraph numbered 133 of the SAC, HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 133 as phrased.

134.    In response to paragraph numbered 134 of the SAC, HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 134.

135.    In response to paragraph numbered 135 of the SAC, HCI admits that HCI advertised the Associate in Nursing Degree program as a professional nursing program that prepares students for employment.  HCI denies the remaining allegations of paragraph 135.

136.    In response to paragraph numbered 136 of the SAC, HCI denies the allegations contained therein as phrased.

137.    In response to paragraph numbered 137 of the SAC, HCI denies the allegations contained therein.

138.    In response to paragraph numbered 138 of the SAC, HCI denies the allegations contained therein.

139.    In response to paragraph numbered 139 of the SAC, HCI denies the allegations contained therein.

140.    In response to paragraph numbered 140 of the SAC, HCI admits it presented materials to the CIE and admits that Plaintiffs attempt to quote materials presented to the CIE, but is without sufficient knowledge as to the truth or falsity of the remaining allegations and therefore denies said allegations.

141.    In response to paragraph numbered 141 of the SAC, HCI admits prospective students may retake the TEAS.  HCI otherwise denies the remaining allegations of paragraph 141.

142.    In response to paragraph numbered 142 of the SAC, HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 142 as it relates to ATI; therefore, denied.  The remaining allegations of paragraph 142 are denied.

143.    In response to paragraph numbered 143 of the SAC, HCI denies the allegations of paragraph 143, as phrased.

144.     In response to paragraph numbered 144 of the SAC, HCI denies the allegations of paragraph 144, as phrased.

145.     In response to paragraph numbered 145 of the SAC, HCI denies the allegations of paragraph 145.

146.     In response to paragraph numbered 146 of the SAC, HCI admits the allegations of paragraph 146 as relates to the date students began to be enrolled and in further response admits HCI submitted a report to the BON. HCI denies the remaining allegations contained therein as phrased.

147.     In response to paragraph numbered 147 of the SAC, HCI denies the allegations contained therein as phrased.

148.     In response to paragraph numbered 148 of the SAC, HCI admits the named Plaintiffs entered into a contractual relationship with HCI as part of the enrollment agreement. HCI denies the existence of a contract between any Plaintiff and Florian.  HCI denies the existence of an ascertainable and certifiable class.

149.     In response to paragraph numbered 149 of the SAC, HCI denies the allegations contained therein as phrased.

150.     In response to paragraph numbered 150 of the SAC, HCI admits that Plaintiffs appear to be quoting words from enrollment agreement(s), but denies the remaining allegations contained in paragraph 150 as phrased and denies the existence of an ascertainable and certifiable class.

151.     In response to paragraph numbered 151 of the SAC, HCI admits that Plaintiffs appear to be quoting words from enrollment agreement(s), but denies the remaining allegations

contained in paragraph 151 as phrased and denies the existence of an ascertainable and certifiable class.

152.    In response to paragraph numbered 152 of the SAC, HCI denies the allegations of paragraph 152, as phrased.

153.    In response to paragraph numbered 153 of the SAC, HCI admits that Plaintiffs appear to be quoting words from enrollment agreement(s), but denies the remaining allegations contained in paragraph 153 as phrased and denies the existence of an ascertainable and certifiable class.

154.    In response to paragraph numbered 154 of the SAC, HCI denies the allegations contained therein.

155.    In response to paragraph numbered 155 of the SAC, HCI admits that Plaintiffs appear to be quoting words from enrollment agreement(s), but denies the remaining allegations contained in paragraph 155 as phrased and denies the existence of an ascertainable and certifiable class.

156.    In response to paragraph numbered 156 of the SAC, HCI admits that Plaintiffs appear to be quoting words from enrollment agreement(s), but denies the remaining allegations contained in paragraph 156 as phrased and denies the existence of an ascertainable and certifiable class.

157.    In response to paragraph numbered 157 of the SAC, HCI denies the allegations contained therein and denies the existence of an ascertainable and certifiable class.

158.    In response to paragraph numbered 158 of the SAC, HCI denies the allegations contained therein and denies the existence of an ascertainable and certifiable class.

159.    In response to paragraph numbered 159 of the SAC, HCI admits that Plaintiffs appear to be quoting words from catalog(s), but denies the remaining allegations contained in paragraph 159 as phrased and denies the existence of an ascertainable and certifiable class.

160.    In response to paragraph numbered 160 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, denied.

161.    In response to paragraph numbered 161 of the SAC, HCI admits that Plaintiffs appear to be quoting words from catalog(s).

162.    In response to paragraph numbered 162 of the SAC, HCI admits the named Plaintiffs only signed one Enrollment Agreement.  HCI denies the existence of an ascertainable and certifiable class and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 162 with respect to any proposed class.

163.    In response to paragraph numbered 163 of the SAC, HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, denied.

164.    HCI denies the allegations of paragraph 164.

165.    HCI denies the allegations of paragraph 165.

166.    HCI denies the allegations of paragraph 166.

167.    HCI denies the allegations of paragraph 167.

168.    HCI denies that HCI enters into retail installment contracts as that term is defined by Florida law.  Defendants are filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts.

169.    HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law.  To an extent a response is deemed necessary, denied.

170.    HCI denies that HCI entered into retail installment contracts as that term is defined by Florida law. Defendants are filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts.

171.    HCI denies that HCI entered into retail installment contracts as that term is defined by Florida law. Defendants are filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts.

172.    HCI denies that HCI entered into retail installment contracts as that term is defined by Florida law. Defendants are filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts, but otherwise deny the allegations of paragraph 172.

173.    HCI denies that HCI entered into retail installment contracts as that term is defined by Florida law. Defendants are filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts, but otherwise deny the allegations of paragraph 173. HCI denies the existence of an ascertainable and certifiable class.

174.    HCI denies that HCI entered into retail installment contracts as that term is defined by Florida law. Defendants are filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts, but otherwise deny the allegations of paragraph 174. HCI denies the existence of an ascertainable and certifiable class.

175.    HCI has no obligation to respond to the allegations of paragraph 175 as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, denied.

176.    HCI has no obligation to respond to the allegations of paragraph 176 as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 176, therefore, denied.

177.    HCI has no obligation to respond to the allegations of paragraph 177 as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 177, therefore, denied.

178.    HCI has no obligation to respond to the allegations of paragraph 178 as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 178, therefore, denied.

179.    HCI denies the allegations of paragraph 179.

180.    HCI has no obligation to respond to the allegations of paragraph 180 as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 180, therefore, denied.

181.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 181, therefore, denied.

182.    HCI denies the allegations of paragraph 182.

183.    HCI has no obligation to respond to the allegations of paragraph 183 as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary,

HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 183, therefore, denied.

184.    HCI denies that HCI enters into retail installment contracts as that term is defined by Florida law.  Defendants are filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts, but HCI otherwise denies the allegations of paragraph 184 and denies the existence of an ascertainable and certifiable class.

185.    HCI denies that HCI enters into retail installment contracts as that term is defined by Florida law.  Defendants are filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts.  HCI admits it did not pay a documentary stamp tax as it was not required to do so.

186.    HCI denies that HCI enters into retail installment contracts as that term is defined by Florida law.  Defendants are filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts.   HCI admits it did not pay a documentary stamp tax as it was not required to do so.

187.    HCI denies that HCI enters into retail installment contracts as that term is defined by Florida law.  Defendants are filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts, but otherwise denies the allegations of paragraph 187.

188.    HCI denies that HCI enters into retail installment contracts as that term is defined by Florida law.  Defendants are filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts, but otherwise denies the allegations of paragraph 188.

189.     HCI denies that HCI enters into retail installment contracts as that term is defined by Florida law.   Defendants are filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts, but otherwise denies the allegations of paragraph 189.

190.     HCI admits that HCI has been in a business relationship with Tuition Options but denies they entered into retail installment contracts.

191.     HCI is without knowledge as to the truth or falsity of the allegations contained therein.  To the extent a response is deemed necessary, denied.

192.     HCI denies the allegations of paragraph 192.

193.     HCI denies the allegations of paragraph 193.

194.     HCI denies the allegations of paragraph 194.

195.     HCI denies the allegations of paragraph 195.

196.     HCI denies the allegations of paragraph 196.

197.     HCI admits that Plaintiffs appear to be quoting words from the website referenced in the footnote to paragraph 197, but denies the remaining allegations contained therein and denies that Plaintiffs have stated any cognizable claim and denies that Plaintiffs are entitled to any relief.

198.     HCI denies the allegations of paragraph 198.

199.     HCI denies the allegations of paragraph 199.

200.     HCI denies the allegations of paragraph 200.

201.     HCI denies the allegations of paragraph 201.

202.     HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 202; therefore, denied.

203.    HCI admits that students received required disclosures.

204.    HCI admits the Plaintiffs enrolled between February 2020 and January of 2021. HCI has no obligation to respond to the remaining allegations of this paragraph as they are assertions of law, rather than factual allegations; therefore, denied.

205.    HCI admits the Plaintiff Thompson enrolled in July of 2021. HCI has no obligation to respond to the remaining allegations of this paragraph as they are assertions of law, rather than factual allegations; therefore, denied.

206.    HCI is without sufficient knowledge as to the truth or falsity of the allegations. To the extent a response is deemed necessary, denied.

207.    HCI is without sufficient knowledge as to the truth or falsity of the allegations. To the extent a response is deemed necessary, denied.

208.    HCI is without sufficient knowledge as to the truth or falsity of the allegations. To the extent a response is deemed necessary, denied.

209.    HCI is without sufficient knowledge as to the truth or falsity of the allegations. To the extent a response is deemed necessary, denied.

210.    HCI denies the allegations contained therein as phrased.

211.    HCI denies the allegations contained therein as phrased.

212.    HCI denies the allegations contained therein as phrased.

213.    HCI denies the allegations contained therein as phrased.

214.    HCI denies the allegations contained in paragraph 214.

215.    HCI denies the allegations contained in paragraph 215.

216.    HCI denies the allegations contained in paragraph 216.

217.    HCI denies the allegations contained in paragraph 217.

218.     HCI avers that the Associate in Nursing degree program complied with applicable Florida faculty and curricular requirements and otherwise denies the allegation of paragraph 219.

219.     HCI denies the allegation of paragraph 219.

220.     HCI denies the allegation of paragraph 220.

221.     HCI denies the allegation of paragraph 221.

222.     HCI denies the allegation of paragraph 222.

223.     HCI denies the allegation of paragraph 223.

224.     HCI admits HCI's clinical relationship with a Cleveland Clinic medical center ended, otherwise denies remaining allegations contained in paragraph 224.

225.     HCI denies the allegations contained in paragraph 225.

226.     HCI denies the allegation of paragraph 226.

227.     HCI denies the allegation of paragraph 227.

228.     HCI denies the allegation of paragraph 228.

229.     HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 229; therefore, denied.

230.     HCI denies the allegation of paragraph 230.

231.     HCI admits that Plaintiffs appear to be quoting portions of the email referenced therein. HCI denies that this contains any sort of misrepresentation or omission and denies that Plaintiffs have stated any cognizable claim for relief.

232.     HCI admits that Plaintiffs appear to be quoting portions of the email referenced therein. HCI denies that this contains any sort of misrepresentation or omission and denies that Plaintiffs have stated any cognizable claim for relief.

233.     HCI admits the allegations of paragraph 233.

234.   HCI denies the allegations of paragraph 234 as phrased.

235.   HCI admits that Plaintiff appears to quote a letter, but denies that this forms any actionable basis for Plaintiffs to assert claims for relief against HCI and denies that Plaintiffs are entitled to any relief.

236.   HCI admits that Plaintiff appears to quote an email, but denies that this forms any actionable basis for Plaintiffs to assert claims for relief against HCI and denies that Plaintiffs are entitled to any relief.

237.   HCI admits that Associate in Nursing degree programs at West Palm Beach and Fort Lauderdale campuses were granted ACEN candidacy and that eligibility expired. HCI otherwise denies the remaining allegations as phrased.

238.   HCI admits that the quoted words appeared on its website and denies the remaining allegations contained in paragraph 238 as phrased.

239.   HCI admits HCI was approved for candidacy status. HCI otherwise denies the allegations of paragraph 239.

240.   HCI denies the allegations of paragraph 240.

241.   HCI denies the allegations of paragraph 241.

242.   HCI denies the allegations of paragraph 242.

243.   HCI denies the allegations of paragraph 243.

244.   HCI denies the allegations of paragraph 244.

245.   HCI denies the allegations of paragraph 245.

246.   HCI admits HCI utilized ATI and Kaplan tests and denies the remaining allegations contained in paragraph 246.

247.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to ATI's website, therefore denied. HCI denies the remaining allegations of paragraph 247.

248.    HCI denies the allegations in paragraph 248.

249.    HCI is without sufficient knowledge as to the truth or falsity of allegations pertaining to the email and denies the remaining allegations contained in paragraph 249.

250.    HCI denies the allegations contained in paragraph 250.

251.    HCI denies the allegations contained in paragraph 251.

252.    HCI denies the allegations contained in paragraph 252.

253.    HCI denies the allegations contained in paragraph 253.

254.    HCI denies the allegations contained in paragraph 254.

255.    HCI admits that Nursing III was split into two semesters at a later date.  HCI denies the allegation that HCI pressured students to split the final semester but gave them the opportunity to do so.  Otherwise, denied as phrased.

256.    HCI denies the allegations in paragraph 256.

257.    HCI lacks knowledge or information sufficient to form a belief as to the existence or truth of the contents of the ATI's website or what product is offered for the alleged purchase price. HCI admits it charged approximately the alleged amount for the course but deny that it is identical to what is offered for $525 on the VATI website and denies the remaining allegations of paragraph 257 as phrased.

258.    HCI denies the allegations of paragraph 258, as phrased.

259.    HCI denies the allegations of paragraph 259.

260.    HCI denies the allegations of paragraph 260.

261.    HCI lacks sufficient knowledge as to the truth or falsity of the allegations contained in paragraph 261.

262.    HCI denies the allegations of paragraph 262.

263.    HCI denies the allegations of paragraph 263.

264.    HCI denies the allegations of paragraph 264.

265.    HCI admits it utilized the HESI.   HCI denies the remaining allegations of paragraph 265.

266.    HCI denies the allegations of paragraph 266.

267.     HCI denies allegations of paragraph 267.

268.    HCI denies the allegations of paragraph 268 as phrased.

269.    HCI denies the allegations of paragraph 269.

270.    HCI denies the allegations of paragraph 270.

271.    HCI denies the allegations of paragraph 271.

272.    HCI denies the allegations of paragraph 272 as phrased.

273.    HCI denies the allegations of paragraph 273.

274.    HCI denies the allegations of paragraph 274.

275.    HCI denies the allegation of paragraph 275.

276.    HCI denies the allegation of paragraph 276.

277.    HCI denies the allegation of paragraph 277.

278.    HCI denies the allegation of paragraph 278.

279.    HCI denies the allegation of paragraph 279.

280.    HCI denies the allegations of paragraph 280.

281.    HCI denies the allegations of paragraph 281.

282.    HCI denies the allegations of paragraph 282.

283.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 283; therefore, denied.

284.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 284; therefore, denied. HCI denies the existence of an ascertainable and certifiable class.

285.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 285; therefore, denied.

286.    HCI denies the allegations of paragraph 286.

287.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 287; therefore, denied.

288.    HCI denies the allegations of paragraph 288.

289.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 289; therefore, denied.

290.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 290; therefore, denied.

291.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 291; therefore, denied,

292.    HCI admits the allegations of paragraph 292.

293.    HCI admits that the document attached conforms to the allegations of the paragraph.

294.    HCI is without sufficient knowledge as to the truth or falsity of the allegations of paragraph 294.

295.    HCI admits that the document attached conforms to the allegations of the paragraph.

296.    HCI admits that the document attached conforms to the allegations of the paragraph.

297.    HCI admits that the document attached conforms to the allegations of the paragraph.

298.    HCI admits it provided Ms. Roberson with a CIE Form 609a and otherwise denies the remaining allegations as phrased.

299.    HCI denies the allegations in paragraph 299 as phrased.

300.     HCI denies that HCI enters into retail installment contracts as that term is defined by Florida law.   Defendants are filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts.

301.    HCI denies the allegations in paragraph 301 as phrased.

302.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 302; therefore, denied

303.    HCI admits the allegations of paragraph 303.

304.    HCI admits Roberson passed Nursing II and placed out of Nursing I, but denies the remaining allegations contained in paragraph 304 as phrased.

305.    HCI denies the allegations of paragraph 305.

306.    HCI denies the allegations of paragraph 306.

307.    HCI denies the allegations of paragraph 307.

308.    HCI admits the allegations of paragraph 308.

309.     HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the independent purchase price of the VATI; therefore denied.  HCI denies the remaining allegations of paragraph 309.

310.     HCI denies the allegations of paragraph 310.

311.     HCI denies the allegations of paragraph 311 as phrased.

312.     HCI denies the allegations of paragraph 312 as phrased.

313.     HCI denies the allegations of paragraph 313 as phrased.

314.     HCI admits the allegations of paragraph 314.

315.     HCI denies the allegations of paragraph 315.

316.     HCI denies the allegations of paragraph 316 as phrased.

317.     HCI admits Roberson was administered the HESI exam, otherwise denies the allegations as phrased.

318.     HCI denies the allegations of paragraph 318 as phrased.

319.     HCI denies the allegations of paragraph 319 as phrased.

320.     HCI denies the allegations of paragraph 320 as phrased.

321.     HCI denies the allegations of paragraph 321 as phrased.

322.     HCI denies the allegations of paragraph 322 as phrased.

323.     HCI denies the allegations of paragraph 323 as phrased.

324.     HCI denies the allegations of paragraph 324 as phrased.

325.     HCI denies the allegations of paragraph 325 as phrased.

326.     HCI admits Ms. Roberson did not graduate, otherwise denies the allegations of paragraph 326.

327.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 327; therefore, denied.

328.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 328; therefore, denied.

329.    HCI denies the allegations of paragraph 329.

330.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 330; therefore, denied.

331.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 331; therefore, denied.

332.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 332; therefore, denied.

333.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 333; therefore, denied.

334.    HCI avers that Krystal Zimbaldi was the Admissions Representative for Freeman and otherwise denies the allegations of paragraph 334.

335.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 335 related to Ms. Freeman's motives or IRSC's nursing program, therefore denied and HCI denies the remaining allegations of paragraph 335.

336.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 336 related to Ms. Freeman's feelings, therefore denied.    HCI denies the remaining allegations of paragraph 336.

337.    HCI denies the allegations of paragraph 337.

338.    HCI denies the allegations of paragraph 338.

339.    HCI lacks sufficient knowledge as to the truth or falsity of the allegations contained in paragraph 339, therefore, denies said allegations.

340.    HCI lacks sufficient knowledge as to the truth or falsity of the allegations contained in paragraph 340, therefore, denies said allegations.

341.    HCI admits that the document attached conforms to the allegations of the paragraph.

342.    HCI lacks sufficient knowledge as to the truth or falsity of the allegations contained in paragraph 342, and therefore, denies said allegations.

343.    HCI admits that the document attached conforms to the allegations of the paragraph.

344.    HCI admits that the document attached conforms to the allegations of the paragraph.

345.    HCI admits that the document attached conforms to the allegations of the paragraph.

346.    HCI denies the allegations in paragraph 346 as phrased.

347.    HCI lack knowledge or information sufficient to form a belief as to the truth of the allegations as to her federal loan eligibility and denies the remaining allegations contained in paragraph 347.

348.    HCI denies that HCI enters into retail installment contracts as that term is defined by Florida law.  Defendants are filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts.

349.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 349; therefore, denied.

350.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 350; therefore denied.

351.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 351; therefore denied.

352.    HCI denies the allegations in paragraph 352 as phrased.

353.    HCI denies the allegations contained in paragraph 353.

354.    HCI admits the allegations of paragraph 354.

355.    HCI denies the allegations of paragraph 355.

356.    HCI denies the allegations of paragraph 356 as phrased.

357.    HCI admits that the email referenced therein exists, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 357; therefore, denied.

358.    HCI denies the allegations of paragraph 358 as phrased.

359.    HCI denies the allegations of paragraph 359.

360.    HCI denies the allegations of paragraph 360.

361.    HCI denies the allegations of paragraph 361.

362.    HCI admits that Freeman passed Nursing II.

363.    HCI admits the allegations of paragraph 363.

364.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the independent purchase price of the VATI; therefore denied.  HCI denies the remaining allegations of paragraph 364.

365.    HCI denies the allegations of paragraph 365 as phrased.

366.    HCI denies the allegations of paragraph 366 as phrased.

367.    HCI denies the allegations of paragraph 367 as phrased.

368.    HCI admits the allegations of paragraph 368.

369.    HCI admits Ms. Freeman did not graduate, otherwise HCI denies the allegations of paragraph 369.

370.    HCI denies the allegations of paragraph 370 as phrased.

371.    HCI denies the allegations of paragraph 371 as phrased.

372.    HCI denies the allegations of paragraph 372 as phrased.

373.    HCI denies the allegations of paragraph 373 as phrased.

374.    HCI denies the allegations of paragraph 374 as phrased.

375.    HCI denies the allegations of paragraph 375 as phrased.

376.    HCI denies the allegations of paragraph 376 as phrased.

377.    HCI denies the allegations of paragraph 377 as phrased.

378.    HCI denies the allegations of paragraph 378 as phrased.

379.    HCI denies the allegations of paragraph 379 as phrased.

380.    HCI denies the allegations of paragraph 380 as phrased.

381.    HCI denies the allegations of paragraph 381 as phrased.

382.    HCI denies the allegations of paragraph 382 as phrased.

383.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 383; therefore, denied.

384.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 384; therefore, denied.

385.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 385; therefore, denied

386.     HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 386; therefore, denied.

387.     HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 387; therefore, denied.

388.     HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 388; therefore, denied.

389.     HCI denies the allegations in paragraph 389 as phrased.

390.     HCI denies the allegations in paragraph 390 as phrased.

391.     HCI denies the allegations in paragraph 391 as phrased.

392.     HCI denies that HCI enters into retail installment contracts as that term is defined by Florida law.   Defendants are filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts.

393.     HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 393; therefore, denied.

394.     HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 394; therefore, denied.

395.     HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 395; therefore, denied.

396.     HCI denies the allegations of paragraph 396.

397.     HCI denies the allegations of paragraph 397.

398.     HCI denies the allegations of paragraph 398.

399.     HCI denies the allegations of paragraph 399.

400.     HCI denies the allegations of paragraph 400 as phrased.

401.    HCI denies the allegations of paragraph 401 as phrased.

402.    HCI denies the allegations of paragraph 402.

403.    HCI admits that Ms. Vinas left HCI at 2021 and did not return.   HCI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 403; therefore, denied

404.    HCI is without knowledge as to the truth or falsity of the allegations of paragraph 404 as to amounts paid in federal student loans and otherwise denies the remaining allegations of paragraph 404.

405.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 405; therefore, denied.

406.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 406; therefore, denied.

407.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 407; therefore, denied.

408.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 408; therefore, denied.

409.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 409; therefore, denied.

410.    HCI denies the allegations contained in paragraph 410 as phrased.

411.    HCI denies that HCI enters into retail installment contracts as that term is defined by Florida law.   Defendants are filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts.

412.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 412; therefore, denied.

413.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 413; therefore, denied

414.    HCI admits the allegations of paragraph 414.

415.    HCI is without knowledge as to the truth or falsity of  the allegations of paragraph 415 and therefore denies said allegations.

416.    HCI denies the allegations of paragraph 416.

417.    HCI denies the allegations of paragraph 417.

418.    HCI denies the allegations of paragraph 418.

419.    HCI denies the allegations of paragraph 419.

420.    HCI admits that King passed Nursing I and Nursing II and denies the remaining allegations contained in paragraph 420.

421.    HCI denies anyone pressured Ms. King, but otherwise HCI admits Ms. King split her final semester.

422.    HCI denies the allegations of paragraph 422 as phrased.

423.    HCI denies the allegations of paragraph 423 as phrased.

424.    HCI denies the allegations of paragraph 424 as phrased.

425.    HCI denies the allegations of paragraph 425 as phrased.

426.    HCI denies the allegations of paragraph 426 as phrased.

427.    HCI denies the allegations of paragraph 427 as phrased.

428.    HCI denies the allegations of paragraph 428 as phrased.

429.    HCI denies the allegations of paragraph 429 as phrased.

430.   HCI denies the allegations of paragraph 430 as phrased.

431.   HCI denies the allegations of paragraph 431 as phrased.

432.   HCI denies the allegations of paragraph 432 as phrased.

433.   HCI denies the allegations of paragraph 433 as phrased.

434.   HCI denies the allegations of paragraph 434.

435.   HCI denies the allegations of paragraph 435.

436.   HCI denies the allegations of paragraph 436 as phrased.

437.   HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 437; therefore, denied.

438.   HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 438; therefore, denied.

439.   HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 439; therefore, denied.

440.   HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 440; therefore, denied.

441.   HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 441; therefore, denied.

442.   HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 442; therefore, denied.

443.   HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 443; therefore, denied.

444.   HCI denies the allegations in paragraph 444 as phrased.

445.   HCI denies the allegations in paragraph 445 as phrased.

446.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 446; therefore, denied.

447.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 447; therefore, denied.

448.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 448; therefore, denied.

449.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 449; therefore, denied.

450.    HCI admits that the document attached conforms to the allegations of the paragraph.

451.    HCI denies the allegations in paragraph 451 as phrased.

452.    HCI admits Ms. Thompson completed Nursing I and denies the remaining allegations in paragraph 452 as phrased.

453.    HCI denies the allegations of paragraph 453.

454.    HCI admits Ms. Thompson passed Nursing I and otherwise denies allegations in paragraph 454 as phrased.

455.    HCI denies the allegations of paragraph 455.

456.    HCI denies the allegations of paragraph 456.

457.    HCI denies the allegations of paragraph 457.

458.    HCI denies the allegations of paragraph 458.

459.    HCI denies the allegations of paragraph 459 as phrased.

460.    HCI denies the allegations of paragraph 460 as phrased.

461.    HCI denies the allegations of paragraph 461 as phrased.

462.    HCI denies the allegations of paragraph 462.

463.    HCI denies the allegations of paragraph 463 as phrased.

464.    HCI denies the allegations of paragraph 464.

465.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 465; therefore, denied

466.    HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 466; therefore, denied

467.    HCI admits that Ms. Thompson started Nursing II, HCI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 467; therefore, denied.

468.    HCI denies the allegations contained in paragraph 468.

469.    HCI admits Ms. Thompson corresponded about her grades but denies they were not acknowledged and otherwise denies the remaining allegations in paragraph 469.

470.    HCI denies the allegations of paragraph 470.

471.    HCI admits Ms. Thompson did not re-enroll and is without sufficient knowledge as to the truth or falsity of the remaining allegations contained in paragraph 471 and therefore denies said allegations.

472.    HCI denies the allegations of paragraph 472.

473.    HCI denies the allegations of paragraph 473.

## CLASS ACTION ALLEGATIONS

**A.  Class Definition**

474.    HCI admits that Plaintiffs seek an order certifying the class described in paragraph 474 but denies they are entitled to such relief.

475.    HCI has no obligation to respond to this paragraph which merely reserves the right to modify or amend the proposed claim.

**B. Numerosity**

476.    HCI denies the allegations of paragraph 476 and denies that Plaintiffs can establish numerosity.

**C. Commonality and Predominance**

477.    HCI denies the allegations of common law and fact described in paragraph 477, including all subparts.

478.    HCI denies the allegations of paragraph 478 and denies that common issues predominate.

**D. Typicality**

479.    HCI denies the allegations of paragraph 479.

480.    HCI denies that Roberson, Freeman, Vinas and King are members of any ascertainable and certifiable class or subclass and therefore denies the allegations of paragraph 480.

481.    HCI denies the allegation that Roberson and Thompson are members of any ascertainable and certifiable class or subclass and therefore denies the allegations of paragraph 481.

482.    HCI denies that Roberson, Freeman and King Thompson are members of any ascertainable and certifiable class or subclass and therefore denies the allegations of paragraph 482.

483.    HCI denies that Roberson, Kind and Thompson are members of any ascertainable and certifiable class or subclass and therefore denies the allegations of paragraph 483.

484.     HCI denies the allegations in paragraph 484.

485.     HCI denies the allegations in paragraph 485.

486.     HCI denies the allegations in paragraph 486.

487.     HCI denies that HCI enters into retail installment contracts as that term is defined by Florida law.   Defendants are filing contemporaneously herewith a Motion to Dismiss all counts relating to the issue of retail installment contracts.

488.     HCI denies the allegations of paragraph 488.

**E. Superiority**

489.     HCI denies the allegations of paragraph 489.

**F. Adequacy of Representation**

490.     HCI denies the allegations of paragraph 490.

491.     HCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 491; therefore, denied.

## CAUSES OF ACTION

**Count 1: Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq. Based on Deceptive Omissions and Unfair Trade Practices- Grading and advancement**

492.     HCI has no obligation to respond to the first sentence of paragraph 492 as it is an assertion of law, rather than a factual allegation. HCI denies the remaining allegations contained in paragraph 492.

493.     HCI denies the allegations of paragraph 493.

494.     HCI has no obligation to respond to the first sentence of this paragraph as it calls for legal conclusion, but to the extent that a response is required, denies it as phrased.   HCI denies the remainder of paragraph 494.

495.    HCI denies the allegations of paragraph 495.

496.    HCI denies the allegations of paragraph 496.

497.    HCI denies the allegations of paragraph 497.

**Count 2: Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq. Misrepresentation of Educational Services Provided**

498.    HCI has no obligation to respond to the first sentence of paragraph 498 as it is an assertion of law, rather than a factual allegation. HCI denies the remaining allegations contained in paragraph 498.

499.    HCI denies the allegations of paragraph 499 and all subparts.

500.    HCI has no obligation to respond to the first sentence of this paragraph as it calls for legal conclusion, but to the extent that a response is required, denies it as phrased.    HCI denies the remainder of paragraph 500.

501.    HCI denies the allegations of paragraph 501.

502.    HCI denies the allegations of paragraph 502.

**Count 3: Violation of the Florida Deceptive and Unfair Trade Practices Act §501-201 et seq. Based on Deceptive Omissions and Unfair Trade Practices-Unauthorized Retail Installment Contracts**

Count 3 is subject to a motion to dismiss by all Defendants filed contemporaneous with this answer.

**Count 4: Breach of Contract-Grading and Advancement**

510.    HCI denies the allegations contained in paragraph 510.

511.    HCI denies the allegations contained in paragraph 511.

512.    HCI denies the allegations contained in paragraph 512.

513.   HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, denied.

514.   HCI denies the allegations in paragraph 514.

515.   HCI denies the allegations in paragraph 515.

516.   HCI denies the allegations of paragraph 516.

517.   HCI denies the allegations of paragraph 517.

518.   HCI denies the allegations of paragraph 518.

**Count 5: Breach of Contract-Clinical Placement**

519.   HCI denies the allegations in paragraph 519.

520.   HCI denies the allegations in paragraph 520 as phrased.

521.   HCI denies the allegations in paragraph 521 as phrased.

522.   HCI denies the allegations in paragraph 522 as phrased.

523.   HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, denied.

524.   HCI denies the allegations in paragraph 524.

525.   HCI denies the allegations in paragraph 525.

526.   HCI denies the allegations in paragraph 526 as phrased.

527.   HCI denies the allegations in paragraph 527.

528.   HCI denies the allegations of paragraph 528.

529.   HCI denies the allegations of paragraph 529.

530.   HCI denies the allegations of paragraph 530.

**Count 6: Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. Based on Deceptive Omissions and Unfair Trade Practices – "New" Program**

531.    HCI has no obligation to respond to the first sentence of paragraph 531 as it is an assertion of law, rather than a factual allegation. HCI denies the remaining allegations contained in paragraph 498.

532.    HCI denies the allegations of paragraph 532 and all subparts.

533.    HCI has no obligation to respond to the first sentence of this paragraph as it calls for legal conclusion, but to the extent that a response is required, denies it as phrased.   HCI denies the remainder of paragraph 533.

534.    HCI denies the allegations of paragraph 534.

535.    HCI denies the allegations of paragraph 535 and all subparts

**Count 7: Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. Based on Unfair Trade Practices – Withholding Advancement and Transcripts from Students for Defendants' Financial Gain**

Count 7 is subject to a motion to dismiss by all Defendants filed contemporaneous herewith.

**Count 8: Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq. Based on Unfair Trade Practices – VATI**

Count 8 is subject to a motion to dismiss by all Defendants filed contemporaneous herewith.

**Count 9: Violation of the Equal Credit Opportunity Act, 15 U.S.C. §1691, et seq**.

549. HCI has no obligation to respond to the allegations of this paragraph as

they are assertions of law, rather than factual allegations.  To the extent a response is deemed

necessary, denied as phrased

550.    HCI has no obligation to respond to the allegations of this paragraph as

they are assertions of law, rather than factual allegations.  To the extent a response is deemed

necessary, denied as phrased.

551.    HCI has no obligation to respond to the allegations of this paragraph as

they are assertions of law, rather than factual allegations.  To the extent a response is deemed

necessary,   denied as phrased.

552.    HCI has no obligation to respond to the allegations of this paragraph as

they are assertions of law, rather than factual allegations.  To the extent a response is deemed

necessary, denied as phrased.

553.    HCI has no obligation to respond to the allegations of this paragraph as

they are assertions of law, rather than factual allegations.  To the extent a response is deemed

necessary, denied as phrased.

554.    HCI has no obligation to respond to the allegations of this paragraph as

they are assertions of law, rather than factual allegations.  To the extent a response is deemed

necessary, denied as phrased.

556.    HCI denies the allegations of paragraph 556.

557.    HCI has no obligation to respond to the allegations of this paragraph as

they are assertions of law, rather than factual allegations.  To the extent a response is deemed

necessary, denied as phrased.

558.  HCI has no obligation to respond to the allegations of this paragraph as

they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, denied as phrased.

559.  HCI denies the allegations of paragraph 559.

560.  HCI denies the allegations of paragraph 560.

561.  HCI denies the allegations of paragraph 561.

**Count 10: Violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d et seq**.

562.  HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary, denied as phrased.

562. HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary denied as phrased.

563.  HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary denied as phrased.

564.    HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary denied as phrased.

565.    HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary denied as phrased.

566.    HCI has no obligation to respond to the allegations of this paragraph as

they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary denied as phrased.

567.    HCI has no obligation to respond to the allegations of this paragraph as they are assertions of law, rather than factual allegations.  To the extent a response is deemed necessary denied as phrased.

568.    HCI denies the allegations of paragraph 568.

569.    HCI  denies the allegations of paragraph 569.

570.    HCI denies the allegations of paragraph 570.

## PRAYER FOR RELIEF

HCI denies that Plaintiffs are entitled to judgment or to any relief sought in the WHEREFORE clause, including all subparts.  Judgment should be entered in Defendant's favor and the Complaint should be dismissed with prejudice.

## JURY TRIAL DEMAND

HCI hereby demands a trial by jury of all issues so triable as a right by jury

## OTHER DEFENSES

Without assuming any burden of proof or burden of persuasion not required by law, HCI asserts the following Defenses.

## First Defense

HCI followed appropriate state, administrative agency and applicable federal law and guidelines in seeking and obtaining a new NCLEX code, with the approval of the FBON in order to achieve and maintain its accredited status for the benefit of all its students and graduates, and not for any allegedly improper purpose as set forth in the Complaint. Programmatic accreditation, made possible by the school's application for and receipt of the new NCLEX code,

allows HCI's students to apply for and receive financial aid, attain clinical placements and be eligible to work as RNs upon graduation. As a result, HCI is accredited by the ACCSC, licensed by the Commission of independent Education under the Florida DOE, all of whom have oversight, and this is a result of the new curriculum that was approved such that the NCLEX code could reflect the school's accredited status.

## Second Defense

HCI's grading and curriculum changes were made in good faith and in order to maintain the integrity of the program, and therefore, not arbitrary or capricious.

## Third Defense

Plaintiffs have waived the claimed contractual breaches.

## Fourth Defense

HCI asserts Plaintiff lacks standing to assert certain of these claims, and the Court therefore lacks subject matter jurisdiction over those claims. The three elements of a consumer claim under FDUTPA are: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *See Marrache v. Bacardi U.S.A., Inc.,* 17 F.4th 1084, 1097 (11th Cir. 2021). Florida courts consider actual damages, the third element of a FDUTPA claim, to be a "term of art," which does not include "consequential damages." *See Diversified Mgmt. Sols., Inc. v. Control Sys. Research, Inc.*, No. 15-81062-CIV, 2016 WL 4256916, at *5 (S.D. Fla. May 16, 2016) (citations and internal quotation marks omitted).   Plaintiffs have not suffered actual damages and therefore, do not have standing to bring any FDUTPA claims.

## Fifth Defense

HCI asserts Injury, if any, allegedly suffered by Plaintiff did not result from and was not proximately caused by any wrongful conduct on the part of Defendant.

## Sixth Defense

HCI asserts at all times material herein, Defendant's actions were both reasonable and in compliance with the applicable laws, rules, and regulations.

## Seventh Defense

HCI asserts Plaintiffs are not entitled to class certification with respect to any claim.

## Eighth Defense

HCI asserts Plaintiffs have not adequately identified proposed classes and subclasses with respect to any claims.

## Ninth Defense

HCI asserts it is entitled to a set off for any claimed damages for loan amounts which have not been repaid and for which repayment has not been sought or repayment provisions enforced.

## Tenth Defense

HCI  asserts that Plaintiffs are not entitled to injunctive relief  under FUDTPA.

## Eleventh Defense

HCI asserts that Plaintiffs have failed a state a claim upon which relief can be granted.

## Twelfth Defense

HCI asserts that Plaintiffs fail to sufficiently identify the specific protected category or categories upon which they base their ECOA claim.

## Thirteenth Defense

HCI asserts that Plaintiffs fail to sufficiently allege and cannot establish that any aspects of the credit transactions at issue were discriminatory based on race or membership in any other protected category under the ECOA.

**Fourteenth Defense**

HCI asserts that Plaintiffs fail to sufficiently allege and cannot establish a *prima facie* case of disparate treatment based on race or any other protected category under the ECOA.

**Fifteenth Defense**

HCI asserts that Plaintiffs fail to sufficiently allege and cannot establish a *prima facie* case of disparate impact based on race or any other protected category under the ECOA.

**Sixteenth Defense**

HCI asserts that Plaintiffs fail to sufficiently identify and cannot establish the existence of any specific and clearly delineated practice or policy that caused a disparate impact based on race or any other protected category under the ECOA.

**Seventeenth Defense**

HCI asserts that Plaintiffs fail to sufficiently identify and cannot establish a sufficiently substantial statistical disparity between the group of persons in the alleged protected race category (or any other protected category under the ECOA) and persons outside of the alleged protected category or categories.

**Eighteenth Defense**

HCI asserts that Plaintiffs fail to sufficiently allege and cannot establish a causal connection between any policy or practice of Defendant and the alleged disparate impact under the ECOA.

**Nineteenth Defense**

HCI asserts that Plaintiffs fail to sufficiently state a claim for "reverse redlining" based on race and/or membership any other protected category under the ECOA and/or Title VI.

### Twentieth Defense

HCI asserts that Plaintiffs fail to sufficiently allege and cannot establish that any loan was given on unfair or unfavorable terms under the ECOA.

### Twenty-First Defense

HCI asserts that Plaintiffs fail to sufficiently allege and cannot show that Defendant intentionally targeted Plaintiffs for unfair loans based on race or membership in any other protected category under the ECOA.

### Twenty-Second Defense

HCI asserts that Plaintiffs fail to identify any similarly situated persons outside of the alleged protected race category under the ECOA that Plaintiffs allege were treated more favorably than the Roberson, King, or any other persons in the alleged protected race category, and cannot establish that Roberson, King, Thompson, or any other persons in the alleged protected race category were treated any less favorably than anyone outside of the alleged protected race category.

### Twenty-Third Defense

HCI asserts that Plaintiffs fail to sufficiently allege and cannot show that Defendant took any adverse action against Roberson, King or Thompson under the ECOA.

### Twenty-Fourth Defense

HCI asserts that there is no private right of action to enforce any alleged disparate impact based on membership in the alleged protected race category or any other protected category under Title VI.

### Twenty-Fifth Defense

HCI asserts that Plaintiffs fail to sufficiently allege and cannot establish a *prima facie* case of disparate treatment based on race or any other protected category under Title VI.

### Twenty-Sixth Defense

HCI asserts that Plaintiffs fail to sufficiently allege and cannot show that a facially neutral policy was implemented because of its adverse effects on an identifiable protected group based on race.

### Twenty-Seventh Defense

HCI asserts that Plaintiffs fail to sufficiently allege and cannot show that Defendant had actual notice of the alleged discrimination based on their race or any other protected category.

### Twenty-Eighth Defense

HCI asserts that Plaintiffs fail to sufficiently identify the specific protected category or categories upon which they base their Title VI claim.

### Twenty-Ninth Defense

HCI asserts that Plaintiffs fail to sufficiently allege and cannot establish that Defendant intentionally discriminated against Roberson, King, Thompson or any other persons in the alleged protected race category on the basis of their race, Black, or their membership in any other

protected category under Title VI, nor that Defendant had any racially discriminatory animus toward Roberson, King, Thompson or anyone else in the protected race category, in connection with applications, admissions, enrollment, loans, exams, program and graduation requirements, clinical and classroom experience, or in any other way related to the provision of educational services.

### Thirtyeth Defense

HCI asserts that Plaintiffs fail to sufficiently allege and cannot establish that Defendant targeted Roberson, King, Thompson or any other persons in the alleged protected race category on the basis of their race, or their membership in any other protected category under Title VI.

### Thirty-First Defense

HCI asserts that Plaintiffs fail to sufficiently identify the "predatory product" that they allege Defendant targeted Black people with under Title VI and cannot establish the existence of any such "predatory product," and therefore fail to state a claim for "reverse redlining" under Title VI.

### Thirty-Second Defense

HCI asserts that Plaintiffs fail to identify any similarly situated persons outside of the protected race category, Black, that they claim were treated more favorably than Roberson or King, or Thompson under Title VI with respect to applications, admissions, enrollment, loans, exams, program and graduation requirements, clinical and classroom experience, or in any other way related to the provision of educational services.

### Thirty-Third Defense

HCI assert that Plaintiffs cannot show that Roberson, King, Thompson or any other persons in the alleged protected race category, Black, were treated any less favorably than similarly situated persons outside of the protected race category with respect to applications, admissions, enrollment, loans, exams, program and graduation requirements, clinical and classroom experience, or in any other way related to the provision of educational services.

### Thirty-Fourth Defense

HCI asserts that all decisions made regarding Roberson, King, or Thompson or which affected Roberson, King, or Thompson relating in any way to loans or the provision of educational services were made in good faith and based on reasonable and legitimate factors which were not discriminatory and none of which could have been considered pretext.

### Thirty-Fifth Defense

HCI asserts that Plaintiffs have failed to exhaust administrative procedures, contractual remedies, conditions precedent, and federal, state and local remedies before bringing this action, warranting dismissal of the Complaint.

### Thirty-Sixth Defense

HCI asserts that it has reasonable internal procedures for investigating complaints of discrimination and exercised reasonable care to prevent and correct alleged discrimination.

### Thirty-Seventh Defense

HCI asserts that Plaintiffs have unreasonably failed to avail themselves of the internal procedures for investigation and resolution of discrimination complaints.

**Thirty-Eighth Defense**

HCI asserts that it they took prompt and effective remedial measures.

**Thirty-Ninth Defense**

HCI asserts that Plaintiffs fail to sufficiently allege and cannot establish a *prima facie* predatory lending case for discrimination based on race or any other protected category under the Equal Opportunity Credit Act ("ECOA").

**Forthieth Defense**

HCI asserts that Plaintiffs themselves have "unclean hands" and that one of one or more of the Plaintiffs are guilty of misconduct with respect to the same transactions that are the subject of this lawsuit, that Defendant relied on that misconduct which has resulted in injury to the Defendant.

**Forty-first Defense**

HCI asserts that Plaintiffs have failed to mitigate their damages.

**Forty-second Defense**

HCI lacks sufficient knowledge of all facts and evidence surrounding the varied incidents described in the complaint and are, therefore, unable to ascertain at this time any additional defenses which it may have.  Therefore, HCI expressly reserves the right to amend this Answer to assert such other additional defenses as may become apparent subsequent to the filing of this Answer, whether in discovery, at trial, or otherwise.

**WHEREFORE**, HEALTH CAREER INSTITUTE LLC (dba HCI COLLEGE LLC and HCI ACQUISITIONS LLC), has answered Plaintiffs' Second Amended Complaint, paragraph by paragraph, having denied each and every allegation that might impute liability, and having

asserted certain defenses, and reserving the right to amend its answers or assert additional defenses as warranted.

Dated:  September 25, 2023

By: **KUBICKI DRAPER**
110 East Broward Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
Direct Line: (954) 713-2323
MJC-KD@kubickidraper.com
BF-KD@kubickidraper.com

BY: /S/ *Michael J. Carney*
MICHAEL J. CARNEY
Florida Bar No. 44326
BARBARA FOX
Florida Bar No. 155608