UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-81883-RAR

**BRITTANY ROBERSON**, *et al.*,
*individually and on behalf of all
others similarly situated*,

      Plaintiffs,

v.

**HEALTH CAREER INSTITUTE LLC**, *et al.*,

      Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DENYING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** comes before the Court on United States Magistrate Judge Ryon McCabe's Report and Recommendation ("Report"), [ECF No. 136], on Defendants' Partial Motion to Dismiss and Strike the Second Amended Complaint ("Motion"), [ECF No. 99]. The Report recommends denying the Motion. *See* Rep. at 1. Defendants timely filed objections to the Report ("Objections"), [ECF No. 146], and Plaintiffs filed a response ("Response"), [ECF No. 151].

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Defendants timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge McCabe's legal and factual findings to which Defendants objected. Upon careful review of the record, the Court agrees with Magistrate Judge McCabe's recommendation.

Although Defendants declined to structure or number their Objections, it appears they raise three objections. First, Defendants object with respect to Counts I, II, III, VI, VII, and VIII that

the Second Amended Complaint ("SAC"), [ECF No. 93], fails to allege "that the individual defendants had at least some knowledge of the corporation's deceptive practices and either participated directly in the corporation's deceptive practices or had authority to control the deceptive practices." Objs. at 6. Second, Defendants object to Magistrate Judge McCabe's findings that Counts III and VII advance viable causes of action. Objs. at 13. Third, Defendants object with respect to Count VIII because "Plaintiffs have amended a previously dismissed cause of action without leave of the Court." Objs. at 14. The Court will address each objection in turn.

First, the Court concurs with Magistrate Judge McCabe's well-reasoned conclusion that the Second Amended Complaint sufficiently alleges knowledge and control as to Counts I, II, III, VI, VII, and VIII. Rep. at 6. Starting with the ability to control, pursuant to this Court's Order, [ECF No. 84], Plaintiffs' Seconded Amended Complaint contains new allegations pertaining to Defendants FEI and Harts' ability to control the alleged misconduct. SAC ¶¶ 53–54, 56, 102–105, 494, 500, 505, 533, 540, 545. The Second Amended Complaint alleges that Defendants Hart and Florian "had the authority to control, and did control" the alleged bad acts that gave rise to Counts I, II, III, VI, VI, and VIII. SAC ¶¶ 494, 500, 505, 533, 540, 545.

While Defendants argue the Report incorrectly relied on these "legal conclusions" to establish control, the Court disagrees. As Plaintiffs correctly point out, "the SAC contains significantly more than the 'bare assertion' that Defendants FEI and Hart possessed the ability to control Defendant HCI: it identifies the [Authorization Guidelines] that convey that control and describes how they do so." Resp. at 5. The new allegations, when taken in conjunction with the Authorization Guidelines and the Second Amended Complaint as a whole, are sufficient to state a plausible claim that Defendants Hart and Florian had the ability to control the violations alleged in Counts I, II, III, VI, VII, and VIII. S*ee Fed. Trade Comm'n v. Life Mgmt. Servs. of Orange*

*Cnty., LLC*, 350 F. Supp. 3d 1246, 1260 (M.D. Fla. 2018) ("Authority to control [a] company can be evidenced by active involvement in business affairs and the making of corporate policy, including assuming the duties of a corporate officer.") (cleaned up); *Fed. Trade Comm'n v. Transnet Wireless Corp.*, 506 F. Supp. 2d 1247, 1270 (S.D. Fla. 2007) (noting that "[a]n individual's status as a corporate officer gives rise to a presumption of ability to control a small, closely-held corporation") (cleaned up).

Similarly, the Court finds that the Second Amended Complaint sufficiently alleges knowledge. Pursuant to this Court's Order, [ECF No. 84], Plaintiff's Seconded Amended Complaint contains new allegations pertaining to Defendants FEI and Harts' knowledge of the alleged misconduct. *See* SAC ¶¶ 494, 500, 505, 533, 540, 545. While Defendants argue that their "participation in Executive Committee meeting and dealings with HCI administrators in and of themselves are not factually enough to support an inference that Hart or Florian actually knew of the violative conduct or had reckless indifference to the truth or falsity of the conduct, or had an awareness of a high probability of fraud with an intentional avoidance of the truth," Objs. at 8, the Court disagrees. The Second Amended Complaint alleges that HCI's Executive Committee "engag[es] in day-to-day managerial control over HCI," SAC ¶ 41, and that Defendants FEI and Hart had knowledge of HCI's unlawful practices through Hart's participation in Executive Committee meetings, *id.* at ¶¶ 494, 500, 505, 533, 540, 545. The Court finds that these allegations, when taken as true in the context of the Second Amended Complaint as a whole, are sufficient to survive a Motion to Dismiss. Accordingly, the objection is overruled.

Second, the Court will overrule Defendants' objection as to the Report's conclusion that the Second Amended Complaint viably pleads Counts III and VII. This is an improper successive motion under Federal Rule of Civil Procedure 12(g)(2)—and the Court declines to exercise any

discretion to allow this argument to be raised at this juncture. The First Amended Complaint, [ECF No. 40], alleged that HCI's retail installment contracts were illegal and unenforceable. First Am. Compl. ¶¶ 26, 141–42, 152, 455, 470–471. Therefore, Defendants were required to raise this argument in their first Motion to Dismiss. Accordingly, this objection is overruled.

Third, the Court will overrule Defendants' objection as to Count VIII. Defendants argue that "Plaintiffs have amended a previously dismissed cause of action without leave of the Court." Objs. at 14. However, Federal Rule of Civil Procedure 15 favors the liberal amendment of pleadings. Additionally, in the Court's Order on the First Motion to Dismiss, [ECF No. 35], the Court did not dismiss Count VIII with prejudice. Given the circumstances, the Court agrees with Magistrate Judge McCabe's recommendation to allow Count VIII to proceed pursuant to Rule 15 and in the interest of judicial economy. Accordingly, the objection is overruled.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report, [ECF No. 136], is **AFFIRMED AND ADOPTED**.

2. Defendant's Motion to Dismiss, [ECF No. 99], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 13th day of January, 2024.

                                                                  _____
                                                                  **RODOLFO A. RUIZ II**
                                                                  **UNITED STATES DISTRICT JUDGE**