# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
# West Palm Beach Division

| | |
|---|---|
| BRITTANY ROBERSON, REBECCA FREEMAN, BIANCA VIÑAS, TIFFANY KING, and TRESHA THOMPSON, individually and on behalf of others similarly situated, <br><br>*Plaintiffs*, <br><br>v. <br><br>HEALTH CAREER INSTITUTE LLC (dba HCI COLLEGE LLC and HCI ACQUISITION LLC), FLORIAN EDUCATION INVESTORS LLC, and STEVEN W. HART, <br><br>*Defendants*. | Civil Action No. 9:22-cv-81883-RAR |

**PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM DEFENDANTS HEALTH CAREER INSTITUTE LLC AND FLORIAN EDUCATION INVESTORS LLC**

Pursuant to Federal Rule of Civil Procedure 37(a), Plaintiffs Brittany Roberson, Rebecca Freeman, Bianca Viñas, Tiffany King, and Tresha Thompson (collectively, "Plaintiffs") hereby file this Motion to Compel Better and More Complete Discovery Responses from Defendant Health Career Institute LLC (dba HCI College LLC and HCI Acquisition LLC) ("HCI") and Defendant Florian Education Investors LLC ("FEI"). This is the fourth Motion to Compel that Plaintiffs have had to file in this case, and they endeavored to avoid having to seek the Court's intervention again. Defendants' continued disregard for the rules governing discovery and this Court's discovery orders, lack of respect for Plaintiffs' counsel's time, and interference with Plaintiffs' ability to properly make their case cannot be tolerated.

## BACKGROUND

Plaintiffs served their third set of requests for production ("RFPs") on HCI and second set of RFPs on FEI on November 2, 2023. Pursuant to Judge McCabe's Order on ECF No. 104 (ECF No. 133), responses were due on November 16. On November 17, undersigned counsel reached out to Defendants' counsel to inquire about the status of the production. Exhibit A. Defendants' counsel responded that they had "been slammed the last couple weeks" and requested "a bit of an extension." *Id.* Plaintiffs agreed to an extension until November 22, for FEI's production and until November 30, 2023, for HCI's production. *Id.* Defendants served FEI's production on November 22, and supplemented it on December 1. Defendants served HCI's production on December 1.

On December 21, 2023, undersigned counsel wrote to Defendants' counsel to raise several issues with the productions, including Defendants' objections that certain requests were vague or ambiguous and/or irrelevant and the fact that many responsive documents appeared to be missing. *See* Exhibit B ("M&C Letter"). Undersigned counsel asked for an extension until January 9, 2024, for Plaintiffs to file a motion to compel the production of documents, pursuant to Local Rule

1

26.1(g)(1). *See* Exhibit C, at 9. On December 22, 2023, Defendants' counsel agreed to discuss the discovery letter on January 4, 2024, and agreed to the extension of time to file a motion to compel. *See id.* at 7–8. On December 23, 2023, undersigned counsel proposed times for the January 4, 2024, call. *See id*. at 7. Undersigned counsel followed up again on January 2. *Id*. Receiving no response, undersigned counsel wrote again on January 3, 2024. *Id.* at 6–7. Defendants' counsel responded and stated that they would soon confirm the time for the conference the following afternoon. *Id.* at 6. The following morning, however, Defendants' counsel wrote to move the conference to Friday, January 5. *Id.* at 5.

Counsel ultimately conferred on January 5, 2024, at 2:30 pm. Defendants' counsel stated that numerous supplemental productions were forthcoming and requested more time to complete the requests before Plaintiffs filed this Motion to Compel. Undersigned counsel agreed to file a Joint Motion for Extension of Time; that motion was filed on January 8, 2024, ECF No. 149, and granted the following day, ECF No. 150. Counsel next talked through the M&C Letter. Counsel appeared to reach agreement as to many of the disputed requests; as to others, Defendants' counsel indicated that they would consult with their clients and propose narrowed requests. Undersigned counsel circulated a summary of that conversation later that evening. *See* Exhibit C at 2–4.

On January 8, 2024, Defendants' counsel responded, "Hopefully we will have a lot of agreements in the next couple days, per our discussions." *Id.* at 1. On January 10, 2024, Defendants' counsel wrote to ask whether Plaintiffs would oppose their request for a further extension of time to respond to Plaintiffs' Motion for Class Certification. *See* Exhibit D at 2. Undersigned counsel agreed to the extension on the condition that Defendants' counsel would begin the supplemental productions and identify outstanding issues by the end of the following day. *See id.* at 1. Defendants' counsel did not respond. On January 11, 2024, undersigned counsel

2

emailed Defendants' counsel to ask whether they had an agreement, noting: "Our MTC is due on Tuesday, and we need to know what issues that we raised in our letter have been resolved and what we still need to move to compel. . . . We'd rather not waste our time - and the Court's time - briefing issues unnecessarily." *Id.* Defendants' counsel responded that they would "endeavor to get . . . an update tomorrow." *Id.* No update was ever given.

As of the time of this filing, Defendants have not made any supplemental productions, provided the requested indexes, or proposed any narrowed requests.

## ARGUMENT

### A. Improper Objections that Requests Are "Overly Broad, Vague and Ambiguous"

Defendants objected that RFPs 1, 2, 13, 15, and 28 to HCI and RFPs 10 and 11 to FEI were "overly broad, vague and ambiguous." *See* Exhibit E; Exhibit F. None of these objections has merit. For example, Request 1 to HCI and Request 10 to FEI seek "[a]ll profit and loss statements, balance sheets, income statements, and statements of cash flows." These are clearly defined, easily understandable terms that are routinely used in business and accounting. Indeed, at his deposition, Ryan Miller, HCI's Chief Financial Officer ("CFO"), testified that every month, he reviews HCI's income statement, balance sheet, and statement of cash flow. Exhibit G at 123:3–11. Request 13 to HCI seeks "[a]ll 'written processes' regarding curriculum creation and changes to curricula, as discussed by Alecia Dennis during her 30(b)(6) deposition, and all communications regarding same," citing Ms. Dennis's deposition transcript. Although HCI claimed that "Ms. Dennis specifically did not specifically identify the existence of any 'written process' in the quoted parts of her deposition," a quick review of the cited lines shows that she did:

> Q: And so I'll ask, are HCI processes written down?
> A: So yes, we have guidance on the various processes we implement.
> Q: So regarding curriculum creation and changes to curricula, are their [sic] written processes for that?
> A: Right.

3

*See* Exhibit H at 75:18–24. The remaining requests are similarly clear and unambiguous, as explained in the M&C Letter. To the extent that further explanation was arguably warranted, Plaintiffs provided it, but Defendants still refused to produce any documents. Defendants' vagueness objections are meritless and should be overruled.

### B. Improper Objections that Requests Are Irrelevant

Defendant objected that RFPs 1, 2, 15, 25, and 28 to HCI and RFPs 1, 9, 10, and 11 to FEI are irrelevant. These objections are meritless. For example, RFP 1 to HCI and RFP 10 to FEI seek financial statements. *See* Exhibit F; Exhibit G. As this Court recognized when granting a prior motion to compel financial information, ECF No. 96 at 2–3, such information is fundamentally relevant to this case. The gravamen of the Second Amended Complaint is that Defendants grossly overcharge for a subpar product. Information showing where tuition dollars actually went, and where they are now, is thus plainly relevant. The remaining requests also seek highly relevant information, including FEI investor reports and investor voicemails that were left out of the production without explanation, as discussed in the M&C Letter. Defendants cannot meet their burden of establishing a lack of relevancy, and their objections should be overruled.

### C. Documents Promised but not Produced

Defendant HCI's written responses to Plaintiffs' Third Set of RFPs stated that documents would be produced for RFPs 4, 5, 7, 24, 27, 28, and 29. However, from the PDF names of the documents produced, it appears that nothing was produced in response to these requests. During the January 5 conference, Defendants' counsel stated that responsive documents were forthcoming. However, no further production was made. For RFPs 6, 12, and 14, HCI's responses indicated that responsive documents were already produced; however, no Bates numbers were provided. Additionally, testimony and documents obtained to date indicate that there should be at

4

least 60 sets of Executive Committee ("ExCom") meeting notes (one for each month during the relevant period) responsive to RFP 10, yet meeting notes were provided for only 25 meetings. Defendant HCI should be required to produce all documents responsive to RFPs 4, 5, 6, 7, 10, 12, 14, 24, 27, 28, and 29. To the extent that responsive documents were previously produced, Defendant HCI should be required to provide an index identifying those documents.

### D. Improper Redactions

In response to RFP No. 10, HCI produced 24 sets of ExCom meeting minutes and withheld seven sets as privileged attorney work-product. Of those produced, *every* set is heavily redacted and marked as confidential. Such heavy unilateral redaction is improper. *See ADP, LLC v. Ultimate Software Grp., Inc.,* No. 17-cv-61274, 2017 WL 7794226, at *1 (S.D. Fla. Dec. 15, 2017) ("[P]rohibiting the practice of unilaterally redacting irrelevant information is the only interpretation of Fed. R. Civ. P. 34 that yields just, speedy, and inexpensive determinations of every action and proceeding."). Furthermore, the information on the log for the seven withheld sets does not support a finding that the withheld documents are in fact privileged. First, three of the documents were created before this lawsuit was ever filed. *See Dargan v. Federated Life Ins. Co.*, No. 22-cv-14284, 2023 WL 8177276, at *1 (S.D. Fla. May 2, 2023*)* ("In order for the [work product] doctrine to apply, the party must anticipate litigation *at the time the document is created*."). Second, the doctrine "does not apply to materials or documents drafted in the ordinary course of business," *id.*, and the minutes were drafted by HCI's CFO at regularly scheduled monthly ExCom meetings, Exhibit G at 94:4–16; 99:7-15. Significantly, the privilege log does not identify the attorney whose work product or communications are allegedly reflected in the withheld documents, nor does it identify the client to whom such a privilege would belong. This Court should order the production of all ExCom meeting minutes without redaction.

## **CONCLUSION**

For the reasons set forth above, the Plaintiffs now respectfully request that the Court grant their motion to compel.

Dated: January 16, 2024

Respectfully submitted,

*/s/ Jennifer Thelusma*
JENNIFER THELUSMA
Florida Bar No. 1019776
jthelusma@ppsl.org
REBECCA EISENBREY
(*pro hac vice*)
reisenbrey@ppsl.org
VICTORIA ROYTENBERG
(*pro hac vice*)
vroytenberg@ppsl.org
Project on Predatory Student Lending
769 Centre Street, Suite 160
Jamaica Plain, MA 02130
(617) 390-2669

NICOLE MAYER
Florida Bar No. 012035
Nicole@MayerLawFlorida.com
171 Dommerich Drive
Maitland, Florida 32751
(352) 494-3657

***Attorneys for Plaintiffs***