## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
### West Palm Beach Division

| | |
|---|---|
| BRITTANY ROBERSON, REBECCA FREEMAN, BIANCA VIÑAS, TIFFANY KING, and TRESHA THOMPSON, individually and on behalf of others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>HEALTH CAREER INSTITUTE LLC (dba HCI COLLEGE LLC and HCI ACQUISITION LLC), FLORIAN EDUCATION INVESTORS LLC, and STEVEN W. HART,<br><br>*Defendants*. | Civil Action No. 9:22-cv-81883-RAR |

## <u>PLAINTIFFS' MOTION TO ENFORCE ORDER 133 AND FOR SANCTIONS</u>

Pursuant to Federal Rule of Civil Procedure 37(b), Plaintiffs Brittany Roberson, Rebecca Freeman, Bianca Viñas, Tiffany King, and Tresha Thompson (collectively, "Plaintiffs") hereby file this Motion to Enforce this Court's Order requiring Defendant Health Career Institute LLC (dba HCI College LLC and HCI Acquisition LLC) ("HCI") to produce documents and for sanctions.

## BACKGROUND

On September 27, 2023, Plaintiffs filed a Motion to Compel the Production of Documents, asking this Court to require Defendants to produce documents responsive to Plaintiffs' first and second sets of requests for production ("RFPs") to Defendant HCI, served on March 9 and May 12, 2023, respectively, and Plaintiffs' first sets of RFPs to Defendants Florian Education Investors ("FEI") and Steven Hart, served on May 18, 2023. ECF No. 104. A hearing was held on the Motion on October 10, 2023, and continued in person on October 26, 2023. ECF No. 105; ECF No. 131. On October 27, 2023, this Court issued an Order granting in part and denying in part Plaintiffs' Motion. ECF No. 133. As relevant here, this Court required Defendant HCI to produce:

- all versions of the "Policy for Testing Deployment" (as referred to in 30(b)(6) deposition of Alecia Dennis), an example of an "Exit Exam Policy" received by Plaintiffs in third party production, and all versions of the "Exit Exam Policy" (RFP 1);

- all documents relating to the "50% rule" contained in the binders maintained by HCI's Director of Nursing in connection with faculty meetings and all complaints regarding the 50% rule (RFP 2);

- all internal communications, including Executive Committee ("ExCom") meeting minutes, regarding HCI-WPB's 2018 application to the Florida Board of Nursing ("BON") and the HCI-FTL application that followed it (RFP 21);

- all communications with the BON from 2016 to the present concerning the actual or potential placement of the RN Program on probationary status (RFP 23);

- all communications with the Accreditation Commission for Education in Nursing ("ACEN") between 2016 and the present concerning any applications submitted by HCI

1

seeking programmatic accreditation for the RN Program, including any such applications (RFP 27);

- all communications with ACEN between 2016 and the present concerning ACEN's review of any applications submitted by HCI seeking programmatic accreditation for the RN Program (RFP 28); and

- all communications regarding this lawsuit with Sachs Media, or with Florian Education Investors, LLC, or with any investors in Florian Education Investors, LLC, or with any investors in HCI (RFP 43).

*Id.* at 2–3. The Order required all documents to be produced withing 30 days, or by November 26, 2023. *Id.* at 4. The Order further stated, "[t]o the extent any documents ordered to be produced by way of this Order include emails, the parties shall reach an agreement on search terms and custodians within one week of the date of this Order." *Id.*

Pursuant to the Court's Order, Plaintiffs proposed a list of search terms and custodians. Exhibit A. Counsel for the Parties discussed the proposal on November 2, 2023, and agreed to the list with minor modifications. Exhibit B. Defendants served their production on November 27, 2023. On December 21, 2023, undersigned counsel wrote to Defendants' counsel to raise several issues with the production, including missing documents, improper redactions, and the lack of confirmation that any searches were actually performed. Exhibit C ("M&C Letter"). Realizing it could be difficult for Defendants' counsel to confer with their clients over the holidays, and wanting to ensure a thorough meet and confer process to negate or narrow the issues in dispute, undersigned counsel requested an extension until January 9, 2024, for Plaintiffs to file a motion to compel the production of documents, pursuant to Local Rule 26.1(g)(1). *See* Exhibit D at 9. On December 22, 2023, Defendants' counsel agreed to discuss the discovery letter on January 4, 2024, and agreed to the extension of time to file a motion to compel. *See id.* at 7–8

Counsel ultimately conferred on January 5, 2024, at 2:30 pm and talked through the M&C Letter. Defendants' counsel could not confirm that the searches had been performed, but stated

2

that they would confer with Defendant HCI. Defendants' counsel also stated that they would check with Defendant HCI to ensure that all responsive documents had been produced and, if not, to make necessary supplemental productions. Despite numerous follow-up attempts made by undersigned counsel, as of the date of this filing, no further information has been provided.

## ARGUMENT

Defendant HCI has plainly failed to comply with this Court's Order. It has not produced responsive documents or even run the required searches. Further, what documents have been provided are improperly redacted.

### A. Missing Documents

**RFP 1:** The documents produced and designated as responsive to RFP 1 contain only a "Secure Testing Policy" created in 2021 and updated in 2022, and instructions for administering an ATI Proctored exam. None of the documents produced reflect, or even mention, the "Policy for Testing Deployment" or the "Exit Exam Policy"—the subjects of this Court's Order.

**RFP 2:** Pursuant to this Court's Order, HCI Produced three sets of meeting minutes from 2019; zero meeting minutes from 2020; three sets of meeting minutes from 2021; and no meeting minutes from 2022 or 2023. HCI produced additional meeting minutes in response to subsequent discovery requests. In total, as for meetings attended by HCI faculty, HCI has produced 32 sets of meeting minutes from 2019; yet has produced only four from 2020, nine from 2021, zero from 2022, and one from 2023. In all of these meeting minutes, the only mention of the new grading policy appears in a May 14, 2021, meeting at which the rollout of the policy was simply announced. It is implausible that the policy is not mentioned in other meeting minutes. Email responses from Celeste Blackwell and HCI President David Shelpman to students complaining about the 50% Rule stated that HCI faculty had thoroughly discussed and voted on implementation of the rule

3

and that the administration was gathering data, information, and scores to review prior to considering student complaints.

**RFP 21:** Pursuant to this Court's Order, HCI produced just six pages of documents, reflecting a few 2018 emails. The response did not include any ExCom meeting minutes or any other communications concerning the program applications.

### B. Failure to Perform Required Searches

Defendants have not confirmed that they performed the required searches, and their production—which included very few responsive communications—indicates that they did not.

### C. Improper Redactions and Withholding

Pursuant to this Court's Order, HCI produced communications with Sachs Media in response to RFP 43. An email from Defendant Hart to an unidentified person on an unidentified date is fully redacted. The email was not included on Defendants' privilege log to help Plaintiffs assess whether this redaction was appropriate.

The privilege log does list six pages of documents that were produced with heavy redactions. *See* Exhibit E. These appear to be 2018 emails between Defendant Hart, Larry Brown, Robert Bonds, and attorney Steve Chema. The information on the privilege log does not support a finding that the withheld documents are privileged. *See United States v. Patel*, 509 F. Supp. 3d 1334, 1339 (S.D. Fla. 2020) ("In order to claim privilege over a particular communication, the proponent of the privilege must prove that the communication meets the following criteria: it must be (1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client.") (internal citations omitted). Specifically, nothing about the privilege log establishes that HCI and Mr. Chema had an attorney-client relationship, *see id.*, or that HCI actually sought legal advice from Mr. Chema, as opposed to

advice regarding everyday business issues, *see Preferred Care Partners Holding Corp. v. Humana, Inc.*, 258 F.R.D. 684, 689 (S.D. Fla. 2009) (attorney-client privilege does not extend to communications with an attorney related solely to business advice). Additionally, Plaintiffs question whether Mr. Chema is an investor in Florian given that he has been a recipient of communications addressed to FEI investors—a fact that would make it even less likely that his involvement in the day-to-day business activity of HCI would be privileged.

## CONCLUSION

For the reasons set forth above, the Plaintiffs now respectfully request that the Court grant their motion to enforce this Court's Order; issue sanctions, pursuant to Rule 37(b)(2)(A)(vii), treating as contempt of court the failure to obey any discovery order; and award Plaintiffs' attorney's fees as required by Rule 37(b)(2)(C).

Dated: January 16, 2024

Respectfully submitted,

*/s/ Jennifer Thelusma*
JENNIFER THELUSMA
Florida Bar No. 1019776
jthelusma@ppsl.org
REBECCA EISENBREY
(*pro hac vice*)
reisenbrey@ppsl.org
VICTORIA ROYTENBERG
(*pro hac vice*)
vroytenberg@ppsl.org
Project on Predatory Student Lending
769 Centre Street, Suite 160
Jamaica Plain, MA 02130
(617) 390-2669

NICOLE MAYER
Florida Bar No. 012035
Nicole@MayerLawFlorida.com
Mayer Law PLLC
171 Dommerich Drive

5

Maitland, Florida 32751
(352) 494-3657

***Attorneys for Plaintiffs***