# Exhibit A

| No. | Request | Order | Custodians | Search Terms |
|---|---|---|---|---|
| 7 | Please produce all documents used to train HCI recruiters, professors, instructors, financial aid representatives, career services representatives, program heads, and department heads in the RN Program, including handbooks, PowerPoints, manuals, script books, and training videos | HCI shall produce all responsive documents, but limited to recruiters, financial aid representatives, and career services representatives. | N/A | N/A |
| 9 | Please produce all documents reflecting the responsibilities of financial aid advisors, explanation of the criteria used to evaluate their performance, and the compensation structure of financial aid advisors during the Relevant Period, including what percentage of compensation is derived from each separate criterion. | HCI shall produce all responsive documents. | N/A | N/A |
| 11 | Please produce all documents reflecting the responsibilities and performance of HCI recruiters and admissions officers, including recruitment policies and procedures, script books, quotas for contact with students and enrollment, performance evaluation metrics, and lead sheets. | HCI shall produce all responsive documents. | N/A | N/A |
| 21 | Please produce all internal communications regarding HCI's application to the BON for approval of its RN Program(s) from 2013 to the present, including information about applicants, enrollees, number of graduates, student retention rates, and accreditation. | HCI shall produce responsive "communications," but limited to the 2018 BON West Palm Beach application and the BON Fort Lauderdale application that followed it. The term "communications" shall be limited to emails, letters, text messages, internal memoranda, and reports used in connection with, and minutes of, executive committee meetings. The term "internal" means by or between employees of any HCI or any other Defendants. | Arlette Petersson, Alecia Dennis, Knolan DeVevo, Celeste Blackwell, Pedro De Guzman, Darlene Riggs, Johanna Lane, Catrina Leandre, David Shelpman, Desiree Voita, Dawn Lopater, Steven Hart, Ryan Miller | ("FBON" or "BON" or "Board of Nursing" or "board") & application; ("FBON" or "BON" or "Board of Nursing" or "board") & "new program") ("FBON" or "BON" or "Board of Nursing" or "board") & "graduation"; ("FBON" or "BON" or "Board of Nursing" or "board") & "enrollment" |
| 23 | Please produce all communications with the BON from 2016 to the present concerning the actual or potential placement of the RN Program on probationary status. | HCI shall produce all responsive documents. | Arlette Petersson, Alecia Dennis, Knolan DeVevo, Celeste Blackwell, Pedro De Guzman, Darlene Riggs, Johanna Lane, Catrina Leandre, David Shelpman, Desiree Voita, Dawn Lopater, Steven Hart, Ryan Miller | ("@flhealth.gov" or "@floridanursing.gov") & probation; ("@flhealth.gov" or "@floridanursing.gov") & ("accreditation" or "accredited" or "ACEN"); ("@flhealth.gov" or "@floridanursing.gov") & ("NCLEX" or "boards") |
| 27 | Please produce all communications with ACEN between 2016 and the present concerning any applications submitted by HCI seeking programmatic accreditation for the RN Program, including any such applications. | HCI shall produce all responsive documents. | Arlette Petersson, Alecia Dennis, Knolan DeVevo, Celeste Blackwell, Pedro De Guzman, Darlene Riggs, Johanna Lane, Catrina Leandre, David Shelpman, Desiree Voita, Dawn Lopater, Steven Hart, Ryan Miller | "@acenursing.org" & "application"; "@acenursing.org" & "site visit"; "acenursing.org" & "probation"; "acenursing.org" & "clinical"; "acenursing.org" & ("NCLEX" or "boards"); "acenursing.org" & "candidacy"; "acenursing.org" & "compliance" |
| 28 | Please produce all communications with ACEN between 2016 and the present concerning ACEN's review of any applications submitted by HCI seeking programmatic accreditation for the RN Program. | HCI shall produce all responsive documents. | Arlette Petersson, Alecia Dennis, Knolan DeVevo, Celeste Blackwell, Pedro De Guzman, Darlene Riggs, Johanna Lane, Catrina Leandre, David Shelpman, Desiree Voita, Dawn Lopater, Steven Hart, Ryan Miller | "@acenursing.com" & "application"; "@acenursing.com" & "site visit"; "@acenursing.org" & "probation"; "@acenursing.org" & "clinical"; "@acenursing.org" & ("NCLEX" or "boards"); "@acenursing.org" & "candidacy"; "@acenursing.org" & "compliance"; "@acenursing.org" & "defer*" |
| 35 | Please produce all documents relating to HCI's relationship with ATI, and all documents relating to the purchase and/or use of Virtual-ATI. | HCI shall produce all documents pertaining to the legal relationship between ATI and any of the Defendants, such as contracts, in effect from 1/1/19 to the present. | Arlette Petersson, Alecia Dennis, Knolan DeVevo, Celeste Blackwell, Pedro De Guzman, Darlene Riggs, Johanna Lane, Catrina Leandre, David Shelpman, Desiree Voita, Dawn Lopater, Steven Hart, Ryan Miller | "ATI" & "contract"; "ATI" & "legal"; "ATI" & "liability" |
| 38 | Please produce all web, print, radio, television, and any other advertisement for the RN Program from 2017 to present. | HCI shall produce all responsive documents. | N/A | N/A |
| 43 | Please produce all non-privileged communications regarding the above-captioned lawsuit, including all communications with or about the Named Plaintiffs. | HCI shall produce responsive communications, but limited to those with Sachs Media, or with Florian Education Investors, LLC, or with any investors in Florian Education Investors, LLC, or with any investors in HCI. | Arlette Petersson, Alecia Dennis, Knolan DeVevo, Celeste Blackwell, Pedro De Guzman, Darlene Riggs, Johanna Lane, Catrina Leandre, David Shelpman, Desiree Voita, Dawn Lopater, Steven Hart, Ryan Miller | "Sachs" & ("lawsuit" or "litigation" or "case" or "suit" or "roberson" or "plaintiffs" or "PPSL" or "Project on Predatory Student Lending" or "Harvard"); ("Florian" or "FEI") & ("lawsuit" o+A1:E11" "litigation" or "case" or "suit" or "roberson" or "plaintiffs" or "PPSL" or "case" or "Project on Predatory Student Lending" or "Harvard") |

# Exhibit B

| | |
|---|---|
| **From:** | Rebecca Eisenbrey |
| **To:** | Victoria Roytenberg; "Michael J. Carney"; "Barbara Fox" |
| **Cc:** | Jennifer Thelusma; Clay Losier |
| **Subject:** | RE: Discovery Proposal |
| **Date:** | Friday, November 3, 2023 2:46:00 PM |

Hi all,

Just writing to memorialize our agreement on these search terms, modified only to remove the terms for RFP 35 and to correct the typo in RFP 43.

Have a lovely weekend,

Becca

---

**From:** Victoria Roytenberg <VRoytenberg@ppsl.org>
**Sent:** Thursday, November 2, 2023 12:41 PM
**To:** 'Michael J. Carney' <mjc@kubickidraper.com>; 'Barbara Fox' <bf@kubickidraper.com>
**Cc:** Rebecca Eisenbrey <REisenbrey@ppsl.org>; Jennifer Thelusma <Jthelusma@ppsl.org>; Clay Losier <nicole@mayerlawflorida.com>
**Subject:** Discovery Proposal

Hello Mike,

Apologies for the delay, here's our compromise proposal. You'll see it's quite narrow and based largely on the searches we proposed prior to the hearing. We can talk it through on our call in a bit. Thanks.


Victoria Roytenberg
Senior Attorney
Project on Predatory Student Lending Inc.
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
(617)322-2459
https://www.ppsl.org/
Pronouns: she/her


This communication may be privileged and confidential, and may relate to legal matters, which may be subject to the attorney-client privilege.  If you are not the intended designated recipient of this communication, you should destroy this email and any attachments or copies, and you are prohibited from retaining, distributing, disclosing, or using any information contained herein.  Please notify the sender of any error by return email or by calling (617)-322-2459. Thank you.

Exhibit C

| | |
|---|---|
| **From:** | Victoria Roytenberg |
| **To:** | Michael J. Carney; Clay Losier; Lily Wong; Barbara Fox |
| **Cc:** | Jennifer Thelusma; Rebecca Eisenbrey |
| **Subject:** | RE: Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issue s- Post Meeting Follow-Up |
| **Date:** | Monday, January 8, 2024 3:36:54 PM |
| **Attachments:** | image009.png |
| | image010.png |
| | image011.png |
| | image012.png |
| | image013.png |

Thank you, Mike. We will file it today.

**From:** Michael J. Carney <mjc@kubickidraper.com>
**Sent:** Monday, January 8, 2024 3:25 PM
**To:** Victoria Roytenberg <VRoytenberg@ppsl.org>; Clay Losier <nicole@mayerlawflorida.com>; Lily Wong <lw@kubickidraper.com>; Barbara Fox <bf@kubickidraper.com>
**Cc:** Jennifer Thelusma <Jthelusma@ppsl.org>; Rebecca Eisenbrey <REisenbrey@ppsl.org>
**Subject:** RE: Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issue s- Post Meeting Follow-Up

The Motion is fine, Victoria

Hopefully we will have a lot of agreements in the next couple days, per our discussions.

TY

Mike



Michael J. Carney
Shareholder

Direct   (954) 713-2323
Fax      (954) 768-0514

mjc@kubickidraper.com

110 E. Broward Blvd., Suite 1400
Fort Lauderdale, Florida 33301

Committed to DEI, and proudly certified: RING Platinum 

**From:** Victoria Roytenberg [mailto:VRoytenberg@ppsl.org]
**Sent:** Monday, January 08, 2024 3:04 PM
**To:** Clay Losier; Lily Wong; Barbara Fox; Michael J. Carney
**Cc:** Jennifer Thelusma; Rebecca Eisenbrey
**Subject:** RE: Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issue s- Post Meeting Follow-Up

Hello Mike,

I wanted to follow up on the email below. Also, attached is a Joint Motion for Further Extension of Time (for plaintiffs to file a motion to compel). We would like to file this today. Please let us know if you agree to file it jointly and if you have any edits. Otherwise, please let us know your position on the motion.

Thank you,
Victoria

---

**From:** nicole@mayerlawflorida.com <nicole@mayerlawflorida.com>
**Sent:** Friday, January 5, 2024 7:22 PM
**To:** Lily Wong <lw@kubickidraper.com>; 'Barbara Fox' <bf@kubickidraper.com>; 'Michael J. Carney' <mjc@kubickidraper.com>
**Cc:** Victoria Roytenberg <VRoytenberg@ppsl.org>; Jennifer Thelusma <Jthelusma@ppsl.org>; Rebecca Eisenbrey <REisenbrey@ppsl.org>
**Subject:** RE: Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issue s- Post Meeting Follow-Up

Hello Mike,

Just writing to recap our call today and provide info. you requested. Please let us know if any of this is incorrect or if we forgot anything.

### Motion to Compel Timing

You asked that we wait to file a motion to compel until after you file Defendants' response to the class cert. motion. We agree and will send a motion next week with a request to change our current Jan. 9th deadline. The hope is that we can reduce the number of disputes before filing any such motion.

### Plaintiffs' Second Set of RFPs to HCI

Search of Communications Using Search Terms

- 10/27/23 Order from Judge McCabe (ECF No. 133, ¶ 3) stated that "to the extent any documents ordered to be produced by way of this Order include emails" the parties were to agree on search terms within a week of the order.
- Communications were ordered to be produced for:
  - RFP Nos. 23, 27, 28 - All responsive communications to be produced.
  - RFP No. 21 - Limited to communications regarding the 2018 BON WPB application and Ft. Lauderdale application (including emails, letters, text messages, internal memos, reports, ExCom meetings)
  - RFP No. 43 – Limited to communications with Sachs Media, FEI, any FEI investor, or any HCI investor about this lawsuit.
- We agreed on search terms by 11/3/23 and all docs. were to be produced within 30 days of the Order (though we granted an extension)
- Please advise if these searches were run and if all documents retrieved from use of the search terms (meaning without further limiting by Defendant) have been produced.

RFP No. 1 You stated you would review Alecia Dennis's testimony and look into whether there are any processes, policies, etc. that have not been produced.

RFP No. 2 You stated you would look into whether there are any other meeting notes referencing the 50% Rule that have not been produced.

RFP No. 21 HCI produced just six pages which were emails. You asked that I identify these by Bates numbers. The Bates Nos. are HCI025380-25385. You stated you would look to see if there are any responsive communications not produced and whether any ExCom meeting minutes are responsive since the court ordered their production.

RFP No. 43 You said you would check to see if there are any other communications about this lawsuit with Sacks Media, FEI, or any FEI investor about this lawsuit (which the court ordered produced)

**Plaintiffs' Third Set of RFPs to HCI**

RFP Nos. 4, 5, 7, 24, 27, 28, 29 – You said these are RFPs for which documents are still forthcoming. Lily will provide a complete index, including identifying the Bates numbers for docs. previously produced which HCI's responses stated had already been provided (RFP Nos. 6, 12, 14).

RFP Nos. 1 & 2 You advised you would confer with your client to look into whether the financial documents we identified by name are easily produced, and if so, may be willing to produce the documents.

RFP No. 9 You stated you would check to see if there are other meeting notes regarding the choice of Exit Exam and let us know.

RFP No. 10 You stated you would:

a. Determine the basis for the heavy redactions in the ExCom meeting minutes that were produced and not listed on HCI's privilege log (*see* Bates 28383-28426) and determine if these could be unredacted or whether an *in camera* inspection by the court is appropriate;

b. Determine why so few ExCom meeting minutes were produced (including but not limited to the meeting minutes missing for the meetings held on the dates listed on page 7 of our meet & confer letter); and

c. Respond to our request for additional information on HCI's privilege log about why 7 sets of ExCom meeting mins. were withheld as privileged.

RFP No. 13 You stated that you could agree to produce written policies, processes, and documents mentioned by Alecia Dennis in her deposition. You consider the request for communications a separate issue. Whether we need to compel on this may be impacted by whether the search of communications reference in at the beginning of this email was performed.

RFP No. 14 You stated you would check to see if there are written processes and communications regarding student advancement that have not been produced. You also stated you would include in your index the Bates numbers for the documents your response states were already produced.

RFP No. 15 You stated that agreements with Tatsiana Tuchinsky may be produced but that you needed to look into this.

RFP No. 25 You agreed that the limitations we placed on the requests in italicized text seemed fair.

RFP No. 28 Regarding the request for docs. and communications reflecting payments made by HCI to or on behalf of FEI . . . . You stated that you were "putting a pin in" this request, which we think means resting on your objections. In response to this, and HCI's resistance to producing financial documents, I asked what you would request if you were seeking discovery about the connection/overlap between two related defendants. You stated this was an interesting question and that you would think about this. If you have any ideas, we are happy to consider

<mark>them</mark>.

### Plaintiffs' Second Set of RFPs to FEI

<u>Missing documents</u> – We explained that we think it is critical that HCI produce the missing investor documents listed on pages 10 and 11 of our meet and confer letter and that if not produced, we will need to seek these through third-parties. You stated you would look into why certain documents were missing and get back to us.

<u>RFP No. 10</u> We did not specifically discuss this during our call but are we correct in presuming that it will be handled the same as HCI's financial documents? I believe Ryan Miller testified that he keeps these docs. for FEI as well. If not, the accounting firm would have them.

<u>Jan. 2023 VM transcript at FLORIAN000875</u> You stated you would look into why this document was redacted and listed on FEI's privilege log. We explained we saw no basis for withholding a document sent to investors.

<u>Withheld draft investor report</u> – You stated you would look into why a draft investor report (referred to in FLORIAN00212) was withheld as privileged and consider our request for additional information in the privilege log such as the identity of the client and the attorney holding the privilege.

### Upcoming Depositions

As discussed, we would like to take one day to depose Celeste Blackwell and David Shelpman while we are in WPB for the Cooke and Bonds depos. It is <mark>preferable (but not required) to do the Bonds or Cooke depo the first day</mark> since you plan to start those at 11am; therefore, those of us in Florida could drive to WPB that morning and do two nights in a hotel rather than 3.

We look forward to hearing from you.

Nicole

---

**From:** Andrea Gibson <<u>Andrea.Gibson@kubickidraper.com</u>>
**Sent:** Friday, January 5, 2024 8:56 AM
**To:** 'Rebecca Eisenbrey' <<u>REisenbrey@ppsl.org</u>>; Lily Wong <<u>LW@kubickidraper.com</u>>; Clay Losier <<u>nicole@mayerlawflorida.com</u>>; Barbara Fox <<u>bf@kubickidraper.com</u>>; Michael J. Carney <<u>mjc@kubickidraper.com</u>>
**Cc:** Victoria Roytenberg <<u>VRoytenberg@ppsl.org</u>>; Jennifer Thelusma <<u>Jthelusma@ppsl.org</u>>
**Subject:** RE: Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issues

Good morning
Lets go with 2:30 pm.  Shall I send a zoom link?

---

**From:** Rebecca Eisenbrey [<u>mailto:REisenbrey@ppsl.org</u>]
**Sent:** Thursday, January 04, 2024 6:58 PM
**To:** Andrea Gibson; Lily Wong; Clay Losier; Barbara Fox; Michael J. Carney
**Cc:** Victoria Roytenberg; Jennifer Thelusma

**Subject:** Re: Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issues

Hi Andrea, do we have a time tomorrow?

---

**From:** Rebecca Eisenbrey <REisenbrey@ppsl.org>
**Sent:** Thursday, January 4, 2024 12:15:35 PM
**To:** Andrea Gibson <Andrea.Gibson@kubickidraper.com>; Lily Wong <lw@kubickidraper.com>; Clay Losier <nicole@mayerlawflorida.com>; Barbara Fox <bf@kubickidraper.com>; Michael J. Carney <mjc@kubickidraper.com>
**Cc:** Victoria Roytenberg <VRoytenberg@ppsl.org>; Jennifer Thelusma <Jthelusma@ppsl.org>
**Subject:** Re: Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issues

Andrea, we're available tomorrow from 2 to 5.

---

**From:** Andrea Gibson <Andrea.Gibson@kubickidraper.com>
**Sent:** Thursday, January 4, 2024 10:22 AM
**To:** Rebecca Eisenbrey <REisenbrey@ppsl.org>; Lily Wong <lw@kubickidraper.com>; Clay Losier <nicole@mayerlawflorida.com>; Barbara Fox <bf@kubickidraper.com>; Michael J. Carney <mjc@kubickidraper.com>
**Cc:** Victoria Roytenberg <VRoytenberg@ppsl.org>; Jennifer Thelusma <Jthelusma@ppsl.org>
**Subject:** RE: Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issues

Good morning
Mike Carney is in transit and has been delayed in getting back to the office.  Please advise your availability for **Friday, 1/5/24 after 2pm.**  Once you confirm, I will send out a calendar invite.  Thank you.



Andrea Gibson
Legal Assistant

Direct   (954) 713-2309
Fax       (954) 768-0514
Andrea.Gibson@kubickidraper.com
110 E. Broward Blvd., Suite 1400
Fort Lauderdale, Florida 33301

Committed to DEI, and proudly certified: RING Platinum

---

**From:** Rebecca Eisenbrey [mailto:REisenbrey@ppsl.org]
**Sent:** Wednesday, January 03, 2024 6:23 PM
**To:** Lily Wong; Clay Losier; Barbara Fox; Michael J. Carney
**Cc:** Victoria Roytenberg; Jennifer Thelusma; Andrea Gibson
**Subject:** Re: Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issues

And happy New Year!

---

**From:** Rebecca Eisenbrey <REisenbrey@ppsl.org>
**Sent:** Wednesday, January 3, 2024 6:22:50 PM
**To:** Lily Wong <lw@kubickidraper.com>; Clay Losier <nicole@mayerlawflorida.com>; Barbara Fox <bf@kubickidraper.com>; Michael J. Carney <mjc@kubickidraper.com>
**Cc:** Victoria Roytenberg <VRoytenberg@ppsl.org>; Jennifer Thelusma <Jthelusma@ppsl.org>; Andrea Gibson <Andrea.Gibson@kubickidraper.com>
**Subject:** Re: Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issues

Thanks, Lily and Andrea. Please let us know as soon as possible.

---

**From:** Lily Wong <LW@kubickidraper.com>
**Sent:** Wednesday, January 3, 2024 3:51:47 PM
**To:** Clay Losier <nicole@mayerlawflorida.com>; Barbara Fox <bf@kubickidraper.com>; Michael J. Carney <mjc@kubickidraper.com>
**Cc:** Victoria Roytenberg <VRoytenberg@ppsl.org>; Jennifer Thelusma <Jthelusma@ppsl.org>; Rebecca Eisenbrey <REisenbrey@ppsl.org>; Andrea Gibson <Andrea.Gibson@kubickidraper.com>
**Subject:** RE: Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issues

Hi Nicole,

Happy New Year!
Mike is in transit. I've cc'ed our assistant Andrea to this email chain, she'll be able to confirm the time for the telephone conference tomorrow.

Thank you,
Lily



Lily Wong
Attorney

Direct   (954) 713-2319
Fax       (954) 768-0514
LW@kubickidraper.com
110 E. Broward Blvd., Suite 1400
Fort Lauderdale, Florida 33301

---

Committed to DEI, and proudly certified: RING Platinum 

---

**From:** nicole@mayerlawflorida.com [mailto:nicole@mayerlawflorida.com]
**Sent:** Wednesday, January 03, 2024 3:45 PM

**To:** Barbara Fox; Michael J. Carney; Lily Wong
**Cc:** 'Victoria Roytenberg'; 'Jennifer Thelusma'; 'Rebecca Eisenbrey'
**Subject:** RE: Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issues

Hello. We would appreciate knowing what time you are available to speak with us tomorrow.

Nicole

**From:** nicole@mayerlawflorida.com <nicole@mayerlawflorida.com>
**Sent:** Tuesday, January 2, 2024 3:23 PM
**To:** 'Barbara Fox' <bf@kubickidraper.com>; 'Michael J. Carney' <mjc@kubickidraper.com>; 'Lily Wong' <LW@kubickidraper.com>
**Cc:** 'Victoria Roytenberg' <VRoytenberg@ppsl.org>; 'Jennifer Thelusma' <Jthelusma@ppsl.org>; 'Rebecca Eisenbrey' <REisenbrey@ppsl.org>
**Subject:** RE: Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issues

Hello. Just following up to see what time works best for you on Thursday for a call.

To the extent you can provide an earlier written response to some of the issues raised in our letter (for example, the requests for which the responses stated documents were produced but for which we did not receive documents) this would help narrow our call on Thursday.

Thank you.

Nicole

**From:** nicole@mayerlawflorida.com <nicole@mayerlawflorida.com>
**Sent:** Saturday, December 23, 2023 12:14 PM
**To:** 'Barbara Fox' <bf@kubickidraper.com>; 'Michael J. Carney' <mjc@kubickidraper.com>; 'Lily Wong' <LW@kubickidraper.com>
**Cc:** 'Victoria Roytenberg' <VRoytenberg@ppsl.org>; 'Jennifer Thelusma' <Jthelusma@ppsl.org>; 'Rebecca Eisenbrey' <REisenbrey@ppsl.org>
**Subject:** RE: Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issues

On the 4th, we are available 11-12 or 12:30-2:45.

**From:** Barbara Fox <bf@kubickidraper.com>
**Sent:** Friday, December 22, 2023 2:51 PM
**To:** 'nicole@mayerlawflorida.com' <nicole@mayerlawflorida.com>; Michael J. Carney <mjc@kubickidraper.com>; Lily Wong <LW@kubickidraper.com>
**Cc:** 'Victoria Roytenberg' <VRoytenberg@ppsl.org>; 'Jennifer Thelusma' <Jthelusma@ppsl.org>; 'Rebecca Eisenbrey' <REisenbrey@ppsl.org>
**Subject:** RE: Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issues

I am guessing that due to the holidays the 4th is probably more feasible. Let me know the times you are available.

**From:** nicole@mayerlawflorida.com [mailto:nicole@mayerlawflorida.com]
**Sent:** Friday, December 22, 2023 2:37 PM
**To:** Barbara Fox; Michael J. Carney; Lily Wong
**Cc:** 'Victoria Roytenberg'; 'Jennifer Thelusma'; 'Rebecca Eisenbrey'
**Subject:** RE: Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issues

Thank you, Barbara. Please let us know if having a call at 2:30 on Tuesday January 2nd would allow enough time for you to consider the discovery issues raised in our letter and to confer with you client if you deem necessary. If not, we are free most of the 3rd and the 4th as well.

Thank you and Happy Holidays to all.

Nicole

**From:** Barbara Fox <bf@kubickidraper.com>
**Sent:** Friday, December 22, 2023 11:56 AM
**To:** 'nicole@mayerlawflorida.com' <nicole@mayerlawflorida.com>; Michael J. Carney <mjc@kubickidraper.com>; Lily Wong <LW@kubickidraper.com>
**Cc:** 'Victoria Roytenberg' <VRoytenberg@ppsl.org>; 'Jennifer Thelusma' <Jthelusma@ppsl.org>; 'Rebecca Eisenbrey' <REisenbrey@ppsl.org>
**Subject:** RE: Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issues

Hi Nicole,
We can agree to extend the deadline and speak after the new year. Happy Holidays.



Barbara Fox
Shareholder

Direct (305) 982-6716
Fax (305) 374-7846
bf@kubickidraper.com
9100 S. Dadeland Blvd., Suite 1800
Miami, Florida 33156

Committed to DEI, and proudly certified: RING Platinum 

**From:** nicole@mayerlawflorida.com [mailto:nicole@mayerlawflorida.com]
**Sent:** Thursday, December 21, 2023 8:44 PM
**To:** Michael J. Carney; Lily Wong; Barbara Fox

**Cc:** 'Victoria Roytenberg'; 'Jennifer Thelusma'; 'Rebecca Eisenbrey'
**Subject:** Roberson v. HCI - Meet and Confer Re: Outstanding Discovery Issues

Counsel,

Attached is a meet and confer letter regarding several outstanding discovery issues. Specifically, issues related to HCI's Responses and Production to Plaintiffs' Third Set of RFPs, HCI's Production in Response to Court Order No. 133, and FEI's Production and Responses to Plaintiffs' Second Set of RFPs.

Given the number of outstanding discovery issues, the upcoming holidays, and the pending court deadlines, would Defendants agree to extend Plaintiffs' deadline for moving to compel on any of these discovery issues until January 9th? Our goal would be to conclude the meet and confer discussions by January 4th so that we would have time to draft any necessary motions to compel prior to the 9th.

If Defendants are willing to grant this request, we will draft a motion reflecting this agreement.

Thank you.

Nicole

Exhibit D

# MAYER LAW

📞 352.494.3657   📍 171 Dommerich Dr. Maitland, FL 32751   ✉ Nicole@mayerlawflorida.com

December 21, 2023

Michael J. Carney
Lily Wong
Kubicki Draper
110 E. Broward Blvd., Suite 1400
Fort Lauderdale, Florida 33301

Barbara Fox
Kubicki Draper
9100 S. Dadeland Blvd., Suite 1800
Miami, Florida 33156

*In re: Roberson et al. v. Health Career Institute LLC et al*, 9:22-cv-81883-RAR

Dear Counsel,

We are writing to confer with you on several outstanding discovery issues; each addressed in turn below in order of priority.

1. **Meet and Confer on HCI's Response to Plaintiffs' Third Set of Document Requests and Documents Produced in Response to Court Order No. 133**

   a. **No Index Provided.**

We note that your written responses to Plaintiffs' Third Set of RFPs stated that documents would be produced for RFPs 3, 4, 5, 7, 24, 27, 28, and 29; however, you did not provide an index, and the names of the documents you produced (see below) suggest that nothing was produced in response to these requests.



1

**MAYER LAW**

📞 352.494.3657     📍 171 Dommerich Dr. Maitland, FL 32751     ✉ Nicole@mayerlawflorida.com

Additionally, for RFPs 6, 12, and 14, HCI's responses indicated that responsive documents were already produced; however, no Bates number were provided to identify these documents.

*Please provide a complete index showing the Bates numbers of the previously produced documents responsive to RFPs 6, 12, and 14, and the Bates numbers of documents responsive to RFPs 3, 4, 5, 7, 24, 27, 28, and 29.*

**b. Objections**

In response to Plaintiff's Third Set of RFPs, HCI objected to RFPs 1-7, 12-15, 17, 18, 21, and 24-28.

For RFPs 4-7, 12, and 27, HCI stated that it was making a production "[n]otwithstanding and without waiving" the objections. However, as noted above, it is not clear what, if any, documents were produced in response to these requests; as a result, Plaintiffs cannot determine what may have been withheld on the basis of the objections.

**RFPs 1 and 2** seek "[a]ll profit and loss statements, balance sheets, income statements, and statements of cash flows," and "[a]ll documents concerning or relating to audits of" and "all communications relating to" same. HCI refused to produce any responsive documents. As discussed below, HCI's objections are meritless:

- *Terms are not defined, overly broad, vague and ambiguous*: Aside from the fact that "profit and loss statements," "balance sheets," "income statements," and "statements of cash flows" are common, easily understandable terms that are routinely used in business and accounting,[1] HCI's CFO, Ryan Miller, specifically testified that every month he does an actual versus budget comparison, and that in doing so,

  > I look at a full financial package, which includes profit and loss statements, balance sheet, cash flow, population models . . . Capex expenditures . . . I look at 90/10 percentage. So pretty much anything on the financial side, we look at monthly and compare it.

  Miller Dep. Tr. 31:19-24 (Nov. 14, 2023). Later in his deposition, Miller testified that monthly he creates HCI's income statement, balance sheet, and cash flow." *Id.* 89:19-90:9. Miller went on to explain what each of these documents contains. *Id.* 122:12-123:11. Moreover, when asked on November 14, 2023, if he knew whether he had compiled any financial documents for production in this case, Miller testified, "I believe there's a third production request to compile these financials together" and that he had "[s]tarted to pull these for each month." *Id.* 50:24-51:9.

---

[1] *See, e.g.*, Jeff Smith, Corporate Finance Institute, "Three Financial Statements," https://corporatefinanceinstitute.com/resources/accounting/three-financial-statements/ ("The three financial statements are the income statement, the balance sheet, and the cash flow statement.").

2

**MAYER LAW**

📞 352.494.3657          📍 171 Dommerich Dr. Maitland, FL 32751          ✉ Nicole@mayerlawflorida.com

- *Documents sought are irrelevant*: As the U.S. Securities and Exchange Commission explains in its "Beginners' Guide to Financial Statement," the financial statements sought "show you where a company's money came from, where it went, and where it is now." https://www.sec.gov/reportspubs/investor-publications/investorpubsbegfinstmtguide. As Plaintiffs have repeatedly explained, and as Judge McCabe has recognized, the gravamen of the SAC is that Defendants grossly overcharge for a subpar product. Information showing where tuition dollars went, and where they are now, is thus plainly relevant.

*Please produce all responsive documents. If there remains any confusion as to these terms used in the RFP, we suggest you confer with HCI's CFO given that he had already begun identifying and compiling responsive financial documents in the month preceding HCI's written objections.*

**RFP 13** seeks "[a]ll 'written processes' regarding curriculum creation and changes to curricula, as discussed by Alecia Dennis during her 30(b)(6) deposition, and all communications regarding same," citing Ms. Dennis's deposition transcript at 75:18-76:1. HCI refused to produce any responsive documents, stating that the request is "so broad, vague and ambiguous so as to provide no meaningful guidance as to what is being sought." HCI claims that "Ms. Dennis specifically did not specifically identify the existence of any 'written process' in the quoted parts of her deposition."

The cited deposition testimony reads:

Q: And so I'll ask, are HCI processes written down?

A: So yes, we have guidance on the various processes we implement.

Q: So regarding curriculum creation and changes to curricula, are their [sic] written processes for that?

A: Right.

RFP 13 clearly seeks the "written processes" "regarding curriculum creation and changes to curricula" that Ms. Dennis confirmed exist.

*Please produce all responsive documents.*

As to communications, HCI claims that absent a list of individuals to whom communications were made, the request is overbroad, vague and ambiguous. Plaintiffs propose the same list of custodians agreed to by HCI for a prior search for curriculum-related communications: Arlette Petersson, Alecia Dennis, Knolan DeVevo, Celeste Blackwell, Pedro De Guzman, Darlene Riggs, Johanna Lane, Catrina Leandre, David Shelpman, Desiree Voita, Dawn Lopater, and Steven Hart.

*Please produce all responsive communications from these custodians.*

**RFP 15** seeks documents related to Tatsiana Tuchinsky and/or EduCompliance Strategies, LLC. HCI complains that the request for "document[s] 'concerning HCI's dealings with Tatsiana Tuchinksy and/or EduCompliance Strategies, LLC' is so overly broad so vague and ambiguous,

**MAYER LAW**

📞 352.494.3657    📍 171 Dommerich Dr. Maitland, FL 32751    ✉ Nicole@mayerlawflorida.com

and overly broad so as to provide no meaningful guidance as to what is being sought." This objection completely ignores the remainder of the request, which gives specific examples of the documents being sought. The objection also claims that the request is irrelevant because it is not limited to documents "pertaining to the allegations of the lawsuit." Pedro DeGuzman testified that Tatsiana Tuchinsky is a "compliance person we've used to review our catalog or to review our website, for example." DeGuzman Dep. Tr. 221:21-223:2 (Aug. 15, 2023). The claims in this case concern content in HCI's catalog and website; therefore, information concerning Ms. Tuchinsky is directly relevant to this case.

*Please produce, at minimum, all "agreements for services; written communications between HCI and Tatsiana Tuchinsky and/or EduCompliance Strategies, LLC; attachments to those written communications; and any notes, summaries, or reports generated by Tatsiana Tuchinsky and/or EduCompliance Strategies, LLC concerning HCI."*

**RFP 25** seeks work produced by marketing contractors, including SEM Management and Heart Globe Enterprises, and communications regarding same. HCI objects that "the term 'work' is not defined." Once again, this objection ignored the remainder of the request, which gives specific examples of the "work" being sought. HCI also seems to object that the request seeks irrelevant information. The complaint alleges that HCI engaged in racially targeted marketing and advertising. As a result, all documents related to HCI's marketing and advertising strategies are entirely relevant. Finally, HCI objects that the request for "all communications regarding same . . . provide[s] no meaningful guidance as to what is being sought." As with all other, similar requests, Plaintiffs seek all communications, whether internal to HCI or with employees or agents of the third-party contractors, regarding the requested documents—*i.e.*, all communications discussing the marketing and advertising plans, SEO directives, and market research produced by marketing contractors.

*Please produce all "marketing and advertising plans, SEO directives, and market research" produced for HCI by third parties during the relevant period, and all communications regarding same.*

**RFP 28** seeks "[a]ll documents, including communications, reflecting payments made by HCI to, or on behalf of, FEI and/or its employees or principals, including invoices, billing statements, account statements, and/or receipts." HCI objects that this request is overbroad, vague and ambiguous, and irrelevant. The request is none of these things. The request plainly seeks all documents that contain information about money moving from HCI to FEI, its parent company. Documents produced in this action show that FEI can demand disbursements from HCI, and witnesses for HCI and FEI confirmed that such disbursements are regularly made. As HCI acknowledges, the complaint alleges that the education provided by HCI was subpar. As explained above, inherent in that allegation is that money that should have gone to the provision of educational services was in fact distributed elsewhere, including to FEI investors. The information sought is thus plainly stated and clearly relevant.

*Please produce all responsive documents.*

4

**MAYER LAW**

📞 352.494.3657     📍 171 Dommerich Dr. Maitland, FL 32751     ✉ Nicole@mayerlawflorida.com

### c. Possibly Missing Documents

#### i. Choice of Exam Documents Used in the RN Program

As to **RFP 1** of Plaintiffs' Second Set of RFPs to HCI, Court Order No. 133 required production of all versions of the Policy for Testing Deployment as referred to by Alecia Dennis in her deposition, as well as all versions of the Exit Exam Policy seen at Bates 569. The documents produced and designated as responsive to RFP 1 and 2 are HCI020607-021205. Policy-wise, these documents contain only a Secure Testing Policy created in 2021 and updated in 2022, and instructions for administering an ATI Proctored exam. Neither of these reflect the policy mentioned by Alecia Dennis or the policy CIE required HCI to implement like the draft seen in Bates 569.

**RFP 9** of Plaintiffs' Third Set of RFPs requested all Nursing Curriculum Committee meeting or decision notes concerning the choice of Exit Exam (the last exam taken by students before graduation from HCI's nursing program). The "index" you provided stated that documents responsive to RFP 9 were located at HCI028305-28382, which included the meeting minutes described below:

- *Meeting Minutes* – At HCI028305-HCI028282, HCI produced meeting minutes from Nursing Meetings, Faculty Meetings, Academic Management Meetings, and Curriculum Committee Meetings. These included four sets of meeting minutes from 2019; four sets of meeting minutes from 2020; five sets of meeting minutes for 2021; zero meeting minutes from 2022; and one set of meeting minutes from 2023.

We have reviewed the identified documents at HCI028305-28382 and did not see any documents corresponding with the Policy for Testing Deployment that Alecia Dennis testified about, nor did we find different versions, or even a final version, of the Exit Exam Policy.

Meeting minutes also appear between HCI021171-021205; however, these contain only three meeting minutes from 2019 and three meeting minutes for 2021. While there is reference to different exam formats, the notes do not reflect a decision to switch from one format to the other on a particular date.

*Please advise if any additional documents exist concerning the change of format for the final exit exam or any policies regarding same.*

#### ii. Documents Regarding the 50% Rule

As to **RFP 2** of Plaintiffs' Second Set of RFPs to HCI**,** Court Order No. 133 required HCI to examine the binders kept by the Nursing Director in connection with faculty meetings and produce all documents relating to the 50% Rule, as well as all complaints about the 50% Rule. The documents produced indicate that HCI020607-021205 are responsive to RFPs 1 and 2 referenced in Court Order No. 133. We note, however, that HCI20607-020633 are responsive to only RFP 1.

5

# MAYER LAW

📞 352.494.3657          📍 171 Dommerich Dr. Maitland, FL 32751          ✉ Nicole@mayerlawflorida.com

Documents produced as HCI020634-021205 appear to be responsive to RFP 2. These include complaints as well as meeting minutes from Nursing Meetings, Faculty Meetings, Academic Management Meetings, and Curriculum Committee Meetings. These included three sets of meeting minutes from 2019; zero meeting minutes from 2020; three sets of meeting minutes for 2021; and no meeting minutes for 2022 or 2023. Upon review of all faculty/nursing/curriculum meeting minutes produced, [2] the only mention of the new grading policy appears in a May 14, 2021, meeting at which the roll out of the policy was simply announced. HCI028375. We note that David Shelpman's form email responses to students complaining about this new grading policy in August 2021 stated,

> I want to take an opportunity to explain how the college came about deciding this new course requirement. I can assure you that this was not a rash administrative decision to create a more challenging time for our students. This came up during a nursing faculty meeting and was initially brought forth by our nursing education team. We discussed the different competencies that were required to ensure that a student has mastered the necessary skillsets in all areas of the course specifically that of which is taught in the course and covered during exams. Through the discussion of this suggested topic and change it was reviewed and voted on that setting an expectation level of 50% which is relatively a low score in each subsection was something that our nursing students should be able to achieve and demonstrate their ability to [sic] the fact that they have mastered the necessary content required to move on.

HCI021140-41 (Aug. 11, 2021).

Additionally, email responses from Celeste Blackwell to student complaints about the 50% Rule indicated that the administration was gathering data, information, and scores to review prior to considering student complaints. *Examples* at HCI021033 (Aug. 24, 2021); HCI021041 (Aug. 25, 2021); HCI021043 (Aug. 12, 2021); HCI021046 (Aug. 13, 2021). Mr. Shelpman and Ms. Blackwell's statements indicate that extensive analysis was done on the change in grading policy both before and after its implementation. Despite having asked for such documentation in a number of requests, we have yet to see it.

*Please advise if any additional documents exist concerning the creation of, implementation of, or analysis of the 50% Rule.*

**RFP 14** of Plaintiffs' Third Set of RFPs asked for all written processes regarding student advancement in the RN program as well as all communications regarding same. HCI's response was that responsive documents had already been provided.

*Please advise which documents this response refers to, and/or the request to which responsive documents were previously provided.*

---

[2] In total, as for meetings attended by HCI faculty, HCI has produced 32 sets of meeting minutes from 2019; yet has produced only four from 2020, nine from 2021, zero from 2022, and one from 2023.

6

**MAYER LAW**

📞 352.494.3657     📍 171 Dommerich Dr. Maitland, FL 32751     ✉ Nicole@mayerlawflorida.com

*iii.* *ExCom Meeting Notes*

    A. <u>Response to Third Set of RFPs</u>

**RFP No. 10** of Plaintiffs' Third Set of RFPs asked for "All notes from ExCom meetings, as discussed by Steven Hart in his deposition, concerning advancement and graduation requirements for the RN Program, the use of examinations in the RN Program, and/or RN Students' preparation for and performance on the NCLEX-RN." In response, HCI produced 24 ExCom Meeting Minutes, all of which were heavily redacted and seven of which were withheld as privileged. Among the ExCom meeting minutes produced, nine sets were from 2021, 12 were from 2022, and four sets were from 2023. In addition to the redaction and privilege concerns addressed in Section 1(d) below, Plaintiffs believe that HCI failed to produce several ExCom Meeting Minutes responsive to RFP No. 10.

Defendant Hart and HCI's CFO Ryan Miller testified that ExCom Meetings occur once per month. Hart Dep. Tr. 44:22-24 (Aug. 17, 2023); Miller Dep. Tr. 240:21-241:10. The Authorization Guidelines provide, and HCI's CFO Ryan Miller confirmed, that at each ExCom meeting the attendees review "monthly and a year-to-date analysis of NCLEX test results, regulatory update, new program and T4 approval, start projection, placement and output updates" and that "the CEO will notify ExCom of any noncompliance with any requirement." Miller Dep. Tr. 147:15-148:6. Based on these descriptions, all ExCom meeting minutes should contain information responsive to RFP No. 10.

ExCom Meeting Minutes produced indicate that ExCom Meetings occurred on the following dates,[3] yet no documentation was produced in connection with these meetings:

        1. Dec. 16, 2020;[4]
        2. Dec. 30, 2020;[5]
        3. Jan. 21, 2021;[6]
        4. March 17, 2021;[7]
        5. June 16, 2021;[8]
        6. Oct. 28, 2021;[9]
        7. Feb. 17, 2022;[10]
        8. Oct. 20, 2022;[11]

---

[3] That additional meetings occurred is evidenced by the fact that the meeting minutes produced reference approval of meeting minutes that occurred on dates for which no documents were produced.

[4] *See* HCI028385, indicating approval of meeting minutes from Dec. 16, 2020, meeting.

[5] *See* HCI028385, indicating approval of meeting minutes from Dec. 30, 2020, meeting.

[6] *See* HCI028383, indicating approval of meeting minutes from Jan.21, 2021, meeting.

[7] *See* HCI028385, indicating approval of meeting minutes from March 17, 2021, meeting.

[8] *See* HCI028422, indicating approval of meeting minutes from June 16, 2021, meeting.

[9] *See* HCI028417, indicating approval of meeting minutes from Oct. 28, 2021, meeting.

[10] *See* HCI028391, indicating approval of meeting minutes from Feb. 17, 2022, meeting.

[11] *See* HCI028415, indicating approval of meeting minutes from Oct. 20, 2022, meeting.

**MAYER LAW**

📞 352.494.3657    📍 171 Dommerich Dr. Maitland, FL 32751    ✉ Nicole@mayerlawflorida.com

9. March 2, 2023;[12]
10. July 2023;[13]
11. Aug. 2023;[14]
12.    Sept. 2023;[15]
13.    Oct. 2023;[16]
14. Nov. 2023.[17]

### B. Response to Court Order No. 133

As to **RFP No. 21** of Plaintiffs' Second Set of RFPs, Court Order No. 133 required HCI to produce, in part, minutes of executive committee meetings regarding "the 2018 BON West Palm Beach application and the BON Fort Lauderdale application that followed it" as well as communications in connection with same. In response, HCI produced just six pages of documents, reflecting a few 2018 emails. The response did not include any ExCom meeting minutes or any other communications regarding same concerning the program applications.

*Please produce the responsive ExCom meeting minutes and communications in connection with same. If such documents do not exist, please affirmatively state this.*

### d. HCI Redactions and Privilege Log

#### i. Redactions

As discussed above, in response to RFP No. 10 of Plaintiffs' Third Set of RFPs, HCI produced 24 sets of Executive Committee Meeting minutes. While seven sets of "ExCom Minutes" are listed on HCI's privilege log (addressed in Section 1(d)(ii) below), all 24 ExCom Minutes contain heavy redactions. Such heavy unilateral redaction alone poses concerns.[18] However, here, the concerns

---

[12] *See* HCI028426, indicating approval of meeting minutes from March 2, 2023, meeting.
[13] *See* Authorization Guidelines stating that ExCom Meetings occur at least once per month.
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] As the Southern District of Florida explained in *ADP, LLC v. Ultimate Software Grp., Inc.,* No. 17-CV-61274 (S.D. Fla. Dec. 15, 2017):

> There are numerous issues associated with allowing unilateral redactions of purportedly irrelevant information. Even when implemented with restraint and in good faith, the practice frequently gives rise to suspicion that relevant material harmful to the producing party has been obscured. Often, this practice results in litigation of collateral issues and in camera review of documents. Further, it is a rare document that contains only relevant information, and prohibiting the practice of unilaterally redacting irrelevant information is the only interpretation of Fed. R. Civ. P. 34 that yields just, speedy, and inexpensive determinations of every action and proceeding.

2017 WL 7794226, at *1 (cleaned up).

**MAYER LAW**

📞 352.494.3657   📍 171 Dommerich Dr. Maitland, FL 32751   ✉ Nicole@mayerlawflorida.com

are amplified by the fact that the recently-produced FEI investor reports, which are drafted by the exact same three people who make up the Executive Committee, contain information highly relevant to Plaintiffs' claims regarding advancement, graduation requirements, examinations, and NCLEX preparation and performance. It is difficult to believe that the type of information contained in the investor reports is not also reflected in the ExCom meetings beyond the small excerpts that remain viewable.

*Because of these concerns, we are asking that HCI produce unredacted versions of the Executive Committee meeting minutes. Absent agreement, we will seek them through a motion to compel.*

Pursuant to Court Order No. 133, HCI produced communications with Sachs Media. An email from Defendant Hart to an unidentified person on an unidentified date is fully redacted. This redaction is improper. First, the Court ordered these documents produced. While privileged information can be held back, doing so requires proper assertion of the privilege on a privilege log.

*Please provide an unredacted version of this document or provide a privilege log with enough detail to support a finding that the document is privileged.*

   *ii. Privilege Log*

### A. HCI's Privilege Log in connection with Plaintiffs' Third Set of RFPs

Defendant HCI's Privilege Log to its Responses to Plaintiffs' Third Set of RFPs to HCI lists seven "ExCom Minutes." The information on the privilege log does not support a finding that the withheld documents are privileged.

First, three of the seven documents were created before this lawsuit was ever filed; therefore, it is unclear how information contained therein would be privileged. Second, while the privilege log claims that each withheld documents contains "work product," the ExCom Minutes were clearly not drafted by or for an attorney. Third, Defendant Hart testified that the subjects covered by the ExCom meetings are "largely financial" with some "operating things." Hart Dep. 54:12-55:3 (Aug. 17, 2023). Ryan Miller testified similarly as to the ExCom meetings. Miller also testified that he (a non-attorney) drafts the agendas for the ExCom meetings and is the keeper of the ExCom meeting notes. Miller Dep. Tr. 94:4-16; 99:7-15. Defendant Hart confirmed that Miller takes notes at the ExCom Meetings. Hart Dep. Tr. 41:5-42:1. Additionally, the privilege log does not identify the attorney whose work product is allegedly reflected in the withheld documents, nor does it identify the client to whom such a privilege would belong. Finally, the seventh document listed on the privilege log does not have a Bates Number on it nor does it indicate the identity of the attorney or the client.

*We are requesting unredacted production of the seven withheld documents for the reasons stated above.  Absent agreement, we will seek them through a motion to compel.*

**MAYER LAW**

📞 352.494.3657      📍 171 Dommerich Dr. Maitland, FL 32751      ✉️ Nicole@mayerlawflorida.com

B. <u>HCI's Privilege Log in connection with Court Order No. 133</u>

HCI's privilege log connected to the documents produced in response to Court Order No. 133 lists six pages of documents which were produced but which were heavily redacted. These appear to be 2018 emails between Defendant Hart, Larry Brown, Robert Bonds, and Steve Chema.

The information on the privilege log does not support a finding that the withheld documents are privileged. The documents were created well before the existence of this lawsuit and the documents appear to be discussions regarding a business matter, specifically, HCI's application to the Florida Board of Nursing for a new RN Program. "Non-legal business advice is not privileged" and "mixed purpose communications" reflecting both legal and business considerations are not privileged." *Nat'l Equestrian League v. White*, No. 20-cv-21746, 2021 U.S. Dist. LEXIS 193558, at *17 (S.D. Fla. Oct. 7, 2021) (internal citations omitted). A review of attorney Chema's profile on his law firm website indicates that he "advise[s] career colleges and institutions of higher education on a wide array of compliance issues." Nothing about the privilege log indicates that HCI sought legal advice from Mr. Chema in anticipation of litigation, but rather with respect to every day business issues. Finally, Plaintiffs question whether Mr. Chema is an investor in Florian given that he has been a recipient of communications address to FEI investors. If this is the case, it is even more unlikely that his involvement in the day-to-day business activity of HCI would be considered privileged.

2. <u>**Meet and Confer on FEI's Response to Plaintiffs' Second Set of RFPs**</u>

a. **Potentially Missing Documents**

Thank you for the supplemental production provided on October 8, 2023. Even after the supplemental production, however, certain documents appear to be missing from FEI's production in response to Plaintiffs' Second Set of RFPs. The documents listed below have still not been produced and nothing about the documents produced thus far indicates a reason the missing documents would not have been created and disseminated to investors. We intend to seek these documents from another source, or through court order, absent a conclusive statement that such documents never existed and a description of the search conducted which led to this determination. Based on testimony obtained to date, our understanding is that as far as HCI employees are concerned, investor reports can be found in the email boxes of, at least, Defendant Hart, Pedro DeGuzman, and Ryan Miller.

- 2019 August voicemail transcript (would be dated September 2019)
- 2019 Quarter 3 Investor Report
- 2019 December voicemail transcript
- 2020 January voicemail transcript
- 2020 March voicemail transcript
- 2020 May voicemail transcript
- 2021 January voicemail transcript
- 2021 Quarter 1 Investor Report

# MAYER LAW

📞 352.494.3657      📍 171 Dommerich Dr. Maitland, FL 32751      ✉ Nicole@mayerlawflorida.com

- 2021 July Investor Report
- 2021 July voicemail transcript
- 2022 Quarter 1 Investor Report
- 2023 January voicemail transcript located at FLORIAN000875 – UNREDACTED copy requested (*see* Section 2(c) below)
- 2023 October voicemail transcript
- 2023 November Investor Report
- The "Cover Letter, PDF-HCI College Transforming Lives," Executive Summary, and any documents concerning the virtual Management Presentation on June 2, 2022, as referenced in FLORIAN000846.

### b. Objections

Florian objected to **Request 10**, which asked for "[a]ll profit and loss statements, balance sheets, income statements, and statements of cash flow. For reasons discussed above in reference to in Reference to Request 1 and 2 in Plaintiffs' Third set of RFPs to HCI, this information is relevant to Plaintiffs' claims.

*Please provide these documents as soon as possible to avoid a motion to compel the documents.*

### c. Withheld and Redacted Documents

The January 2023 voicemail transcript located at FLORIAN000875 is redacted. FEI's privilege log indicates that the document discusses the handling of the current lawsuit and advice of counsel. The privilege log does not support a finding that the document is privileged. First, as discussed above, privilege cannot be determined because the privilege log does not identify the attorney who communicated to a client, or who shared work product with a client. Further, neither the privilege log, nor the fully redacted email at FLORIAN000875, indicate the identity of the client.

Regardless of the content of the communication, we are aware of no basis for redacting a document containing communication sent to third-party investors. To the extent the document actually did reflect attorney work-product, and assuming FEI did identify the attorney and the client, the privilege was waived by sharing that work product with third-party investors. *Keim v. ADF Midatlantic, LLC,* No. 12-CV-80577, 2019 WL 2298787, at *3 (S.D. Fla. May 30, 2019) (holding that "whether the emails contained work product was a moot issue, because defendants' counsel 'waived the privilege by sharing his views or questions with [a third-party], an employee of a non-party witness").

Additionally, Defendant FEI's privilege log indicates that it withheld a draft investor report with comments from attorney Steve Chema that Defendant Hart emailed to FEI's accountant and FEI Co-CEO Larry Brown on March 9, 2021. Defendant Hart signed the email in his capacity as Co-Chair of

11

**MAYER LAW**

📞 352.494.3657     📍 171 Dommerich Dr. Maitland, FL 32751     ✉ Nicole@mayerlawflorida.com

HCI College. The email to which the withheld document was attached describes the withheld document as follows: "red and clean off of Steve Chema's comments, added market multiples from Jim Rowan and a few other things." FLORIAN00212. The privilege log does not establish that the document is privileged.

First, while the log asserts attorney-client privilege, it does not identify the client holding the privilege with attorney Chema. While the withheld document is an FEI investor report, the email to which it is attached was authored by Defendant Hart in his capacity as Co-Chair of HCI College as indicated by his signature block. Defendant Hart sent the email from his HCI College email address but CC'd his Hart Capital email address. The email was sent to Larry Brown's HCI College email address and his Gmail address and was also sent to Mike DeCruze, the accounting firm for FEI.

Second, in addition to Mike DeCruze and Larry Brown, attorney Chema's comments in the withheld document appear to have been shared with an individual named "Jim Rowan" whose comments are also in the withheld document. The privilege log does not explain how sharing attorney Chema's comments with Jim Rowan, or Larry Brown and Mike DeCruze, does not constitute a waiver of any existing attorney-client privilege.

Third, "[n]on-legal business advice is not privileged" and "mixed purpose communications" reflecting both legal and business considerations are not privileged." *Nat'l Equestrian League v. White*, No. 20-cv-21746, 2021 U.S. Dist. LEXIS 193558, at *17 (S.D. Fla. Oct. 7, 2021) (internal citations omitted). A review of attorney Chema's profile on his law firm website indicates that he "advise[s] career colleges and institutions of higher education on a wide array of compliance issues." Given that the investor reports were regularly prepared as part of FEI's business, rather than in anticipation of litigation, absent an explanation to the contrary, Mr. Chema's comments to these reports would thus appear to be non-privileged business advice.

Fourth, the title of the withheld document indicates that the draft investor report also contains edits and/or comments from Defendant Hart ("+SH red"). In the unlikely event that Steve Chema's comments constitute legal advice, those comments should simply have been redacted and a copy of the draft investor report with Defendant Hart's edits and comments intact should have been produced.

### 3. <u>Key Word Searches</u>

Pursuant to Court Order No. 133, we previously agreed to specific search terms and custodians for use in HCI's gathering of responsive communications.

*Please advise whether the documents produced to date are a result of the searches using the agreed-upon terms and agreed-upon custodians. If the results of the agreed-upon searches were filtered in any way prior to production, please describe the method used to filter documents.*

12

**MAYER LAW**

📞 352.494.3657      📍 171 Dommerich Dr. Maitland, FL 32751      ✉ Nicole@mayerlawflorida.com

4.  **Further Discussions**

If a call would be helpful to discuss any of the above, please let us know. We can be available as early as Friday to answer any questions you may have about this letter. Given the number of issues addressed herein, the upcoming holidays, pending court deadlines, and our desire to engage in a meaningful meet and confer process, we ask that Defendants provide a final response to our meet and confer efforts by January 4, 2024, and that Defendants agree to extend Plaintiffs' deadlines for moving to compel on the discovery requests discussed herein until January 9, 2024. If Defendants are agreeable to this, we will prepare a motion to this effect.

Sincerely,

*Nicole Mayer*

Nicole Mayer

Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:22-cv-81883- RAR

BRITTANY ROBERSON, REBECCA
FREEMAN, BIANCA VIÑAS, TIFFANY
KING, and TRESHA THOMPSON,
individually and on behalf of others
similarly situated,

      Plaintiffs,

v.

HEALTH CAREER INSTITUTE LLC (dba
HCI COLLEGE LLC and HCI ACQUISITION LLC),
FLORIAN EDUCATION INVESTORS LLC, and
STEVEN W. HART,

      Defendant(s)

**DEFENDANT'S, HEALTH CAREER INSTITUTE'S**
**PRIVILEGE LOG TO ITS RESPONSES PURSUANT TO COURT ORDER [DE 133]**

Defendant, Health Career Institute, ("Defendant"), by and through its attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, provides its privilege log to its responses pursuant to Court Order [DE 133]:

| Bates | Document type | Date | Author | Recipients | Subject matter | Privilege Asserted |
|---|---|---|---|---|---|---|
| HCI023580-83 | Email | August 2, 2018 | Steve Chema | Robert Bonds, Trish Leonard, Larry Brown Steve Hart | Legal advice regarding applying for new program to FBON. | Attorney/client |
| HCI023584-85 | Email | July 27, 2018 | Robert Bonds | Steve Chema, Trish Leonard Larry Brown Steven Hart | Seeking legal advise regarding application to FBON. | Attorney/client |

## CERTIFICATE OF SERVICE

We hereby certify that on this 29th day of November  2023, a true and correct copy of the foregoing was served via email on counsel of record for Plaintiffs.

**KUBICKI DRAPER**
110 East Broward Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
Direct Line: (954) 713-2323
Attorneys for Defendants
MJC-KD@kubickidraper.com
BF-KD@kubickidraper.com

/s/ *Michael J. Carney*
MICHAEL J. CARNEY (FBN 44326)
BARBARA FOX (FBN155608)

2