UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-81883-Ruiz/McCabe

BRITTANY ROBERSON, et al.,

    Plaintiffs,

v.

HEALTH CAREER INSTITUTE LLC, et al.,

    Defendants.
_____/

## ORDER ON DE 157

THIS CAUSE came before the Court on Plaintiffs' Motion to Enforce Order 133 and for Sanctions ("Motion") (DE 157). For the reasons set forth below, the Motion is **DENIED**.

**I.   Background**

This is a putative class action involving a nursing school. Discovery ends on March 29, 2024 (DE 128). On December 19, 2023, Plaintiffs filed a Motion to Certify Class, which is currently pending before the District Judge (DE 141). Approximately two months prior to the class certification motion, on October 27, 2023, this Court entered an order compelling the production of certain documents in response to Plaintiffs' Second Request for Production of Documents ("RFP") served on Defendant Health Career Institute, LLC ("HCI") (DE 133). The Court ordered production to take place within 30 days, so that the parties could make use of the compelled documents as part of the class certification briefing. By way of the instant Motion, Plaintiffs allege that HCI failed to comply with the Court's previous order, and Plaintiffs seek sanctions based on this non-compliance.

**II.    Discussion**

Courts enjoy broad discretion, pursuant to Fed. R. Civ. P. 37(b)(2), to impose sanctions when a litigant fails to comply with a discovery order. The rule provides in pertinent part:

(b) Failure to Comply with a Court Order.

…

(2) *Sanctions Sought in the District Where the Action Is Pending.*

(A) *For Not Obeying a Discovery Order*. If a party ... fails to obey an order to provide or permit discovery ... the court … may issue further just orders. They may include the following:

(i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv)  staying further proceedings until the order is obeyed;
(v)   dismissing the action or proceeding in whole or in part;
(vi)  rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

…

(C) *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2); *see Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (discussing district court's authority to award sanctions under Fed. R. Civ. P. 37(b)(2)).

Here, Plaintiffs complain about (A) missing documents, (B) inadequate email searches, and (C) improper redactions. The Court will address each issue in turn.

2

A.     **Missing Documents**

Plaintiffs first complain that HCI failed to produce the documents compelled in response to RFP 1, RFP 2, and RFP 21 (DE 157 at 4-5).  In response, HCI represents that it has produced all responsive documents in its possession, custody, and control (DE 169 at 3-5).  As another Magistrate Judge in this district has noted, HCI's assertion shifts the burden back to Plaintiffs to prove the assertion is not true:

> A brief aside.  I must note one of my favorite objections.  Here's the scenario: Party A responds to a request for production by saying either (1) it has produced all responsive documents or (2) it doesn't have any within its possession, custody, or control.  Party B objects that additional responsive documents must exist, so Party A's response is inaccurate.  What exactly is the Court supposed to do?  Go to Party A's offices and conduct an independent search?  No.  The proper remedy is for Party B to develop a record through interrogatory or corporate representative deposition of what Party A did to try to identify responsive documents (Where did they look?  Who was involved in the search process?  Etc.).  If Party B then believes Party A has not fully complied with the discovery request, Party B can seek an appropriate remedy on a developed factual record.

Bruce Reinhart, *Best Practices for Discovery in Federal Court*, PALM BEACH COUNTY BAR BULLETIN (March 22, 2021), https://www.palmbeachbar.org/best-practices-for-discovery-in-federal-court/.

Here, Plaintiffs attempted to meet this burden by pointing the Court to certain documents already produced by Defendants as proof that additional documents *must exist* in response to RFP 1, RFP 2, and RFP 21.  In response, HCI pointed to portions of the deposition record as rebuttal (DE 169 at 2-3).  The Court finds the record equivocal as to the existence of further responsive documents.  As such, the Court finds Plaintiffs have not met the burden necessary to impose sanctions on HCI.

3

B.     **Email Search**

As part of the order at docket entry 133, the Court ordered production of certain emails. The Court further ordered the parties to reach an agreement on search terms and custodians for an email search. The parties reached an agreement on search parameters, but Plaintiffs complain that HCI's counsel has never confirmed that HCI actually performed the email search as ordered by the Court (DE 157 at 5). Plaintiffs also complain that HCI produced so few emails that they doubt any search was performed (DE 157 at 5).

During the January 30 hearing on this Motion, defense counsel explained that at least two searches were performed in response to the Court's previous order. HCI performed at least one search using its own staff. Next, in an abundance of caution, HCI's counsel performed another search, using the law firm's IT personnel. On the day before the hearing on this Motion, HCI produced approximately 3,000 emails, which defense counsel represented to be mostly duplicates of emails previously produced. HCI maintains that the January 29 production demonstrates its good faith efforts to comply with the Court's discovery Order.

Plaintiffs argue the opposite, namely, that the January 29 production proves that HCI acted in bad faith. At the time of the hearing, Plaintiff's counsel had not yet had time to review all of the emails to make an evaluation as to how many were "re-produced" and how many were "never previously produced." To the extent any emails fall into the latter category, HCI's late disclosure has deprived Plaintiffs of the opportunity to use those emails as part of the class certification motion.

The Court declines to wade through the January 29 production to determine how many emails fall into the "never previously produced" category. Likewise, the Court declines to impose monetary sanctions at this time. Instead, the Court will impose two remedial measures. First, the

4

undersigned will recommend that the District Judge allow Plaintiffs to supplement their pending class certification motion with any new discovery produced since the filing date of that motion. The undersigned makes this recommendation to avoid prejudice to Plaintiffs stemming from HCI's late disclosure.

Second, the Court orders defense counsel to personally supervise all future searches for, and production of, electronically stored information from any of their clients in this case. *See EEOC v. M1 5100 Corp.*, No. 19-CV-81320, 2020 WL 3581372, at *2 (S.D. Fla. July 2, 2020) (noting that "an attorney has a duty and obligation to have knowledge of, supervise, or counsel the client's discovery search, collection, and production"). To the extent future ESI discovery issues arise, the Court will consider appropriate sanctions (against clients and counsel) including monetary sanctions, mandatory re-running of ESI searches by an independent vendor, and/or requiring the clients to sit for Rule 30(b)(6) depositions as to the ESI searches performed. *See Hilton v. Brooks Cnty. Sch. Dist.*, No. 7:20-CV-227 (HL), 2022 WL 4657701, at *5 (M.D. Ga. Sept. 30, 2022) (ordering defendant to retain an ESI vendor to perform search when defendant's own search was inadequate); *StoreWorks Techs., Ltd. v. Aurus, Inc.*, No. 19-CV-1527(HB), 2020 WL 12442099, at *3 (D. Minn. Dec. 23, 2020) (warning that any significant deficiencies in the production of documents may result in requiring a "Rule 30(b)(6) witness [to testify] on the subject of how and where it conducted its search for potentially responsive documents, and/or the possibility of having an e-discovery vendor … rerun all searches").

### C.   Redactions

Plaintiffs next complain that HCI improperly redacted two documents. As set forth below, the Court finds both redactions to be proper, not warranting sanctions.

As to the first document, Plaintiffs complain that HCI produced communications with Sachs Media in response to RFP 43, but that HCI improperly redacted portions of an email from Defendant Hart to an unidentified person on an unidentified date, without logging the redaction as required by Local Rule 26.1(e)(2)(c) (DE 157 at 4). During the hearing on this Motion, defense counsel explained that the redaction consisted of emails to counsel that post-date the filing of this litigation. Local Rule 26.1(e)(2)(c) does not require parties to log "written and oral communications between a party and its counsel after commencement of the action…." The Court has reviewed the documents in camera and finds the redaction to be proper.

Next, Plaintiffs complain about six pages of documents listed on HCI's privilege log as HCI023580-83 and HCI023584-85 (DE 157-1). Plaintiffs argue the information set forth in the privilege log does not support a claim of attorney/client privilege. The Court has reviewed the documents in camera and finds them to be attorney-client privileged communications with attorney Stephen Chema of Gombos Leyton, PC. No sanction should be issued for a valid claim of privilege.

### III. Conclusion

For all of the above reasons, the Court **ORDERS** as follows:

1. The Motion (DE 157) is **DENIED.**
2. The undersigned recommends that the District Judge allow Plaintiffs to supplement their pending Motion to Certify Class (DE 141) with any new discovery produced by Defendants since the filing date of that motion, if necessary.
3. The Court orders defense counsel to personally supervise all future searches for, and production of, electronically stored information from any of their clients in this case.

4.  The Court declines to shift attorneys' fees or award payment of expenses pursuant to Fed. R. Civ. P. 37(a) or (b), as the Court finds the parties were substantially justified in taking some of their respective positions in this dispute and that the circumstances here would make an award of expenses to either side unjust.

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 1st day of February 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE