UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-81883-Ruiz/McCabe

BRITTANY ROBERSON, et al.,

    Plaintiffs,

v.

HEALTH CAREER INSTITUTE LLC,
et al.,

    Defendants.
_____/

## ORDER ON DE 156

THIS CAUSE came before the Court on Plaintiffs' Motion to Compel Production of Documents ("Motion") (DE 156).  For the reasons set forth below, the Motion is **GRANTED IN PART and DENIED IN PART**.

### Background

This is a putative class action against a nursing school.  In November 2023, Plaintiffs propounded a Third Request for Production of Documents ("RFP") on Defendant Health Career Institute, LLC ("HCI") and a Second RFP on Defendant Florian Education Investors, LLC ("FEI").  HCI and FEI objected to many of the requests (DE 170-1), prompting a period of negotiation to resolve the objections.  This Motion followed, presenting discovery disputes the parties could not resolve.[1]  The Court uses the following abbreviations below:

---

[1] During the discovery hearing on this Motion, the Court also heard argument on certain RFPs that were not specifically raised in the Motion.  For efficiency, the Court rules on the objections without the need for additional motion practice.

| | | | |
|---|---|---|---|
| OB | overly broad | P | proportionality |
| V | vague | R | relevance |
| A | ambiguous | | |

### HCI Discovery

The Court issues the following rulings as to the RFP issued to HCI:

| # | Description[2] | Obj. | Ruling |
|---|---|---|---|
| 1 | P&L statements, balance sheets, etc. | OB, V, A, P, R | All objections overruled.<br><br>As to OB, V and A, the RFP seeks discrete docs using terms of art familiar to any financial or accounting professional.<br><br>As to R, the RFP seeks docs relevant to the issue of control, a necessary element of the case. *See* DE 136 at 4, DE 155.  Financial overlap and interrelatedness between the Defendants tend to prove control or lack thereof.<br><br>As to P, HCI has not made a showing necessary to support this objection.<br><br>HCI shall produce responsive docs. |
| 2 | Docs re: audits, etc. | OB, V, A, P, R | Sustained as to R and OB.<br><br>The Court finds audits not relevant to the issue of control.  The Court rejects, as tenuous, Plaintiffs' argument that audits might show financial hardship and hence motivation to commit the scheme alleged. |
| 4 | Monthly operation reports, etc. | OB, V, A, P | All objections overruled.<br><br>HCI shall produce the responsive docs in native format as agreed in open court. |

---

[2] For the sake of brevity, this column sets forth a shorthand description of each RFP, rather than a verbatim copy of the complete text.  The parties should not interpret these shorthand descriptions to have any substantive impact or limitation on the Court's holdings.

| | | | |
|---|---|---|---|
| 5 | Communications re: investor newsletters, reports, presentations, etc. | OB, V, A, P, R | Overruled as to V, A, P, and R.<br><br>As to R, the Court finds these items relevant to the control and accreditation issues framed by the pleadings.<br><br>Sustained in part as to OB.  HCI shall produce newsletters, reports and presentations made or delivered to investors, but need not produce the underlying communications re: these items or docs re: the preparation of these items. |
| 6 | External audits/reviews of HCI's enrollment processes, etc. | OB, V, A | All objections overruled.<br><br>HCI shall provide Bates numbers as agreed in open court. |
| 7 | Internal audits/review of HCI's enrollment process, etc. | OB, V, A | All objections overruled.<br><br>HCI shall produce the responsive docs in native format as agreed in open court. |
| 8 | Notes re: "New" RN Program, etc. | None | HCI represents that all responsive docs have been produced. |
| 9 | Notes re: Choice of Exit Exam, etc. | None | HCI represents that all responsive docs have been produced. |
| 10 | Notes from ExCom Meetings re: advancement and graduation requirements, etc. | None | Motion granted.  This ruling will be more thoroughly discussed below. |
| 12 | Undercover reviews or reports between employees and consumers, etc. | OB, V, A | All objections overruled.<br><br>HCI shall provide Bates numbers as agreed in open court. |
| 13 | The "written processes" re: curriculum referred to in Alicia Dennis deposition, etc. | OB, V, A | Overruled as to V and A.<br><br>Sustained in part as to OB. |

3

| | | | HCI shall consult with witness Alicia Dennis, find out what she meant by "written processes," and then produce the "written processes" to Plaintiffs.<br><br>HCI need not produce all communications re: the "written processes," as the Court finds this to be OB.<br><br>If the witness retracts her previous testimony, the Court may require her to sit for another deposition at HCI expense. |
|---|---|---|---|
| 14 | The "written processes" re: student advancement referred to in Alicia Dennis deposition, etc. | OB, V, A | Overruled as to V and A.<br><br>Sustained in part as to OB.<br><br>HCI shall consult with witness Alicia Dennis, find out what she meant by "written processes," and then produce the "written processes" to Plaintiffs.<br><br>HCI need not produce all communications re: the "written processes," as the Court finds this to be OB.<br><br>If the witness retracts her previous testimony, the Court may require her to sit for another deposition at HCI expense. |
| 15 | Docs re: Tatsiana Tuchinsky/EduCompliance | OB, V, A, R | Overruled as to V, A, and R.<br><br>As to R, the Court finds these docs relevant to the accreditation and nursing program issues framed by the pleadings.<br><br>Sustained in part as to OB.<br><br>HCI shall produce agreements for services, communications regarding services, and any reports generated pursuant to agreements for services.  HCI need not produce further docs. |
| 17 | Docs re: Equity Appreciation Rights Plan, etc. | OB, V, A, R, P | Sustained as to R<br><br>The Court rejects, as tenuous, Plaintiffs' argument that employee or officer stock rights might show motivation to commit the scheme alleged. |

| | | | |
|---|---|---|---|
| 18 a-c | Docs re: Sachs Media, etc. | OB, V, A, R, P | Overruled as to OB, V, A, and P.<br><br>Sustained in part as to R.<br><br>The Court previously ordered, as part of DE 133, production of certain responsive communications with Sachs Media.  The Court rejects, as tenuous and far afield, the additional requests, with one exception:<br><br>HCI shall produce docs that explain how HCI calculated the press release statement that "at least 300 graduates … have passed the National Council Licensure Examination" as set forth in RFP 18c. |
| 24 | Invoices, contracts, communications re: advertising/marketing companies, etc. | OB, V, A, R | Overruled as to OB, V, and A.<br><br>Sustained in part as to R.  The Court finds this RFP relevant to the racial targeting claims set forth in Counts 8 and 9, but the Court finds the request for invoices to be irrelevant.  HCI shall produce responsive docs apart from invoices. |
| 25 | Work Produced by SEM, Heart Globe, and similar companies to market HCI, etc. | OB, V, A, R | Sustained as to OB, V, and A.<br><br>The Court finds the term "work produced" to be confusing, potentially encompassing broad categories of overly broad and irrelevant docs. |
| 26 | Contracts & communications with Facebook, Google, or other marketing services | OB, V, A, R | All objections overruled.<br><br>As to R, the Court finds this RFP relevant to the racial targeting claims set forth in Counts 8 and 9.<br><br>HCI shall produce responsive docs. |
| 27 | Docs re: instructors of core nursing courses | OB, V, A, | Motion denied.<br><br>HCI represents that all responsive docs have been produced. |
| 28 | Docs re: payments | OB, V, A, R | Sustained as to V and A. |

|  |  |  | The Court finds the RFP to be grammatically confusing and unclear as to the docs requested. |
|---|---|---|---|

**RFP 10 to HCI: Privilege Claims & Redacted Documents**

In response to RFP 10, HCI produced heavily redacted ExCom meeting minutes.  HCI claims to have redacted material that was either (a) not relevant or (b) privileged as work product and/or attorney-client communication (DE 170 at 4-5).

As to category (a), parties cannot redact portions of otherwise discoverable documents based on unilateral determinations of relevance.  *See ADP, LLC v. Ultimate Software Group, Inc*., No. 17-CV-61274, 2017 WL 7794226, at *1 (S.D. Fla. Dec. 15, 2017) ("[P]rohibiting the practice of unilaterally redacting irrelevant information is the only interpretation of Fed. R. Civ. P. 34 that yields just, speedy, and inexpensive determinations of every action and proceeding" as required by Rule 1) (cleaned up).  As such, HCI shall remove all redactions that do not correspond to a claim of privilege, logged on a privilege log in accordance with the Local Rules.  To mitigate concerns surrounding the disclosure of sensitive information in discovery, the parties may designate documents as confidential pursuant to their Confidentiality Stipulation (DE 71).  *See Lebbin-Spector Family Tr. by & through Lebbin v. Transamerica Life Ins. Co.*, No. 18-CV-80558, 2019 WL 13211445, at *2 (S.D. Fla. Aug. 13, 2019) (rejecting the unilateral redaction of irrelevant information and ordering production of unredacted documents subject to the parties' stipulated protective order governing discovery).

As to category (b), the Court performed an in-camera review of all portions of the ExCom meeting minutes logged on HCI's privilege log.  The Court finds all claims of privilege to be valid, proper, and not waived.  The ExCom meeting minutes include discussion, among HCI company

executives and officers, of legal advice rendered to the company by HCI's counsel. Corporate employees do not waive the attorney-client privilege by discussing privileged communications with other employees "who, because of the corporate structure, need to know" the privileged content. *Southern Bell Tel. & Tel. Co. v. Deason*, 632 So.2d 1377, 1383 (Fla. 1994); *see also Burrow v. Forjas Taurus S.A.*, 334 F. Supp. 3d 1222, 1235–36 (S.D. Fla. 2018) (discussing and collecting cases for the proposition that corporate employees can discuss privileged information even without the presence of the corporation's counsel without waiving the privilege); *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 442 (S.D.N.Y. 1995) (noting that, where federal law governs privilege, "the privilege protects from disclosure communications among corporate employees that reflect advice rendered by counsel to the corporation").

**FEI Discovery**

The Court issues the following rulings as to the RFP issued to FEI:

| 1 | Investor newsletters & report, etc. | OB, V, A, P, R | Overruled as to V, A, P, and R.<br><br>As to R, the Court finds these items relevant to the control and accreditation issues framed by the pleadings.<br><br>Sustained in part as to OB. FEI shall produce newsletters but need not produce drafts or communications re: newsletters. |
|---|---|---|---|
| 2 | Docs re: FEI investor presentations | OB, V, A, P, R | Overruled as to V, A, P, and R.<br><br>As to R, the Court finds these items relevant to the control and accreditation issues framed by the pleadings.<br><br>Sustained in part as to OB. HCI shall produce investor presentations but need not produce drafts, communications, etc. |

| | | | |
|---|---|---|---|
| 9 | Docs re: FEI involvement in HCI tax returns. | OB, V, A, P, R | Overruled as to V, A, P, and R.<br><br>As to R, the Court finds these items relevant to control, a necessary element of the case. *See* DE 136 at 4, DE 155. Financial overlap and interrelatedness between the Defendants tend to prove or disprove ability to control.<br><br>Sustained in part as to OB. FEI shall produce FEI's and HCI's tax returns during the requested periods including all schedules. FEI need not produce other docs requested by this RFP. |
| 10 | P&L statements, balance sheets, etc. | OB, V, A, P, R | All objections overruled.<br><br>As to OB, V and A, the RFP seeks discrete docs using terms of art familiar to any financial or accounting professional.<br><br>As to R, the RFP seeks docs relevant to the issue of control, a necessary element of the case. *See* DE 136 at 4, DE 155. Financial overlap and interrelatedness between the Defendants tend to prove or disprove ability to control.<br><br>As to P, HCI has not made a showing necessary to support this objection. |
| 11 | Docs re: audits | OB, V, A, P, R | Sustained as to R and OB.<br><br>The Court finds audits not relevant to the issue of control. The Court rejects, as tenuous, Plaintiffs' argument that audits might show financial hardship and hence motivation to commit the scheme alleged. |

**Conclusion**

For all of the above reasons, the Court **ORDERS** as follows:

1. The Motion (DE 156) is **GRANTED IN PART and DENIED IN PART** as set forth above.

2. Any documents ordered to be produced by way of this Order shall be produced within 30 days of the date of this Order, unless the parties agree otherwise.

3. The parties may designate documents as confidential pursuant to their Confidentiality Stipulation (DE 71). However, the mere fact that parties designate materials as confidential under a private agreement does not alter the parties' burdens under Local Rule 5.4 governing the filing of sealed materials. Confidential treatment for purposes of discovery may not be sufficient to overcome the presumption of public access to judicial proceedings. As such, if either party seeks approval to submit a document under seal, such party must comply with Local Rule 5.4. The Confidentiality Stipulation binds the parties, not the Court, and good cause must still be shown before a filing is sealed.

4. To the extent HCI claims privilege over any of the documents ordered to be produced by way of this Order, HCI shall file a privilege log in accordance with the Local Rules. The parties may not redact documents without recording their redactions on a privilege log in compliance with the Local Rules. In other words, parties may not redact portions of documents merely because they believe those portions to be non-responsive or irrelevant. All redactions must be logged.

5. To the extent any documents ordered to be produced by way of this Order include emails, the parties shall reach an agreement on search terms and custodians within one week of

the date of this Order. If no agreement can be reached, the parties shall present the issue to the Court immediately.

6.	The Court declines to shift attorneys' fees or award payment of expenses pursuant to Fed. R. Civ. P. 37(a), as the Court finds the parties were substantially justified in taking some of their respective positions in this dispute and that the circumstances here would make an award of expenses to either side unjust.

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 5th day of February 2024.

_____
RYON M. MCCABE
U.S. MAGISTRATE JUDGE