UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

| | |
|---|---|
| BRITTANY ROBERSON, REBECCA FREEMAN, BIANCA VIÑAS, TIFFANY KING, and TRESHA THOMPSON, individually and on behalf of others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>HEALTH CAREER INSTITUTE LLC (dba HCI COLLEGE LLC and HCI ACQUISITION LLC), FLORIAN EDUCATION INVESTORS LLC, and STEVEN W. HART,<br><br>*Defendants*. | Civil Action No. 9:22-cv-81883-RAR<br><br>District Judge: Rodolfo A. Ruiz, II<br>Magistrate Judge: Ryon M. McCabe |

**JOINT MOTION TO CLARIFY AND CORRECT OR AMEND SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b), Plaintiffs Brittany Roberson, Rebecca Freeman, Bianca Viñas, Tiffany King, and Tresha Thompson ("Plaintiffs") and Defendants Health Career Institute LLC (dba HCI College LLC and HCI Acquisition LLC), Florian Education Investors LLC, and Steven W. Hart ("Hart") jointly move this Court to clarify and correct or amend the deadlines set by an Order of this Court entered on February 2, 2024. Good cause exists to clarify and correct or amend the scheduling order.

1. On February 1, 2024, this Court held a Joint Status Conference. During the Conference, the Court announced that it planned to deny Plaintiffs' Motion for Class Certification (ECF Nos. 141, 142) without prejudice and with leave to refile within 30 days. The Court explained that its intent was to permit Plaintiffs to redefine a subclass, if necessary, and to incorporate new

1

evidence that had been produced just prior to, and that would be produced following, a hearing held by Magistrate Judge McCabe on two discovery motions (ECF Nos. 156, 157). At the close of the Conference, Plaintiffs' counsel asked whether Plaintiffs would have sufficient time to review all documents ordered to be produced following the discovery hearing. The Court clarified that the 30-day deadline would run from the date of production set by Judge McCabe.

2. Later on February 1, Judge McCabe entered an Order denying ECF No. 157, Plaintiffs' Motion to Enforce Order 133 and for Sanctions. ECF No. 185. The following day, this Court entered an Amended Scheduling Order, setting the deadline for Plaintiffs' Motion for Class Certification for March 4, 2024. ECF No. 186.

3. On February 5, 2024, Judge McCabe entered an Order granting in part and denying in part ECF No. 156, Plaintiffs' Motion to Compel Production of Documents ("MTC"). ECF No. 189 ("Order). The Order gave Defendants until March 6, 2024, to produce a wide range of documents sought by Plaintiffs in their Third Requests for Production to Defendant HCI and their Second Requests for Production to Defendant FEI. *Id.*

4. To benefit from Judge McCabe's Order, and to realize the goal of this Court's modifications to the scheduling order, Plaintiffs will need time to review the documents produced pursuant to the Order before they file their Motion for Class Certification.

5. As a result, the Parties ask the Court to correct or amend the briefing deadline for the Motion for Class Certification as follows:

| Current Deadline | Proposed Deadline |
| --- | --- |
| March 4, 2024, Plaintiffs' Motion for Class Certification | April 5, 2024, Plaintiffs' Motion for Class Certification |
| 20 days later, Defendants' Response | 20 days later, Defendants' Response |
| 14 days later, Plaintiffs' Reply | 14 days later, Plaintiffs' Reply |

To the extent that this correction or amendment affects the deadlines for mediation, the Parties ask the Court to make all necessary adjustments.

6. The Amended Scheduling Order stated that "[a]ll other deadlines set in the Court's previous Scheduling Orders, [ECF Nos. 111, 128], are hereby TERMINATED pending the adjudication of Plaintiffs' forthcoming Motion for Certification of a Rule 23 Class." ECF No. 186 at 2. The Parties ask the Court to clarify whether this means that no fact discovery deadline is currently set in this matter, or whether the Parties should proceed with the understanding that the current deadline remains in effect.

7. Finally, to obviate the need for future motions, the Parties also ask the Court to include in its Order a provision granting the Parties the same page limits that applied to their previous briefs: 35 pages for Plaintiffs' Motion, *see* ECF No. 138; 30 pages for Defendants' Response, *see* ECF No. 153; and 15 pages for Plaintiffs' Reply, *see* ECF No. 173.

**Dated**: February 7, 2024

Respectfully submitted,

*/s/ Jennifer Thelusma*
JENNIFER THELUSMA
Florida Bar No. 1019776
jthelusma@ppsl.org
REBECCA EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
VICTORIA ROYTENBERG (*pro hac vice*)
vroytenberg@ppsl.org
Project on Predatory Student Lending
769 Centre Street, Suite 166
Jamaica Plain, MA 02130
(617) 322-2843

NICOLE MAYER
Florida Bar No. 012035
Nicole@MayerLawFlorida.com
Mayer Law
171 Dommerich Drive

Maitland, Florida 32751
(352) 494-3657
***Attorneys for Plaintiffs***

/s/ Michael J. Carney
MICHAEL J. CARNEY
Florida Bar No. 44326
MJC-KD@kubickidraper.com
BARBARA FOX
Florida Bar No. 155608
BF-KD@kubickidraper.com
KUBICKI DRAPER
110 East Broward Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301
(954) 713-2323

***Attorneys for Defendants***