UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

| | |
|---|---|
| BRITTANY ROBERSON, REBECCA FREEMAN, BIANCA VIÑAS, TIFFANY KING, and TRESHA THOMPSON, individually and on behalf of others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>HEALTH CAREER INSTITUTE LLC (dba HCI COLLEGE LLC and HCI ACQUISITION LLC), FLORIAN EDUCATION INVESTORS LLC, and STEVEN W. HART,<br><br>*Defendants*. | Civil Action No. 9:22-cv-81883-RAR<br><br>District Judge: Rodolfo A. Ruiz, II<br>Magistrate Judge: Ryon M. McCabe |

**PLAINTIFFS' NOTICE OF FILING OF SUPPLEMENTAL INFORMATION REQUESTED BY THE COURT IN THE JULY 30 HEARING**

1. The Court requested the exhibit numbers of all CIE Forms 609a. As an initial matter, Plaintiffs note that Fla. Admin. Code R. 6E-1.0032(11) requires: "Prior to the initial enrollment or reentry of students into programs for the prelicensure education of professional or practical nurses, certified nursing assistant training programs, or any combination of such programs, **an institution shall provide to each student each applicable disclosure form completed by the institution**. The disclosure must be signed and dated by the prospective student and a school official, with a copy to be maintained in the student's file. **Passage rates for first time test takers and probationary status of the program shall be provided for the most recent calendar year**

1

by the Board of Nursing. (emphasis added). Relevant forms appear in the record as follows:

- Plaintiffs' Exhibit 41 (Tiffany King, signed January 2020, with 2018 numbers omitting graduates of "old" program operating under NCLEX code 70755, ECF No. 203-2, at 879);

- Plaintiffs' Exhibit 42 (Rebecca Freeman, signed September 2020, with 2018 numbers omitting graduates of "old" program operating under NCLEX code 70755, ECF No. 203-2, at 881);

- Plaintiffs' Exhibit 43 (Brittany Roberson, signed May 2020, with 2018 numbers omitting graduates of "old" program operating under NCLEX code 70755, ECF No. 203-2, at 883);

- Plaintiffs' Exhibit 44 (Bianca Viñas, signed January 2021, with 2018 numbers omitting graduates of "old" program operating under NCLEX code 70755, ECF No. 203-2, at 885);

- Plaintiffs' Exhibit 46 (blank form with 2020 numbers omitting graduates of "old" program operating under NCLEX code 70755, ECF No. 203-2, at 889).

2. The Court requested the exhibit numbers of all operative enrollment agreements. The blank enrollment agreement, revised January 27, 2020, is Plaintiffs' Exhibit 52 (ECF No. 203-2, at 901-06). The only signed enrollment agreements that Plaintiffs are in possession of are those signed by the Named Plaintiffs, which appear in the record as follows:

- Defendants' Exhibit P (enrollment agreements signed by Britany Roberson and Tiffany King, ECF No. 211-16); and

- Defendants' Exhibit Q (enrollment agreements signed by Bianca Viñas, Rebecca Freeman, and Tresha Thompson, ECF No. 211-17).

3. The Court requested the exhibit numbers of all operative college catalogs. As an initial matter, Plaintiffs note that Fla. Admin. Code R. 6E-1.0032(6) requires: "Each prospective student

2

shall be provided a written copy, or shall have access to an electronic copy, of the institution's catalog prior to enrollment or the collection of any tuition, fees or other charges." Operative college catalogs appear in the record as follows:

- Plaintiffs' Exhibit 14 (2019 Catalog, ECF No. 203-2, at 95-192);
- Plaintiffs' Exhibit 39 (2020 Catalog, ECF No. 203-2, at 623-728);
- Plaintiffs' Exhibit 40 (2021 Catalog, ECF No. 203-2, at 730-877);
- Defendants' Exhibit R (2022-2023 Catalog, ECF No. 211-18).

Additional college catalogs are available online:

- https://www.hci.edu/wp-content/uploads/2023/02/HCI-College-Catalog-2023-Version-VI.pdf (2023-2024 Catalog); and
- https://www.hci.edu/wp-content/uploads/2024/01/HCI-Student-Catalog-2024-Volume-VII-Revised-Jan-12-2024.pdf (2024-2025 Catalog).

Relevant changes among these catalogs are summarized in the chart attached hereto as **Exhibit 1**.

4. There was a dispute as to the contents of an exhibit relating to observations made by ACCSC, HCI's institutional accreditor, regarding inconsistencies in HCI's advancement and graduation requirements. That document, Plaintiffs' Exhibit 77, reads: "The Commission found that the school [HCI] has yet to demonstrate that graduation requirements are stated accurately or consistently in both the catalog and enrollment agreement."

5. Plaintiffs noted that ACEN, the accreditor from which HCI has sought programmatic accreditation, found that HCI lacked certain required clinical affiliations. That finding, which supports a class-wide determination that HCI's clinical relationships were inadequate, is in the record at Plaintiffs' Exhibit 13 at 10 (ECF No. 203-2, at 82).

6. The Court observed that Plaintiffs' Exhibit 55 did not contain the information cited on page 20 of the Renewed Motion for Class Certification, relating to student retail installment contract balances. Plaintiffs intended to cite Defendants' supplementary response to Interrogatory 19, which is attached hereto as **Exhibit 2**.[1]

7. Defendants objected to Plaintiffs' Exhibit 15, an archived version of HCI's website stating that the RN Program "is designed to provide educational and clinical experiences preparing students for employment positions as a Registered Nurse (RN)." ECF No. 203-2 at 195. As Plaintiffs stated during the hearing, this representation is still on HCI's website. *See* https://www.hci.edu/programs/associate-degree-in-nursing.

8. Finally, in response to several questions during the class certification hearing, Plaintiffs cited *Carriuolo v. General Motors,* 823 F.3d 977 (11th Cir. 2016), in which the Eleventh Circuit affirmed the district court's order granting certification of a FDUTPA class. The district court's order granting certification in that case is attached for the Court's review as **Exhibit 3**.

Dated:      August 1, 2024

                    Respectfully submitted,

*/s/ Jennifer Thelusma*
JENNIFER THELUSMA
Florida Bar No. 1019776
jthelusma@ppsl.org
REBECCA EISENBREY (*pro hac vice*)
reisenbrey@ppsl.org
VICTORIA ROYTENBERG (*pro hac vice*)
vroytenberg@ppsl.org
**Project on Predatory Student Lending**

---

[1] In their Joint Notice of Advisement Regarding Class Certification Hearing, filed on July 22, the Parties agreed that the Court may consider "the full interrogatory responses of interrogatories referenced in the class certification briefs." ECF No. 232 at 2.

769 Centre Street, Suite 166
Jamaica Plain, MA 02130
(617) 322-2843

NICOLE MAYER
Florida Bar No. 012035
Nicole@MayerLawFlorida.com
**Mayer Law**
171 Dommerich Drive
Maitland, Florida 32751
(352) 494-3657

*Attorneys for Plaintiffs*